IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, | No. 2:14-CV-2234-GEB-CMK |
|     Plaintiff, | |
|     vs. | FINDINGS AND RECOMMENDATIONS |
| WAL-MART STORES, INC., et al., | |
|     Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Plaintiff, who is proceeding pro se, brings this action for patent infringement and related claims. The case proceeds on the first amended complaint (Doc. 16), filed as of right on March 27, 2015, in response to defendants' motion to dismiss the original complaint. Now pending before the court is defendants' motion to dismiss (Doc. 24) the first amended complaint.[1]

/ / /

/ / /

---

[1] Also before the court is plaintiff's motion (Doc. 33) for leave to file additional briefing. According to plaintiff, additional briefing is necessary to: (1) address defendants' motion in light of the withdrawal of their request for judicial notice; and (2) address issues raised for the first time in defendants' reply brief.

1

## I. BACKGROUND

Plaintiff alleges that she patented the "Stiles Razor" which is unique as the only personal styling razor with a 1/8" blade and ergonomic handle allowing for safe and precise shaving. She also alleges that defendant Wal-Mart Stores, Inc. ("Wal-Mart"), markets through its stores a competing brand of personal razor called the "Salon Perfect," which is manufactured for Wal-Mart by defendant American International Industries, Inc. ("AII"). According to plaintiff, defendants entered into "an unlawful agreement to copy the Stiles Razor, and to manufacture, offer for sale, and sell infringing knock-offs under the Salon Perfect brand. . . ."

Plaintiff asserts that she is the owner of a United States patent designated "No. D542,468," as well as a United States patent pending designated "No. 11/775,688," both related to the Stiles Razor. More specifically, plaintiff claims that United States Design Patent No. D542,468 (referred to as "the '468 patent") was issued on May 8, 2007. Plaintiff attaches a copy of the '468 patent as Exhibit A to the first amended complaint. She also alleges that she owns foreign patents related to the Stiles Razor in Brazil, Mexico, Europe, and Canada.

Plaintiff alleges seven claims as follows:

| | | |
|---|---|---|
| | First Claim | Patent Infringement |
| | Second Claim | Trade Dress Infringement |
| | Third Claim | False Advertising/Association |
| | Fourth Claim | Violations of the Sherman and Clayton Acts |
| | Fifth Claim | Violation of the Cartwright Antitrust Act |
| | Sixth Claim | Intentional Interference with Prospective Economic Advantage |
| | Seventh Claim | Unfair Competition |

The Fifth, Sixth, and Seventh Claims are based on alleged violations of California statutory and common law.

/ / /

...

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

1      In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

      Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

      Defendants argue: (1) the court should decline to exercise supplemental jurisdiction to the extent plaintiff claims infringement of foreign patents in the First Claim; (2) plaintiff fails to state a claim for trade dress infringement in the Second Claim; (3) plaintiff fails to state a claim for false association/advertising in the Third Claim; (4) plaintiff fails to state a claim for violations of the Sherman or Clayton Acts in the Fourth Claim; (5) the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims in the Fifth and Sixth Claims; and (6) plaintiff's claim for unfair competition under California law in the Seventh Claim must be dismissed because it is preempted by federal patent law, and because it is based on plaintiff's other federal claims which are defective.

/ / /

/ / /

/ / /

A. **Federal Claims**

1. **Patent Infringement (First Claim)**

Defendants argue that it is unclear from plaintiff's allegations whether she is asserting infringement of foreign patents and, to the extent she is, such claims should be dismissed for lack of jurisdiction pursuant to Voda v. Cordis Corp., 476 F.3d 887 (Fed. Cir. 2007). The first amended complaint, however, is clear that plaintiff's patent infringement claim is limited to the '468 patent. Specifically, in plaintiff's First Claim for Relief, she references only Exhibit A, which is the '468 patent, and nowhere mentions any other patents, domestic or foreign. Additionally, plaintiff states in her opposition to defendants' motion that her First Claim is limited to the '468 patent.

2. **Trade Dress Infringement (Second Claim)**

In the first amended complaint, plaintiff alleges the following facts as to trade dress infringement:

> 63. The distinctive trade dress of the Stiles Razor Product includes, but is not limited to a razor with a tube shaped body with the razor blade on top, a grip in the center of the handle, packaging with each product individually viewable encased in clear plastic, and similar colorations and decorations of the product, including the Stiles' signature pink-colored razor.
>
> 64. The Stiles Razor Trade Dress is not functional and is not essential to the use or purpose of the Stiles Razor product and it does not affect the cost or quality of the product. The Stiles Razor Trade Dress is not essential to the use or purpose of the Stiles Razor product. Stiles' use of the Stiles Razor Trade Dress does not put its competitors at a significant non-reputational-related disadvantage.

At the outset, defendants are correct that plaintiff's allegations (except as to packaging/color, discussed next) describe a generic shape, i.e, a razor, and as such, the trade dress claim is insufficient. See Glassybaby LLC v. Provide Gifts, Inc., 2001 WL 4571876 (W.D. Wa. 2011). With respect to packaging/color, defendants also persuasively argue that plaintiff's trade dress claim is insufficient because plaintiff does not allege any facts showing that her design has acquired secondary meaning in the market place. See Qaultex Co. v. Jacobson

1  Products Co., Inc., 514 U.S. 159 (1995); Wal-Mart Stores, Inc. v. Samara Brothers, Inc., 529

2  U.S. 205 (2000).  Finally, as defendants note, plaintiff's conclusory statement at ¶ 64 of the first

3  amended complaint that her trade dress is not functional is inconsistent with her description of

4  ¶ 63 of functional features, which are not capable of trade dress protection.  See TrafFix Devices,

5  Inc. v. Marketing Display, Inc., 532 U.S. 23 (2001).

6        Because it is possible that these defects might be cured through amendment,

7  plaintiff should be provided an opportunity to amend her trade dress claim.

8        **3.    False Advertising/Association (Third Claim)**

9        Plaintiff alleges the following as to false association/advertising:

> 69.    Defendants misleadingly advertise the Salon Perfect Micro Razor on the Walmart.com website.  When a search is conducted on the Walmart.com website for "Stiles Razor," the "Salon Perfect Micro Razor" shows up in the search results.  In addition, the Stiles Razor remains listed on the Walmart.com website and is listed as "out of stock."  This advertising is both false and misleading because it leads a consumer to believe that Walmart will replenish the supply of the Stiles Razor, when in fact it terminated Stiles contract in bad faith and then illegally copies her patented product.

15        Under Section 43(a) of the Lanham Act, liability may be based on false

16  association through the wrongful use of another's distinctive word, term, name, symbol, or

17  device, as well as false advertising concerning the qualities of goods or services.  See Waits v.

18  Frito-Lay, Inc., 978 F.2d 1093 (9th Cir. 1992).  A false association claim requires the plaintiff to

19  allege: (1) the defendant uses a word, term, name symbol, or device (2) on or in connection with

20  foods or services (3) in a manner likely to cause confusion as to source, sponsorship, or

21  association.  See 15 U.S.C. § 1125(a)(1)(A).  For false advertising, the plaintiff must allege,

22  among other things, that the defendant made a false statement, either about the plaintiff's product

23  or its own product.  See Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829 (9th Cir.

24  2002).

25  / / /

26  / / /

As defendants note, the allegedly misleading statement that the Stiles Razor is "out of stock" is not literally false in that, because Wal-Mart no longer has a supplier relationship with plaintiff, the Stiles Razor was no longer in stock. Where, as here, the allegedly misleading statement is not literally false, the plaintiff is required to allege specific facts showing that the statement actually conveyed the implied misleading message thereby deceiving a significant number of people. See William H. Morris Co. v. Grp. W., Inc., 66 F.3d 255 (9th Cir. 1995). In this case, plaintiff does not allege any such specific facts of actual deception which misled. Thus, plaintiff fails to state a claim for false advertising.

Turning to plaintiff's claim of false association, defendants argue that, contrary to plaintiff's current allegation in ¶ 69 that a search for "Stiles Razor" produces a result for the "Salon Perfect Micro Razor," a search for "Stiles Razor" produces the following result: "Did you mean 'Scales Razor?'" and that this result creates no confusion between plaintiff's Stiles Razor and defendants' Salon Perfect Razor because the Salon Perfect Razor is not actually mentioned in the search result. In making this argument, defendants rely on their request that the court take judicial notice of a website print-out attached to plaintiff's complaint in a prior action against defendants she voluntarily dismissed. In essence, defendants ask the court to take note of the inconsistency between the current allegation at ¶ 69 of the first amended complaint and the contradictory website print-out plaintiff attached to her prior action. Because, however, defendants have withdrawn their request for judicial notice, there is no basis for the court to note any inconsistency. Moreover, the court must presume at this stage of the proceedings that plaintiff's allegations, including those in ¶ 69, are true.[2]

/ / /

---

[2] Defendants are absolutely correct that, according to the print-out plaintiff attached to her prior action, a search for "Stiles Razor" produced the result: "Did you mean 'Scales Razor?'" and not, as plaintiff currently alleges at ¶ 69, "Salon Perfect Micro Razor." However, because defendants' argument calls for a determination of fact, it is outside the scope of a motion to dismiss.

In summary, plaintiff's allegations regarding a false association claim are adequate, while her allegations regarding a false advertising claim are inadequate but subject to cure by further amendment.

### 4. Sherman and Clayton Acts (Fourth Claim)

The Sherman and Clayton Acts provide bases for relief for claimed antitrust violations. As defendants note, an essential element of a claim under either the Sherman Act or Clayton Act is that the defendant has the ability to control the market in a way that forces a competitor to do something he or she would not do in a competitive market, normally to sell product below average variable cost. See Omega Envt'l, Inc. v. Gilbarco, Inc., 127 F.3d 1157 (9th Cir. 1997). As defendants also note, plaintiff's allegations in the first amended complaint at ¶¶ 72 through 79 lack any factual predicate and, as such, are insufficient to state this essential element. Because this defect may be cured through amendment, plaintiff should be granted leave to amend.

### B. State Law Claims

As to all state law claims, defendants argue that the court should decline to exercise supplemental jurisdiction because plaintiff has failed to allege any cognizable federal claims. It may be, however, that following further amendment plaintiff can state cognizable federal claims. As to plaintiff's claim of unfair competition under California Business and Professions Code § 17200, defendants are correct in noting that, where such a claim is premised on patent infringement, as is the case here, the claim is preempted by federal patent laws. See Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 234 (1964). Defendants' motion should be granted and plaintiff's claim under § 17200 should be dismissed but only to the extent it is based on alleged patent infringement. To the extent plaintiff's § 17200 claim is based on other alleged unlawful, unfair, or fraudulent business acts, defendants may renew their argument that the court decline supplemental jurisdiction following filing of a further amended complaint.

/ / /

## IV.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's motion (Doc. 33) for leave to file additional briefing be granted;

2. Defendants' motion to dismiss (Doc. 24) be granted;

3. Plaintiff's first amended complaint be dismissed with leave to amend, except as to any claim under California Business and Professions Code § 7200 based on patent infringement, which is preempted and should be dismissed with prejudice; and

4. Plaintiff be directed to file a second amended complaint consistent with these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 2, 2015

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE