BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
CATHERINE S. SIMONSEN (SBN 307325)
   [admission pending]
catherine.simonsen@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

BIJAL V. VAKIL (SBN 192878)
bvakil@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:  (650) 213-8158

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, an individual; STILES 4 U, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.; AMERICAN INTERNATIONAL INDUSTRIES,<br><br>Defendants. | Case No. 2:14-cv-02234-MCE-CMK<br><br>**DEFENDANT WALMART'S:**<br><br>**(1) NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' FIFTH, SIXTH, AND SEVENTH CLAIMS FOR RELIEF IN THE THIRD AMENDED COMPLAINT AND FOR SANCTIONS;**<br><br>**(2) MEMORANDUM OF POINTS AND AUTHORITIES; AND**<br><br>**(3) DECLARATION OF BRYAN A. MERRYMAN**<br><br>F.R.C.P. 12(f), 15(a)(2), 16(f)<br>Local Rule 110<br><br>Date:  November 30, 2017<br>Time:  2:00 p.m.<br>Courtroom:  7<br>Judge:  The Honorable Morrison C. England, Jr. |

**NOTICE OF MOTION AND MOTION TO STRIKE AND FOR SANCTIONS**

PLEASE TAKE NOTICE that on November 30, 2017, at 2:00 p.m., or as soon thereafter as the motion may be heard, in Courtroom 7 of the United States District Court for the Eastern District of California, located at 501 I Street, Sacramento, CA 95814, before the Honorable Morrison C. England, Jr., defendant Wal-Mart Stores, Inc. will, and hereby does, move the Court for an order:

- striking the fifth, sixth and seventh causes of action in the Third Amended Complaint filed by plaintiffs Sharidan Stiles and Stiles 4 U, Inc.: claim 5 (for violation of Section 1 of the Sherman Act, 15 U.S.C. § 1); claim 6 (for violation of Section 2 of the Sherman Act, 15 U.S.C. § 2); and claim 7 (for violation of the California Cartwright Antitrust Act, Cal. Bus. & Prof. Code §§ 16700, *et seq.*) pursuant to Federal Rule of Civil Procedure 12(f) on the ground that plaintiffs filed amended claims 5-7 without leave of Court in violation of Federal Rule of Civil Procedure 15(a)(2) and this Court's orders dated August 31, 2017 and October 3, 2017; and

- sanctioning plaintiffs and/or plaintiffs' attorneys pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule 110 in the amount of $6,250 for their failure to obey the Court's orders dated August 31, 2017 and October 3, 2017.

This motion is based upon this notice of motion and motion, the memorandum of points and authorities and declaration of Bryan A. Merryman, the pleadings on file in this action, and all other matters presented to the Court at the time of the hearing.

Dated:  November 2, 2017                     WHITE & CASE LLP

                                             By:   */s/ Bryan A. Merryman*
                                                      Bryan A. Merryman

                                             Attorneys for Defendant
                                             WAL-MART STORES, INC.

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  THE COURT SHOULD STRIKE PLAINTIFFS' ANTITRUST CLAIMS FROM THE THIRD AMENDED COMPLAINT ........................................................................ 1

III. THE COURT SHOULD SANCTION PLAINTIFFS AND/OR THEIR ATTORNEYS FOR VIOLATING THE COURT'S ORDERS .......................................... 5

IV.  CONCLUSION ............................................................................................................... 7

**TABLE OF AUTHORITIES**

**CASES**

*Azkour v. Bowery Residents' Comm., Inc.*, No. 13-cv-5878 (TPG),
  2017 WL 4329629, 2017 U.S. Dist. LEXIS 160124 (S.D.N.Y. Sep. 13, 2017)........................6

*BEG Invs., LLC v. Alberti*,
  85 F. Supp. 3d 13 (D.D.C. 2015) ............................................................................................4

*Chen v. D'Amico*, No. C16-1877JLR,
  2017 WL 4619207, 2017 U.S. Dist. LEXIS 171125
  (W.D. Wash. Oct. 16, 2017) ....................................................................................................3

*Dover Steel Co., Inc. v. Hartford Acc. and Indem. Co.*,
  151 F.R.D. 570 (E.D. Pa. 1993) ..........................................................................................6, 7

*Hellauer v. NAFCO Holding Co., LLC*, NO. 97-4423,
  1998 WL 472453, 1998 U.S. Dist. LEXIS 12029 (E.D. Pa. July 28, 1998)............................3

*Index Fund, Inc. v. Hagopian*,
  107 F.R.D. 95 (S.D.N.Y. 1985) ..........................................................................................3, 6

*McKeever v. Israel*,
  476 F. Supp. 1370 (E.D. Wis. 1979) .......................................................................................3

*Medtronic, Inc. v. White*,
  365 F. Supp. 2d 1105 (N.D. Cal. 2005) ..................................................................................6

*Penton v. Hubard*, No. 2:11-cv-0518 GEB KJN P,
  2015 WL 2339120, 2015 U.S. Dist. LEXIS 62894 (E.D. Cal. May 12, 2015) .......................7

*Pinson v. U.S. Dep't of Justice*,
  975 F. Supp. 2d 20 (D.D.C. 2013) ..........................................................................................3

*Purchasing Power, LLC v. Bluestem Brands, Inc.*,
  22 F. Supp. 3d 1305 (N.D. Ga. 2014) .....................................................................................3

*U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*,
  240 F.R.D. 149 (D.N.J. 2007) .................................................................................................3

*Vulcan Mktg. v. Tech. Consumer Prods.*,
  597 F. Supp. 2d 1266 (N.D. Ala. 2009) ..................................................................................3

**RULES**

Fed. R. Civ. P. 12(f) ...............................................................................................................1, 3

Fed. R. Civ. P. 15(a)............................................................................................................ passim

Fed. R. Civ. P. 16(f) ...........................................................................................................1, 5, 6

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) ........................................................................................5

Local R. 110 .....................................................................................................................1, 5, 6

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Defendant Wal-Mart Stores, Inc. ("Walmart") moves to strike plaintiffs Sheridan Stiles and Stiles 4 U, Inc.'s antitrust claims—claims 5, 6, and 7—in the Third Amended Complaint and for sanctions. This Court dismissed the antitrust claims without leave to amend on August 31, 2017. By filing a Third Amended Complaint asserting amended antitrust claims, plaintiffs violated the Court's order denying leave to amend those claims, the Court's October 3, 2017 order directing plaintiffs to file an amended complaint pursuant to its August 31, 2017 order, and Federal Rule of Civil Procedure 15(a)(2). Because plaintiffs' failure to obey this Court's prior orders lacked substantial justification and an award of Walmart's attorney fees would not be unjust, this Court should order plaintiffs and/or their attorneys to pay Walmart's fees incurred in bringing this motion pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule 110.

**II.    THE COURT SHOULD STRIKE PLAINTIFFS' ANTITRUST CLAIMS FROM THE THIRD AMENDED COMPLAINT**

Federal Rule of Civil Procedure 15(a) provides in relevant part:

> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2)** *Other Amendments.* ***In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave***.

Fed. R. Civ. P. 15(a) (last emphasis added). Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

Plaintiffs filed the original complaint on September 25, 2014. ECF No. 1. On March 27, 2015, plaintiffs filed the first amended complaint, asserting, *inter alia*, antitrust claims against defendants under Sections 1 and 2 of the Sherman Act, Section 3 of the Clayton Act, and the

1   California Cartwright Act.  ECF No. 16.  On February 22, 2016, the Court adopted the Magistrate
2   Judge's recommendation to dismiss the first amended complaint with leave to amend, except as to
3   any claim under California Business and Professions Code § 17200 based on patent infringement,
4   which the Court dismissed with prejudice.  ECF No. 45 at 2.

5   On May 23, 2016, plaintiffs filed the second amended complaint.  ECF No. 56.  Plaintiffs
6   dropped their Clayton Act claim, but re-asserted antitrust claims under Sections 1 and 2 of the
7   Sherman Act and the California Cartwright Act.  *Id.*  On August 31, 2017, the Court dismissed
8   plaintiffs' antitrust claims (the fifth, sixth, and seventh causes of action in the second amended
9   complaint) "***without leave to amend***."  ECF No. 101 at 13 (emphasis added).  The Court also
10  dismissed plaintiffs' eighth cause of action (intentional interference) with leave to amend.  *Id.* at
11  13-14.  Plaintiffs have moved for reconsideration of the Court's dismissal of their antitrust claims
12  with prejudice.  ECF No. 104.  The Court, however, has not granted plaintiffs' motion for
13  reconsideration.  Defendants opposed the motion, ECF Nos. 113, 114, and the motion remains
14  pending.

15  On September 26, 2017, plaintiffs filed an *ex parte* application to extend the time to file
16  an amended complaint.  ECF No. 107.  In their application, plaintiffs expressly acknowledged
17  that they could assert antitrust claims against defendants in their amended complaint ***only*** if the
18  Court granted their motion for reconsideration.  *Id.* at 2-3.  On October 3, 2017, the Court denied
19  plaintiffs' *ex parte* application.  ECF No. 112.  The Court ordered plaintiffs to "file an amended
20  complaint ***pursuant to the Court's Order at ECF No. 101*** not later than October 19, 2017."  *Id.*
21  (emphasis added).

22  In direct violation of Federal Rule of Civil Procedure 15(a)(2) and the Court's order to file
23  an amended complaint "pursuant to the Court's Order at ECF No. 101"—in which the Court
24  expressly dismissed plaintiffs' antitrust claims "without leave to amend"—on October 19, 2017,
25  plaintiffs filed a Third Amended Complaint in which they asserted violations of Sections 1 and 2
26  of the Sherman Act and the California Cartwright Act in their fifth, sixth, and seventh causes of
27  action.  ECF No. 117.
28  The Court should strike these three causes of action from the Third Amended Complaint

under Federal Rule of Civil Procedure 12(f).  Courts routinely strike amended pleadings when parties file them outside the time for amending pleadings as a matter of course without obtaining leave to amend.

As one court explained, "use of Rule 12(f) is appropriate [where a party files an amended pleading without leave] because to hold otherwise would be to essentially ignore Fed. R. Civ. P. 15(a) and the requirement that a plaintiff seek leave before amending its complaint."  *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007); *see Hellauer v. NAFCO Holding Co., LLC*, NO. 97-4423, 1998 WL 472453, 1998 U.S. Dist. LEXIS 12029, at *8-9 (E.D. Pa. July 28, 1998) ("[F]ailure to seek the required leave of court when adding a new allegation is grounds for striking that allegation."); *see, e.g.*, *Chen v. D'Amico*, No. C16-1877JLR, 2017 WL 4619207, 2017 U.S. Dist. LEXIS 171125, at *4-5 (W.D. Wash. Oct. 16, 2017) (granting motion to strike "improperly filed amended complaint" filed out of the time for amendment as of course and without leave of court); *U.F.C.W.*, 240 F.R.D. at 154 ("Because Counts Three through Six of Plaintiffs' SAC exceeded the scope of the leave Plaintiffs were given, the Court must strike these claims."); *Hellauer*, 1998 WL 472453, 1998 U.S. Dist. LEXIS 12029, at *9 (striking portions of counterclaim court did not grant defendant leave to file); *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 22 F. Supp. 3d 1305, 1321 (N.D. Ga. 2014) (dismissing two counts of amended complaint where plaintiff did not seek court's leave to amend as required by Rule 15(a)(2) and the claims were not among those the court's order previously gave plaintiff leave to amend); *Pinson v. U.S. Dep't of Justice*, 975 F. Supp. 2d 20, 28 (D.D.C. 2013) (striking second amended complaint filed without first seeking court's leave); *Vulcan Mktg. v. Tech. Consumer Prods.*, 597 F. Supp. 2d 1266 (N.D. Ala. 2009) (granting Rule 12(f) motion to strike defendant's counterclaims as violative of Rule 15(a)(2) because defendant filed them with amended answer without first seeking or obtaining leave of court); *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95, 97-98 (S.D.N.Y. 1985) (striking plaintiff's claim for punitive damages raised in its amended complaint without first obtaining leave of court); *McKeever v. Israel*, 476 F. Supp. 1370, 1374 (E.D. Wis. 1979) (pursuant to Rule 12(f), striking portions of plaintiff's amended complaint that exceeded scope of leave).

An order striking plaintiffs' antitrust claims in the Third Amended Complaint is even more obviously called for here, where plaintiffs not only violated Rule 15(a)(2)'s prohibition on filing an amended pleading without leave of the Court, but also violated this Court's orders instructing plaintiffs *not* to include their antitrust claims in the Third Amended Complaint.

For example, in *BEG Investments, LLC v. Alberti*, 85 F. Supp. 3d 13 (D.D.C. 2015), plaintiff filed a six-count complaint against defendants. *Id.* at 21. The court granted defendants' motion to dismiss, but granted plaintiff leave to amend only *two* of its claims. *Id.* Plaintiff nevertheless filed an amended complaint reasserting all six claims and adding a seventh. *Id.* The court granted defendants' motion to strike all but the two claims the court had granted plaintiff leave to amend. Plaintiff's proffered excuse for including the claims the court had dismissed without leave to amend was that plaintiff was "aware of 'no authority for the proposition that once leave is granted to a Plaintiff to amend a Complaint, such amendments are somehow confined to the exceptions specifically noted by the Court in granting the amendment.'" *Id.* at 25. As the court explained:

> To find such authority, **Plaintiff need only have consulted the plain language of this Court's . . . Order**. In that Order, the Court clearly stated that "Plaintiff is granted leave to amend its claims *brought pursuant to the Equal Protection Clause and the First Amendment*." The Order did not contain a general grant of leave to amend. Neither did it provide Plaintiff with leave to amend its two RICO claims, which the Court dismissed on qualified immunity grounds. Similarly absent was a grant of leave to amend Plaintiff's Takings Clause claim, which the Court dismissed pursuant to Rule 12(b)(6) because the claim was premised on the payment of funds to MPD and an obligation to pay money does not constitute a taking under the Fifth Amendment. And yet, Plaintiff has reasserted both its Takings Clause claim and its RICO claims without seeking leave to do so.

*Id.* (citations omitted; first emphasis added). Here, the Court's August 31, 2017 order "did not contain a general grant of leave to amend." *Id.* Rather, the Court expressly *denied* plaintiffs leave to file amended antitrust claims. Plaintiffs' violation of the Court's order and Rule 15(a)(2) require that the Court strike the fifth, sixth, and seventh claims for relief in the Third Amended Complaint.

**III.   THE COURT SHOULD SANCTION PLAINTIFFS AND/OR THEIR ATTORNEYS FOR VIOLATING THE COURT'S ORDERS**

Federal Rule of Civil Procedure 16(f) provides in relevant part:

> **(f) Sanctions**
> **(1)** *In General*.  On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order.
> **(2)** *Imposing Fees and Costs*.  Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).  The sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii) include an order:

> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party; or
>
> **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).  Local Rule 110 further provides in relevant part:

> **SANCTIONS FOR NONCOMPLIANCE WITH RULES**
>
> Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.

Local R. 110.

As set forth above, plaintiffs and their attorneys plainly violated the Court's August 31, 2017 pretrial order dismissing their antitrust claims without leave to amend, ECF No. 101, and the Court's October 3, 2017 pretrial scheduling order, which ordered plaintiffs "to file an

- 5 -

1   amended complaint pursuant to the Court's Order at ECF No. 101 not later than October 19,
2   2017." ECF No. 112.  Accordingly, sanctions under Federal Rule of Civil Procedure 16(f) and
3   Local Rule 110 are warranted.  *See, e.g.*, *Azkour v. Bowery Residents' Comm., Inc.*, No. 13-cv-
4   5878 (TPG), 2017 WL 4329629, 2017 U.S. Dist. LEXIS 160124, at *8 (S.D.N.Y. Sep. 13, 2017)
5   (sanctioning plaintiff under Rule 16(f) where plaintiff filed an amended complaint without
6   obtaining leave of court, the court struck the amended complaint and ordered plaintiff to comply
7   with Rule 15(a)(2) before filing another amended complaint, and plaintiff thereafter filed two
8   motions for reconsideration and, while those motions were pending, another amended complaint
9   without leave to do so); *Medtronic, Inc. v. White*, 365 F. Supp. 2d 1105, 1118-19 (N.D. Cal.
10  2005) (ordering plaintiff to pay defendant's attorney fees and costs incurred in filing a motion to
11  strike where plaintiff "clearly and inexplicably violated the plain language of Rule 15 by filing an
12  amended complaint without leave of court"); *Dover Steel Co., Inc. v. Hartford Acc. and Indem.*
13  *Co.*, 151 F.R.D. 570, 575-76 (E.D. Pa. 1993) (sanctioning plaintiff for filing an amended
14  complaint that far exceeded any reasonable construction of the scope of leave under the order
15  granting permission to file an amended complaint); *Index Fund*, 107 F.R.D. at 99 (sanctioning
16  plaintiff for its "flagrant disregard for this Court's ruling on the plaintiff's motion to amend").
17        Indeed, the Court "must" order plaintiffs and/or their attorneys to pay Walmart the
18  attorney fees it incurred in bringing this motion, because there was no justification for plaintiffs'
19  violation of the Court's orders—let alone substantial justification—and an award of Walmart's
20  expenses would not be unjust.  Fed. R. Civ. P. 16(f)(2).
21        On October 24, 2017, counsel for Walmart demanded by letter that plaintiffs dismiss the
22  antitrust claims in their Third Amended Complaint and notified plaintiffs that if they did not
23  dismiss those claims by Thursday, October 26, 2017, defendants would move to strike the claims
24  and seek sanctions.  Declaration of Bryan A. Merryman ("Merryman Decl.") ¶ 2 & Ex. A.
25  Plaintiffs did not dismiss claims 5-7.  Instead, plaintiffs' counsel responded that "the Court has
26  not ruled on Plaintiffs' Motion for Reconsideration/Motion for Leave to Amend."  *Id.* Ex. B.
27  Counsel for Walmart pointed plaintiffs' counsel to the clear text of the Court's October 3, 2017
28  order requiring plaintiffs to file an amended complaint "pursuant to the Court's Order at ECF No.

1  101," i.e., without plaintiffs' antitrust claims, which had been dismissed with prejudice. *Id.*

2  Counsel for plaintiffs failed to respond and failed to dismiss plaintiffs' antitrust claims. *Id.* ¶ 4.

3       Plaintiffs' apparent reason for including the antitrust claims in their Third Amended

4  Complaint—that the Court has not ruled on plaintiffs' motion for reconsideration—is nothing

5  close to substantial justification for disobeying the Court's prior orders. Unless and until the

6  Court grants plaintiffs' motion for reconsideration, the Court's August 31, 2017 order dismissing

7  plaintiffs' antitrust claims without leave to amend is the law of the case. *See Penton v. Hubard*,

8  No. 2:11-cv-0518 GEB KJN P, 2015 WL 2339120, 2015 U.S. Dist. LEXIS 62894, at *5-6 (E.D.

9  Cal. May 12, 2015). This Court confirmed as much when it denied plaintiffs' *ex parte* application

10 for an extension of time to file the Third Amended Complaint until the Court ruled on the motion

11 for reconsideration. ECF No. 112.

12      It would be unjust not to award Walmart its attorney fees. As the *Dover* court explained,

13 "defendants have been forced to spend time and money seeking to undo the filing of the

14 Amended Complaint. The sanctions imposed, therefore, should place Walmart legally and

15 financially back to where they would have been but for the offending pleading." 151 F.R.D. at

16 575. Because plaintiffs blatantly violated this Court's prior orders without substantial

17 justification, and because an award of Walmart's fees would not be unjust, the Court should

18 sanction plaintiffs and/or their attorneys and order them to pay Walmart's attorney fees in the

19 amount of $6,250 incurred in bringing this motion. *See* Merryman Decl. ¶¶ 5-6.

20 **IV.**   **CONCLUSION**

21      For the foregoing reasons, the Court should strike plaintiffs' fifth, sixth, and seventh

22 causes of action in the Third Amended Complaint, sanction plaintiffs and/or their attorneys for

23 violating this Court's orders, and order them to pay Walmart the attorney fees it incurred in

24 bringing this motion.

25 //

26 //

27 //

28 //

- 7 -

| | | |
|---|---|---|
| 1 | Dated: November 2, 2017 | WHITE & CASE LLP |

By:  */s/ Bryan A. Merryman*
      Bryan A. Merryman

Attorneys for Defendant
WAL-MART STORES, INC.

- 8 -