UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC.;<br>AMERICAN INTERNATIONAL<br>INDUSTRIES, INC.; and DOES 1-100,<br><br>    Defendants. | No. 2:14-cv-02234-MCE-CMK<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Sharidan Stiles ("Plaintiff" or "Stiles") brings this action against Defendants Wal-Mart Stores, Inc. ("Walmart") and American International Industries ("AI") (collectively "Defendants") alleging intellectual property and antitrust violations related to her Stiles Razor, a patented styling razor with a 1/8 inch blade and ergonomic handle allowing for safe and precise shaving. Plaintiff's First Amended Complaint was dismissed with leave to amend. ECF No. 45. Upon filing of the Second Amended Complaint ("SAC"), Defendants again moved to dismiss Plaintiff's antitrust claims, as well as Plaintiff's claim of Intentional Interference with Prospective Economic Advantage against Defendant AI. ECF Nos. 64 and 65.[1] Defendants' motions to dismiss were

---

[1] While that motion was pending, Walmart filed a second motion to dismiss Plaintiff's other claims, ECF No. 71, which motion the Court struck as improper, ECF No. 101.

again granted, but this time Plaintiff was given leave to amend given only her claim for interference with economic advantage against AI. ECF No. 101. Plaintiff additionally had viable trademark infringement claims at that time.

Plaintiff then filed a Motion for Reconsideration of the Court's Order and/or Motion for Leave to Amend the Complaint. ECF No. 104. That Motion is presently before the Court. Despite the Court's clear Order granting leave to amend only one of Plaintiff's dismissed claims, and even though the Court had not yet ruled on Plaintiff's Motion for Reconsideration, Plaintiff then filed a Third Amended Complaint ("TAC") that includes the claims previously dismissed without leave to amend and one wholly new claim not previously asserted. ECF No. 117. Walmart filed a Motion to Strike in response, ECF No. 118, and AI filed another Motion to Dismiss and to Strike, ECF No. 121. Those motions are also presently before the Court. Lastly, in March Plaintiff filed a Motion to Set Rule 16 Conference and Request to Submit in Camera Declaration Re Plaintiff's Health Issues. ECF No. 135. The Court denied the latter request by Minute Order dated March 20, 2018, ECF No. 137, and the former is addressed below.

For the reasons set forth below, Plaintiff's Motion for Reconsideration and/or Leave to Amend the Complaint, ECF No. 104, is GRANTED. Walmart's Motion to Strike is GRANTED in part and DENIED in part. AI's Motion to Dismiss and to Strike is GRANTED in part and DENIED in part. Plaintiff's Motion to Set Rule 16 Conference is DENIED.[2]

## BACKGROUND[3]

Plaintiff is the inventor, designer, and creator of the patented Stiles Razor, a disposable razor with a uniquely narrow blade designed for detailed shaving. Plaintiff

---

[2] Because oral argument would not be of material assistance, the Court ordered these matters submitted on the briefs. E.D. Cal. Local Rule 230(g).

[3] The following facts are taken from Plaintiff's TAC.

began selling her razor in Walmart stores on a test run basis in 2006 and—after experiencing some success—began selling it in the Wet Shave Department in 2007. Stiles was told her product would continue to be sold at Walmart if she could sell two units per store per week. Despite Stiles exceeding that mark, Walmart "began actively suppressing [its] growth." Specifically, Walmart refused to lower the price of the razor in an attempt to increase sales, removed the Stiles Razor from the stores where it was performing most successfully, failed to restock the razors, and increased the units per store per week requirement from two to six. In 2009, Walmart discontinued sales of the Stiles Razor in the Wet Shave Department. After selling the Stiles Razor in the Beauty Department from 2011 to 2012, Walmart terminated Stiles' contract in May 2012, and stopped selling the Stiles Razor in December of that year.

AI had been manufacturing and selling its Ardell Brow Precision Shaper—which Plaintiff claims also infringes on the Stiles Razor—in 2008. In 2011, Walmart entered into an agreement with AI to sell the Ardell Brow Precision Shaper under Walmart's store brand, Salon Perfect. Plaintiff further alleges that in 2012 Walmart approached the Executive Vice President of Defendant AI and asked AI to create a knockoff of the Stiles Razor that would be sold under the Salon Perfect brand. AI agreed. Walmart then began selling the Salon Perfect Micro Razor in 2013. In 2014, the Vice President of AI called Plaintiff and admitted to her that Walmart had approached her in 2012, had given her the Stiles Razor, asked AI to copy it, and AI had done so.

## STANDARDS

### A. Reconsideration

A court should not revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988). This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing

litigation.  Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 (9th Cir. 1989) (citing 18 Charles Aland Wright & Arthur R. Miller, Federal Practice and Procedure § 4478).  Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Fed. R. Civ. P. 54(b).  Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify, alter or revoke it."  United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000), cert. denied, 532 U.S. 1002 (2001).  The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  Pyramid, 882 F.2d at 369.

**B.     Motion to Strike**

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Motions to strike are a drastic remedy and generally disfavored.  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed. 2004).  Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pled.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023 (1994) (internal citations and quotations omitted).  A matter is impertinent if the statements do not pertain, and are not necessary, to the issues in question.  Id.  "Scandalous" matters "cast a cruelly derogatory light on a party or other person."  In re 2TheMart.com, Inc. Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); see, e.g., Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613 (1st Cir. 1988) (striking the terms "brainwashing" and "torture" in a tort case in the employment context).

Moreover, "[a] scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' [citation omitted] ... Disregard of the order would undermine the court's ability to control its docket, disrupt

1 the agreed-upon course of the litigation, and reward the indolent and the cavalier."
Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992).  If a party fails to obey a pretrial scheduling order, the Court may properly strike a party's pleading.  Fed. R. Civ. P. 16(f), 37(b)(2)(C).

Federal Rule of Civil Procedure 16(f) also empowers the Court to sanction violations of a scheduling order.  Specifically, the Rule provides that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just."  Fed. R. Civ. P. 16(f); see also Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001).

### C. Motion to Dismiss

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations and quotations omitted).  A court is not required to accept as true a "legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///

///

### D. Modification of Scheduling Order

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992)

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson, 975 F.2d at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment); Id. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Johnson, 975 F.2d at 609. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)). If the moving party was not diligent, the Court's inquiry should end. Id.

## ANALYSIS

### A. Plaintiff's Motion for Reconsideration and/or Leave to Amend

By way of her Motion for Reconsideration and/or Motion for Leave to Amend the Complaint, Plaintiff asks the Court to reconsider its Order dismissing Plaintiff's Sherman Act § 1 and Cartwright Act Rule of Reason Claims (the Fifth and Seventh Counts, to the extent Count 7 asserts an antitrust violation outside the context of monopolization under the Cartwright Act). In dismissing those claims, the Court found Plaintiff had plausibly

alleged a relevant market but had failed to allege that Defendant(s) had the market power to exclude Plaintiff.  More specifically, while Plaintiff alleged that Defendants excluded her from selling her product to Walmart, Defendants argued—and the Court agreed—that Plaintiff had failed to allege that she was precluded from selling to any other potential purchaser.  Order, at 8.  Though Plaintiff had alleged that Walmart is the biggest retailer in the world, and that "Walmart's market power is such that if a product has declined in sales or is considered to have 'failed' at Walmart, no other retailer will sell the product," SAC ¶ 78, Plaintiff did not allege any facts supporting that conclusory allegation.  The Court reasoned that "nothing in the SAC indicates that Plaintiff attempted to sell her product elsewhere, and the Court struggles to fathom another way Plaintiff could support an allegation that Walmart actually has the power to exclude Plaintiff from the entire disposable personal styling razor market."  Order, at 8-9.  Because Plaintiff had already had numerous opportunities to amend, the Court found additional amendment would be futile and dismissed those claims without leave to amend.

By way of her present Motion, Plaintiff seeks reconsideration of the Court's Order on grounds that amendment of her antitrust claims would not be futile.  Specifically, Plaintiff finally asserts for the first time that she attempted to enter the market through other retailers and was rejected because her product "failed" at Walmart.  See, e.g., Decl. of Stiles ISO Mot., ECF No. 106, ¶¶ 5-6, and Exs. A-B.  She even includes an email exchange between herself and the Vice President of the Beauty and Personal Care Department at Walmart in which she explains that a number of other retailers had expressed concerns that her product was "deleted and moved" at Walmart.

Based on these new assertions and supporting evidence, the Court finds it is within its inherent powers to allow Plaintiff one final amendment of antitrust claims 5 and 7.  Indeed, Plaintiff has presented new evidence to the Court,[4] and that evidence has

---

[4] Defendant's argument that Plaintiff fails to explain her failure to include this evidence earlier is well taken.  However, in light of the Court's previous Order specifically detailing how Plaintiff's allegations were lacking, the Court believes Plaintiff's failure to include such evidence until now is excusable.

8

convinced the Court that reconsideration of its Order is necessary to prevent potential injustice.[5] That is not to say this evidence is dispositive of any antitrust behavior, nor is it even dispositive of Walmart's market power. Walmart's arguments to the contrary are well understood. It is, however, enough to sufficiently allege market power in order to survive a motion to dismiss. For that reason, Plaintiff's Motion for Reconsideration, ECF No. 104, is GRANTED as to Plaintiff's Sherman Act § 1 and Cartwright Act rule of reason claims (Counts 5 and 7). Plaintiff may amend Counts 5 and 7 and file an amended complaint as directed below.

### B. Walmart's Motion to Strike

As indicated above, the Court dismissed Plaintiff's antitrust claims (Counts 5, 6, and 7) without leave to amend by a Memorandum and Order filed August 31, 2017. ECF No. 101. Shortly thereafter, Plaintiff filed the already discussed Motion for Reconsideration. ECF No. 104. By Minute Order dated October 3, 2017, the Court directed Plaintiff to file any amended complaint permitted pursuant to the Court's August 31 Order not later than October 19. ECF No. 112. Despite this Order, Plaintiff filed a Third Amended Complaint on October 19 that included the dismissed antitrust causes of action. In response, Walmart filed the present Motion to Strike, seeking to strike Plaintiff's revived Counts 5, 6, and 7, and sanctions against Plaintiff and/or counsel for improperly filing dismissed claims.[6] ECF No. 118.

In opposition to Walmart's Motion, Plaintiff argues that under Ninth Circuit precedent, her TAC was not improper. In fact, the TAC does not include amended antitrust claims at all, but rather includes an amended Count 8, as permitted under the Court's Order, and the same version of Counts 5, 6, and 7 as were dismissed. Though no longer required to preserve appellate rights under Ninth Circuit caselaw (see, e.g.,

---

[5] The Court agrees with Defendant that Plaintiff's motion is not a proper motion for leave to amend her complaint. Rather, it is a motion for reconsideration of the Court's Order dismissing claims without leave to amend, and is herein construed as such.

[6] AI joined in Walmart's Motion to Strike. ECF No. 121.

Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012)), Plaintiff argues that realleging dismissed claims is not improper.

To some extent, Defendant has the better argument. Indeed, the great weight of authority in this circuit indicates that it is both proper and desirable to strike realleged claims that were previously dismissed with prejudice. See, e.g., Walmart Reply, ECF No. 130, at 3-4; Lacy, 693 F.3d at 927-28. Even assuming Plaintiff did not directly violate the Court's scheduling order by realleging the dismissed claims without seeking leave to amend, as explained in many of the cases Walmart cites, allowing Plaintiff to replead dismissed claims does nothing but waste the time and resources of both Defendants and the Court, who must continuously parse out viable claims from dismissed-but-replead claims.[7] Moreover, the replead claims are both immaterial and impertinent to Plaintiff's viable claims, and thus striking them is proper under Rule 12(f). For those reasons, and because the Court has inherent power to manage its docket, Walmart's Motion to Strike, ECF No. 118, is GRANTED. Counts 5, 6, and 7 as replead in the TAC are hereby STRICKEN. Plaintiff may nevertheless amend Counts 5 and 7 as described above.

The Court, however, declines to issue the requested sanctions under Rule 16(f) or Local Rule 110. While including Counts 5, 6, and 7 in the TAC was both unnecessary and confusing, Plaintiff's point that the claims were not amended, but simply realleged is well taken. As such, Plaintiff did not directly violate the Court's August 31 Order by realleging—without amendment—those dismissed claims.[8] And although Lacey itself acknowledges that sanctions may be appropriate where a plaintiff fails to follow a court's order with regard to amending claims, see Lacey, 693 F.3d at 927, it does not prohibit plaintiffs from realleging dismissed claims; it simply overrules the requirement that they

---

[7] Not only is Plaintiff not required to replead these claims to preserve appellate rights, but she is also not required to do so to preserve her pending motion for reconsideration.

[8] Indeed, the idea that Plaintiff might reallege the dismissed claims in order to preserve her right to appeal was not specifically addressed in the Court's Order because it never occurred to the Court that Plaintiff might replead dismissed claims.

do so.  Consequently, while the Court does not condone Plaintiff's decision to reallege dismissed claims, it also does not find sanctions to be warranted under the circumstances.  Defendants' request is therefore DENIED.

### C. AI's Motion to Dismiss and to Strike

By the same Order dated August 31, 2017, the Court dismissed Plaintiff's Eighth Cause of Action against AI for intentional interference with prospective economic advantage with final leave to amend.  ECF No. 101.  In dismissing that claim, the Court stated that Plaintiff would "be given one opportunity to amend her complaint to allege specific wrongful conduct by AI, and a timeline supporting her allegation that AI interfered with her prospective business relationship with Walmart."  Id. at 13-14.  Plaintiff subsequently filed her TAC, as discussed above, and therein included an amended claim for intentional interference with prospective economic advantage (now Count 9) as well as a new claim for intentional interference with contractual relations (Count 8).  See TAC, ECF No. 117.  In response, AI filed a motion to dismiss Count 9 pursuant to Rule 12(b)(6) and to strike Count 8 pursuant to Rule 12(f).

To address the latter first, unlike the claims that are the subject of Walmart's Motion to Strike above, Plaintiff has not previously pleaded Count 8.  Rather, Count 8 raises a wholly new theory under which Plaintiff seeks recovery.  By adding this claim to her TAC without first seeking leave to amend her complaint and showing good cause therefore,[9] Plaintiff has unquestioningly violated Rule 15.  Fed. R. Civ. Pro. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave").  Plaintiff argues that Count 8 is being pleaded in the alternative to her amended Count 9.  Nonetheless, her newly added claim exceeds the scope of amendment permitted by the Court's August 31 Order dismissing what is now Count 9 with leave to amend.  For that reason, AI's Motion to Strike Count 8 is GRANTED.  Furthermore, the Court declines to construe Plaintiff's filing as a request for leave to amend, finding that such an amendment would prejudice Defendants this late in the

---

[9] Plaintiff's Motion for Reconsideration and/or Leave to Amend does not address this new claim.

game and would cause additional undue delay.  See Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

As for Plaintiff's claim for intentional interference with prospective economic advantage, that claim was previously dismissed with final leave to amend for two reasons.  First, the Court found that "assuming Plaintiff's Eighth Count [wa]s predicated on Plaintiff's antitrust claims, the Eighth Count necessarily fails because Plaintiff's antitrust claims have failed."  Order at 11.  Additionally, "[t]o the extent the [claim was] predicted on Plaintiff's claims other than antitrust, it [wa]s nevertheless dismissed for failure to plead the wrongful conduct on which the claim is predicated."  Id.  Second, based on Plaintiff's alleged timeline of events, including her allegations indicating that Walmart began "actively suppressing the growth of Stiles Razor" between 2008 and 2009, "the Court [wa]s not convinced that AI's agreement with Walmart in 2012 interfered with any prospective business relationship between Plaintiff and Walmart, which relationship was already on the decline."  Id.  Plaintiff was therefore given one final opportunity "to amend her complaint to allege specific wrongful conduct by AI, and a timeline supporting her allegation that AI interfered with her prospective business relationship with Walmart."  Order at 13-14.

In its Motion, AI argues that Plaintiff has once again failed to cure the deficiencies noted by the Court in its Order granting dismissal.  But AI fails to recognize and address that Plaintiff has added paragraphs 107 through 123 to her TAC.  Those additional allegations cure the deficiencies noted above.  Specifically, Plaintiff now alleges—inter alia—that AI was aware of Stiles' contractual relationship with Walmart (¶ 108), that AI agreed to create, manufacture, and distribute a knock off of Stiles' patented product (¶ 111), that it did so knowing that its actions would eliminate Stiles as a Walmart supplier (¶ 118), and that AI's agreement to create the knockoff razor enabled Walmart to terminate its existing contract with Stiles (¶ 120).

///

12

First, AI argues that Plaintiff still fails to allege the wrongful conduct by AI underlying her interference claim. The Court disagrees. Based on the new allegations set forth above, AI is on sufficient notice that Plaintiff's claim is premised on AI's participation in the alleged infringement and antitrust violations.[10] Second, AI argues that the timeline Plaintiff alleges still does not support her claim. Indeed, her business relationship with Walmart was on the decline as early as 2008 or 2009, and Plaintiff alleges that AI's involvement began in 2012. But Plaintiff has added one key allegation: that AI's agreement to create the knockoff razor is what enabled Walmart to officially terminate its relationship with Stiles. It may be an attenuated argument, but at this stage the Court finds the allegation sufficient to withstand a motion to dismiss. AI's Motion to Dismiss is therefore DENIED.

### D. Plaintiff May File An Amended Complaint

Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff shall file an amended complaint pursuant to this Order—amending claims where amendment is permitted (or, should Plaintiff decline to amend such claims, omitting them from the pleading) and striking claims that have been stricken. Failure to timely comply with this Court's Order will result in the imposition of sanctions, up to and including dismissal of this action with prejudice, upon no further notice to the parties.

### E. Plaintiff's Request to Set Rule 16 Conference

Lastly, Plaintiff's Motion to Set Rule 16 Conference, ECF No. 135, asks the Court to set a Rule 16 conference because—according to Plaintiff—Defendants have been stalling this case at the pleading stage since it was filed in 2014. As more time passes, the risk increases that witness's memories will fade and evidence will be lost. Additionally, Plaintiff references vague health issues that warrant setting a conference to move the case forward.[11]

---

[10] It is also premised on alleged violations of trade associations of which AI is a member.

[11] Plaintiff requested leave to submit a declaration in camera addressing these health issues. That

13

1       Walmart counters that the delays in this case have been of Plaintiff's own making.
2 As addressed above, Plaintiff most recently filed an improper Third Amended Complaint
3 along with her Motion for Reconsideration, both of which required additional motion
4 practice by the parties and additional time and resources from the Court.  Plaintiff has
5 also requested numerous extensions of time on filings and to respond to Defendants'
6 filings.  But of course, Defendants are not without fault in causing delay as well.  They
7 too have sought various extensions of time, page limit increases, and other requests that
8 have consumed additional time of both the parties and the Court.

      Notably, however, the Court's Initial Pretrial Scheduling Order ("IPTSO") filed in
10 May 2016, required the parties to meet and confer per Rule 26(f) within sixty (60) days of
11 service on any party, to submit a Rule 26(f) discovery plan within fourteen (14) days of
12 that conference, and to complete discovery within three hundred sixty-five (365) days of
13 filing of the original complaint.  ECF No. 54.  It is clear that the parties required
14 modification of this scheduling order, but it also appears no such modification was ever
15 sought by objection, motion, or stipulation.  It is therefore unclear to the Court why
16 discovery has not commenced over the last three and a half years since the case was
17 filed.  Plaintiff's Request, ECF No. 135, is therefore DENIED as moot.

18       The parties are ordered to review the Court's May 2016 IPTSO and to meet and
19 confer regarding a timeline for discovery not later than ten (10) days after Plaintiff's
20 deadline to file an amended complaint.  Not later than fourteen (14) days after that
21 deadline, the parties are ordered to submit a proposed discovery schedule by stipulation
22 and proposed order for this Court's review and approval.  If the parties are unable to
23 agree on deadlines, they are to submit a Joint Status Report explaining their
24 disagreement by the same deadline.  The Court will then unilaterally set deadlines,
25 which deadlines shall not be modified by motion or stipulation.
26 ///

---

28 request was DENIED without prejudice, and Plaintiff was permitted to submit additional support for her request under seal, which she has declined to do.  ECF No. 137.

Finally, it appears one recent reason for the delay in discovery stems from the parties' dispute over the scope of appropriate discovery. According to Walmart, it offered to commence discovery on Plaintiff's viable intellectual property claims only, but Plaintiff refused, claiming that such discovery was premature until its Motion for Reconsideration had been decided. According to Plaintiff, discovery should not and could not be limited to the IP claims because the line between the IP claims and the antitrust claims is vague as many of the issues are overlapping. Because the parties could not agree from the outset, discovery was indefinitely stalled. While the Court understands this dispute, it is a purely hypothetical one at this point and such a hypothetical dispute should not stand in the way of discovery progress. Now that all pending motions have been disposed of, the Court anticipates that the parties will be able to commence discovery—beginning with an agreement on dates and deadlines as discussed above—without issue. Should a real dispute concerning the scope of specific discovery arise that cannot be resolved between the parties, the parties are reminded that any motion should be noticed before the assigned magistrate judge.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration as to Counts 5 and 7 is GRANTED. Walmart's Motion to Strike Counts 5, 6, and 7 of the TAC is GRANTED but its request for sanctions is DENIED. AI's Motion to Dismiss Count 9 is DENIED. AI's Motion to Strike Count 8 of the TAC is GRANTED. Plaintiff's Request to Set a Rule 16 Conference is DENIED.

Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff shall file an amended complaint pursuant to this Order—amending claims where amendment is permitted (or, should Plaintiff decline to amend such claims, omitting them from the pleading) and striking claims that have been stricken. Failure to timely comply with this Court's Order will result in the imposition of

sanctions, up to and including dismissal of this action with prejudice, upon no further notice to the parties.

Additionally, the parties are ordered to review the Court's May 2016 IPTSO and to meet and confer regarding a timeline for discovery not later than ten (10) days after Plaintiff's deadline to file an amended complaint. Not later than fourteen (14) days after that deadline, the parties are ordered to submit a proposed discovery schedule by stipulation and proposed order for this Court's review and approval. If the parties are unable to agree on deadlines, they are to submit a Joint Status Report explaining their disagreement by the same deadline. The Court will then unilaterally set deadlines, which deadlines shall not be modified by motion or stipulation.

IT IS SO ORDERED.

Dated: June 19, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE