1 | Mark D. Kremer (SB# 100978)
  |    m.kremer@conklelaw.com
2 | Zachary Page (SB# 293885)
  |    z.page@conklelaw.com
3 | CONKLE, KREMER & ENGEL
  | Professional Law Corporation
4 | 3130 Wilshire Boulevard, Suite 500
  | Santa Monica, California  90403-2351
5 | Phone: (310) 998-9100 • Fax: (310) 998-9109

6 | Attorneys for American International
  | Industries

7 |

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10 |

11 | SHARIDAN STILES, Individual, | CASE No. CV14-02234-MCE-CMK
   | STILES 4 U, INC., a California |
12 | Corporation, | **DEFENDANT AMERICAN**
   | | **INTERNATIONAL INDUSTRIES'**
13 | Plaintiffs, | **AMENDED ANSWER TO**
   | | **PLAINTIFFS' FOURTH AMENDED**
14 | v. | **COMPLAINT AND**
   | | **COUNTERCLAIMS**
15 | WAL-MART STORES, Inc.; |
   | AMERICAN INTERNATIONAL | District Judge Morrison C. England, Jr.
16 | INDUSTRIES, Inc., and | Magistrate Judge Craig M. Kellison
   | DOES 1-100, |
17 | | Complaint Filed:      September 25 ,2014
   | Defendants. | Trial Date:      None Set
18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

0067.241\9930

Defendant American International Industries ("AII") answers Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.'s (collectively, "Plaintiffs") Fourth Amended Complaint as follows:[1]

## INTRODUCTION

AII denies the allegations of the Introduction.

## NATURE OF THE ACTION

1.      AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegation that the photo depicted is "a true and correct color image of the Stiles Razor,"  and therefore denies same. AII denies the remaining allegations of paragraph 1.

2.      AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 2, and therefore denies same.

3.      AII admits the allegations of paragraph 3, except that AII denies that there is a distinct market for Disposable Personal Styling Razors as alleged by Plaintiffs.

4.      AII denies the allegations of paragraph 4.

5.      AII denies the allegations of paragraph 5.

---

[1] AII submits this Amended Answer to address Plaintiffs' antitrust allegations in light of the Court's Order denying Defendants' Motion to Dismiss issued on March 29, 2019. (Dkt. No. 188) This Amended Answer is submitted with a reservation of AII's right to request that the Court reconsider its Order on the Motion to Dismiss.

1    6.      AII denies the allegations of paragraph 6.

2

3    7.      AII admits that Plaintiffs have asserted claims for patent infringement and

4  are seeking injunctive relief and damages.  AII denies the merits of those claims, and

5  that Plaintiffs are entitled to any relief.

6

7                              **THE PARTIES**

8    8.      AII lacks sufficient knowledge or information to form a belief as to the

9  truth or falsity of the allegations of paragraph 8, and therefore denies same.

10

11   9.      AII lacks sufficient knowledge or information to form a belief as to the

12 truth or falsity of the allegations of paragraph 9, and therefore denies same.

13

14   10.     AII lacks sufficient knowledge or information to form a belief as to the

15 truth or falsity of the allegations of paragraph 10, and therefore denies same.

16

17   11.     AII admits the allegations of paragraph 11.

18

19   12.     AII denies the allegations of paragraph 12.

20

21                              **JURISDICTION**

22   13.     AII admits that this Court has subject matter jurisdiction over Plaintiffs'

23 claims under the Patent Act, Lanham Act, Sherman Act and Clayton Act, but denies the

24 merit of Plaintiffs' claims.

25

26   14.     AII denies the allegations of paragraph 14.

27

28

1    15.    AII admits that it is subject to this Court's exercise of personal

2    jurisdiction, and denies the remaining allegations of paragraph 15.

3

4                                    **VENUE**

5    16.    AII admits that venue is proper in this judicial district.

6

7                          **FACTUAL ALLEGATIONS**

8                     **Stiles' Patents and Trademarks**

9    17.    AII lacks sufficient knowledge or information to form a belief as to the

10   truth or falsity of the allegations of paragraph 17, and therefore denies same.

11

12   18.    AII lacks sufficient knowledge or information to form a belief as to the

13   truth or falsity of the allegations of paragraph 18, and therefore denies same.

14

15   19.    AII lacks sufficient knowledge or information to form a belief as to the

16   truth or falsity of the allegations of paragraph 19, and therefore denies same.

17

18   20.    AII lacks sufficient knowledge or information to form a belief as to the

19   truth or falsity of the allegations of paragraph 20, and therefore denies same.

20

21   21.    AII lacks sufficient knowledge or information to form a belief as to the

22   truth or falsity of the allegations of 20, and therefore denies same.

23

24                     **Stiles' Relationship with Walmart**

25   22.    AII lacks sufficient knowledge or information to form a belief as to the

26   truth or falsity of the allegations of paragraph 22, and therefore denies same.

27

28

1    23.    AII lacks sufficient knowledge or information to form a belief as to the
2    truth or falsity of the allegations of paragraph 23, and therefore denies same.

3

4    24.    AII lacks sufficient knowledge or information to form a belief as to the
5    truth or falsity of the allegations of paragraph 24, and therefore denies same.

6

7    25.    AII lacks sufficient knowledge or information to form a belief as to the
8    truth or falsity of the allegations of paragraph 25, and therefore denies same.

9

10    26.    AII lacks sufficient knowledge or information to form a belief as to the
11    truth or falsity of the allegations of paragraph 26, and therefore denies same.

12

13    27.    AII lacks sufficient knowledge or information to form a belief as to the
14    truth or falsity of the allegations of paragraph 27, and therefore denies same.

15

16    28.    AII lacks sufficient knowledge or information to form a belief as to the
17    truth or falsity of the allegations of paragraph 28, and therefore denies same.

18

19    29.    AII lacks sufficient knowledge or information to form a belief as to the
20    truth or falsity of the allegations of paragraph 29, and therefore denies same.

21

22    30.    AII lacks sufficient knowledge or information to form a belief as to the
23    truth or falsity of the allegations of paragraph 30, and therefore denies same.

24

25    31.    AII lacks sufficient knowledge or information to form a belief as to the
26    truth or falsity of the allegations of paragraph 31, and therefore denies same.

27

28

32.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 32, and therefore denies same.

33.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 33, and therefore denies same.

34.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 34, and therefore denies same.

35.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 35, and therefore denies same.

36.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 36, and therefore denies same.

37.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 37, and therefore denies same.

38.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 38, and therefore denies same.

39.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 39, and therefore denies same.

**Walmart Terminates Its Contract with Stiles**

40.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 40, and therefore denies same.

41.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 41, and therefore denies same.

42.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 42, and therefore denies same.

43.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 43, and therefore denies same.

44.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 44, and therefore denies same.

45.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 45, and therefore denies same.

46.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 46, and therefore denies same.

47.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 47, and therefore denies same.

48.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 48, and therefore denies same.

49.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 49, and therefore denies same.

1  **Walmart and American Industries Conspiracy and Unlawful Agreement**

2  50.    AII admits that it manufactures and sells a product named the Ardell Brow

3  Precision Shaper, but denies the remaining allegations of paragraph 50.

4

5  51.    AII admits that it manufactures a product named the Salon Perfect

6  Precision Shaper, but denies the remaining allegations of paragraph 51.

7

8  **Walmart Sells Infringing Razors Made by American Industries**

9  52.    AII denies the allegations of paragraph 52.

10

11  53.    AII denies the allegations of paragraph 53.

12

13  54.    AII denies the allegations of paragraph 54.

14

15  55.    AII denies the allegations of paragraph 55.

16

17  56.    AII denies the allegations of paragraph 56.

18

19  57.    AII denies the allegations of paragraph 57.

20

21  58.    AII denies the allegations of paragraph 58.

22

23  **<u>Patent Infringement</u>**

24  **The Salon Perfect Micro Razor**

25  59.    AII denies the allegations of paragraph 59.

26

27  60.    AII lacks sufficient knowledge or information to form a belief as to the

28  truth or falsity of the allegations of paragraph 60, and therefore denies same.

61.    AII denies the allegations of paragraph 61.

62.    AII denies the allegations of paragraph 62.

**The Salon Perfect Precision Shaper**

63.    AII denies the allegations of paragraph 63.

**The Ardell Brow Precision Shaper**

64.    AII denies the allegations of paragraph 64.

65.    AII denies the allegations of paragraph 65.

66.    AII denies the allegations of paragraph 66.

**<u>Trade Dress Infringement</u>**

67.    AII denies the allegations of paragraph 67.

68.    AII denies the allegations of paragraph 68.

69.    AII denies the allegations of paragraph 69.

70.    AII denies the allegations of paragraph 70.

71.    AII denies the allegations of paragraph 71.

72.    AII denies the allegations of paragraph 72.

**<u>False Association /False Advertising</u>**

73.    AII denies the allegations of paragraph 73.

74.    AII denies the allegations of paragraph 74.

75.    AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 75, and therefore denies same.

76.    AII denies the allegations of paragraph 76.

77.    AII denies the allegations of paragraph 77.

**<u>Antitrust Violations</u>**

78.    AII admits that its products are sold throughout the United States. AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations relating to Walmart's revenues, and therefore denies same. AII denies the remaining allegations of paragraph 78.

79.    AII denies the allegations of paragraph 79.

80.    AII denies the allegations of paragraph 80.

81.    AII denies the allegations of paragraph 81.

82.    AII denies the allegations of paragraph 82.

83.    AII denies the allegations of paragraph 83.

84.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 84, and therefore denies same.

85.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 85, and therefore denies same.

86.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 86, and therefore denies same.

87.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 87, and therefore denies same.

88.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 88, and therefore denies same.

89.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 89, and therefore denies same.

90.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 90, and therefore denies same.

91.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 91, and therefore denies same.

92.     AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 92, and therefore denies same.

93.     AII denies the allegations of paragraph 93.

94.    AII denies the allegations of paragraph 94.

95.    AII denies the allegations of paragraph 95.

96.    AII denies the allegations of paragraph 96.

97.    AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 97, and therefore denies same.

98.    AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 98, and therefore denies same.

99.    AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 99, and therefore denies same.

100.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 100, and therefore denies same.

101.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 101, and therefore denies same.

102.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 102, and therefore denies same.

103.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 103, and therefore denies same.

1    104.   AII lacks sufficient knowledge or information to form a belief as to the
2    truth or falsity of the allegations of paragraph 104, and therefore denies same.

3

4    105.   AII lacks sufficient knowledge or information to form a belief as to the
5    truth or falsity of the allegations of paragraph 105, and therefore denies same.

6

7    106.   AII denies the allegations of paragraph 106.

8

9    107.   AII lacks sufficient knowledge or information to form a belief as to the
10   truth or falsity of the allegations of paragraph 107, and therefore denies same.

11

12   108.   AII denies the allegations of paragraph 108, and all of its subparts.

13

14   109.   AII denies the allegations of paragraph 109.

15

16   110.   AII denies the allegations of paragraph 110.

17

18   111.   AII denies the allegations of paragraph 111.

19

20   112.   AII denies the allegations of paragraph 112.

21

22   113.   AII denies the allegations of paragraph 113.

23

24   114.   AII denies the allegations of paragraph 114.

25

26   115.   AII denies the allegations of paragraph 115.

27

28   116.   AII denies the allegations of paragraph 116.

117.   AII denies the allegations of paragraph 117.

118.   AII denies the allegations of paragraph 118.

119.   AII denies the allegations of paragraph 119.

120.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 120, and therefore denies same.

121.   AII denies the allegations of paragraph 121.

122.   AII denies the allegations of paragraph 122.

123.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 123, and therefore denies same.

124.   AII denies the allegations of paragraph 124.

125.   AII denies the allegations of paragraph 125.

126.   AII denies the allegations of paragraph 126.

**<u>Intentional Interference with Prospective Economic Advantage</u>**

127.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 127, and therefore denies same.

128.   AII denies the allegations of paragraph 128.

129.   AII denies the allegations of paragraph 129.

130.   AII denies the allegations of paragraph 130.

131.   AII denies the allegations of paragraph 131.

132.   AII admits the allegations of paragraph 132.

133.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 133, and therefore denies same.

134.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 134, and therefore denies same.

135.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 135, and therefore denies same.

136.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 136, and therefore denies same.

137.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 137, and therefore denies same.

138.   AII denies the allegations of paragraph 138.

139.   AII denies the allegations of paragraph 139.

140.   AII denies the allegations of paragraph 140.

141.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 141, and therefore denies same.

142.   AII denies the allegations of paragraph 142.

143.   AII denies the allegations of paragraph 143.

## FIRST CLAIM FOR RELIEF

### (Violation of Sherman Act, 15 U.S.C. § 1
### against Walmart and American Industries)

144.   AII repeats and incorporates herein by reference its responses in paragraphs 1 through 143 above as though fully set forth herein.

145.   AII denies the allegations of paragraph 145.

146.   AII denies the allegations of paragraph 146.

147.   AII denies the allegations of paragraph 147.

148.   AII denies the allegations of paragraph 148.

149.   AII denies the allegations of paragraph 149.

150.   AII denies the allegations of paragraph 150.

151.   AII denies the allegations of paragraph 151.

152.   AII denies the allegations of paragraph 152.

153.   AII denies the allegations of paragraph 153.

154.   AII denies the allegations of paragraph 154.

## SECOND CLAIM FOR RELIEF

### (California Cartwright Antitrust Act
### against Walmart and American Industries)

155.   AII repeats and incorporates herein by reference its responses in paragraphs 1 through 154 above as though fully set forth herein.

156.   AII denies the allegations of paragraph 156.

157.   AII denies the allegations of paragraph 157.

158.   AII denies the allegations of paragraph 158.

159.   AII denies the allegations of paragraph 159.

## THIRD CLAIM FOR RELIEF

### (Patent Infringement of the '468 Patent
### against Walmart and American Industries)

160.   AII repeats and incorporates herein by reference its responses in paragraphs 1 through 160 above as though fully set forth herein.

161.   AII lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 161, and therefore denies same.

1    162.   AII lacks sufficient knowledge or information to form a belief as to the

2    truth or falsity of the allegations of paragraph 162, and therefore denies same.

3

4    163.   AII denies the allegations of paragraph 163.

5

6    164.   AII denies the allegations of paragraph 164.

7

8    165.   AII denies the allegations of paragraph 165.

9

10    **FOURTH CLAIM FOR RELIEF**

11    **(Patent Infringement of the '329 Patent**

12    **against Walmart and American Industries)**

13    166.   AII   repeats   and   incorporates   herein   by   reference   its   responses   in

14    paragraphs 1 through 166 above as though fully set forth herein.

15

16    167.   AII lacks sufficient knowledge or information to form a belief as to the

17    truth or falsity of the allegations of paragraph 167, and therefore denies same.

18

19    168.   AII lacks sufficient knowledge or information to form a belief as to the

20    truth or falsity of the allegations of paragraph 168, and therefore denies same.

21

22    169.   AII denies the allegations of paragraph 169.

23

24    170.   AII denies the allegations of paragraph 170.

25

26    171.   AII denies the allegations of paragraph 171.

27

28

1

**WILLFUL INFRINGEMENT**

2
        172.   AII denies the allegations of paragraph 172.

3

4
        173.   AII lacks sufficient knowledge or information to form a belief as to the

5
truth or falsity of the allegations of paragraph 173, and therefore denies same.

6

7
        174.   AII denies the allegations of paragraph 174.

8

9
        175.   AII denies the allegations of paragraph 175.

10

11
## FIFTH CLAIM FOR RELIEF

12
**(Trade Dress Infringement in Violation of Section 43(a) of the Lanham Act**

13
**against Walmart and American Industries)**

14
        176.   AII repeats and incorporates herein by reference its responses in

15
paragraphs 1 through 176 above as though fully set forth herein.

16

17
        177.   AII denies the allegations of paragraph 177.

18

19
        178.   AII denies the allegations of paragraph 178.

20

21
        179.   AII denies the allegations of paragraph 179.

22

23
        180.   AII denies the allegations of paragraph 180.

24

25

26

27

28

1     **SIXTH CLAIM FOR RELIEF**

2     **(False Advertising and False Association in Violation of Section 43(a) of the**

3     **Lanham Act against Walmart)**

4           Plaintiffs' Sixth Claim for Relief is alleged only against Walmart, and so no

5     response to that Claim by AII is required. Nevertheless, to the extent a response is

6     required, AII responds as follows:

7

8           181.   AII repeats and incorporates herein by reference its responses in

9     paragraphs 1 through 181 above as though fully set forth herein.

10

11          182.   AII denies the allegations of paragraph 182.

12

13          183.   AII denies the allegations of paragraph 183.

14

15          184.   AII denies the allegations of paragraph 184.

16

17          185.   AII denies the allegations of paragraph 185.

18

19          186.   AII denies the allegations of paragraph 186.

20

21     **SEVENTH CLAIM FOR RELIEF**

22     **(Intentional Interference with Prospective Economic Advantage**

23     **against American Industries)**

24          187.   AII repeats and incorporates herein by reference its responses in

25     paragraphs 1 through 187 above as though fully set forth herein.

26

27          188.   AII denies the allegations of paragraph 188.

28

189.   AII denies the allegations of paragraph 189.

190.   AII denies the allegations of paragraph 190.

191.   AII denies the allegations of paragraph 191.

192.   AII denies the allegations of paragraph 192.

### RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

AII denies that Plaintiffs are entitled to the judgment and relief requested in the Fourth Amended Complaint.  Plaintiffs' prayer for relief should be denied in its entirety, and Plaintiffs should take nothing by way of their Fourth Amended Complaint.

### AFFIRMATIVE DEFENSES

AII asserts the following affirmative defenses. AII's investigation of its defenses is ongoing, and AII expressly reserves the right to allege and assert any additional affirmative defenses that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

1.     The Fourth Amended Complaint, and each cause of action within it, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' purported trade dress is functional.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' purported trade dress is not distinctive.

### FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use.

### FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiffs' claims are barred, in whole or in part, because AII has not used Plaintiff's purported trade dress in commerce.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are barred, in whole or in part, because AII has not infringed Plaintiffs' purported trade dress or any claim of U.S. Patent Nos. 9,108,329 or D542,468 ("Plaintiffs' Purported Patents"), either literally and/or under the doctrine of equivalents.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims are barred, in whole or in part, because the claims of Plaintiffs' Purported Patents are invalid, void, and/or unenforceable for failure to satisfy the conditions for patentability pursuant to 35 U.S.C. §§ 102, 103, 112, and 171, *et al*.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are estopped from construing any valid claim of Plaintiffs' Purported Patents to cover or include, either literally or by application of the doctrine of equivalents, any product manufactured, used, imported, sold, or offered by AII because of admissions and statements to the United States Patent and Trademark Office in the specification of

1 those Patents and during prosecution of the applications leading to the issuance of those

2 Patents.

3

4 ### NINTH AFFIRMATIVE DEFENSE

5      9.    Plaintiffs' claims for damages, if any, for alleged infringement of

6 Plaintiffs' Purported Patents are limited by 35 U.S.C. §§ 286, 287, 288, and/or 289.

7

8 ### TENTH AFFIRMATIVE DEFENSE

9     10.    Plaintiffs' claims are barred, in whole or in part, by the applicable statutes

10 of limitations.

11

12 ### ELEVENTH AFFIRMATIVE DEFENSE

13     11.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed

14 to mitigate their damages.

15

16 ### TWELFTH AFFIRMATIVE DEFENSE

17     12.    Plaintiffs' claims are barred, in whole or in part, by consent, acquiescence,

18 and license.

19

20 ### THIRTEENTH AFFIRMATIVE DEFENSE

21     13.    Plaintiffs' claims are barred, in whole or in part, by equitable doctrines of

22 waiver, unclean hands, and estoppel.

23

24

25

26

27

28

# COUNTERCLAIMS

1.      Counterclaim-Plaintiff AII incorporates by reference the admissions, allegations, denials, and additional defenses in the answer above as if fully set forth herein. AII counterclaims as follows.

2.      AII is a California general partnership having its principal place of business in Los Angeles County California.

3.      On information and belief, Stiles 4 U, Inc. is a California corporation with its principal place of business in Redding, California, and Sharidan Stiles is an individual with a place of residence in Redding, California.  Stiles 4 U, Inc. and Sharidan Stiles are hereinafter referred to collectively as "Counterclaim-Defendants."

## JURISDICTION AND VENUE

4.      Subject to its defenses and denials, AII alleges this Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338, 2201, 2202 and the Lanham Act, 15 U.S.C. § 1121.

5.      Counterclaim-Defendants are subject to personal jurisdiction in this district at least because they have voluntarily appeared and consented to this district by filing their patent and trade dress infringement claims in this district.

## FACTUAL BACKGROUND

6.      In their Fourth Amended Complaint, Counterclaim-Defendants assert that AII has infringed U.S. Patent No. 9,108,329 (the "'329 patent") and U.S. Patent No. D542,468 (the "'468 patent").

7.     AII has not infringed and does not infringe any valid or enforceable claim of the '329 patent or the '468 patent.

8.     Both the '329 patent and the '468 patent are invalid and unenforceable.

9.     Counterclaim-Defendants further allege that they own a trade dress in its products and that AII infringed the purported trade dress.

10.    AII has not infringed and does not infringe Counterclaim-Defendants' purported trade dress.

11.    Accordingly, AII has not violated any provision of the Lanham Act or infringed any valid and enforceable rights of Counterclaim-Defendants.

12.    Counterclaim-Defendants' purported trade dress is invalid and unenforceable.

13.    Consequently, there is an actual case or controversy between AII and Counterclaim-Defendants over the non-infringement, validity, and unenforceability of the '329 patent, the '468 patent, and the purported trade dress.

## **COUNT 1**

### **(Declaratory Judgment of Non-Infringement of the '329 patent)**

14.    AII restates and incorporates by reference Paragraphs 1-13 of these counterclaims as if fully set forth herein.

15.    An actual case or controversy exists between AII and Counterclaim-Defendants as to whether the claims of the '329 patent are not infringed by AII.

16. A judicial declaration is necessary and appropriate so that AII may ascertain its rights as to the '329 patent.

17. AII has not in the past, and does not now, make, use, sell, offer to sell, or import any products that infringe any valid claim of the '329 patent, either directly or indirectly, and AII does not and has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the '329 patent either literally or under the doctrine of equivalents.

18. AII therefore seeks judicial declaration that it has not and does not infringe any valid or enforceable claim of the '329 patent.

## COUNT 2

**(Declaratory Judgment of Invalidity and Unenforceability of the '329 patent)**

19. AII restates and incorporates by reference Paragraphs 1-18 of these counterclaims as if fully set forth herein.

20. An actual case or controversy exists between AII and Counterclaim-Defendants as to whether the claims of the '329 patent are invalid and unenforceable.

21. A judicial declaration is necessary and appropriate so that AII may ascertain its rights as to the '329 patent.

22. The claims of the '329 patent are invalid for failure to meet one or more of the conditions of patentability, specified in 35 U.S.C. §§ 102, 103 and 112, as follows:

    a. One or more claims of the '329 patent are anticipated under 35 U.S.C. § 102(a) because the "invention" was known or used by others in this country,

1    or patented or described in a printed publication in this or a foreign country, before the
2    "invention" thereof by the applicant for patent;

3

4        b.    One or more claims of the '329 patent are anticipated under 35
5    U.S.C. § 102(b) because the "invention" was patented or described in a printed
6    publication in this or a foreign country or in public use or on sale in this country, more
7    than one year prior to the date of the application for patent in the United States;

8

9        c.    One or more claims of the '329 patent are obvious under 35 U.S.C.
10   § 103, because the differences between the subject matter sought to be patented and the
11   prior art are such that the subject matter as a whole would have been obvious at the
12   time the purported "invention" was made to a person having ordinary skill in the art to
13   which said subject matter pertains;

14

15       d.    One or more claims of the '329 patent are invalid for failing to
16   satisfy the enablement requirement under 35 U.S.C. § 112 because the '329 patent does
17   not contain a written description of the "invention," and of the manner and process of
18   making and using it, in such full, clear, concise, and exact terms as to enable any person
19   skilled in the art to which it pertains, or with which it is most nearly connected, to make
20   and use the same.

21

22   23.    AII therefore seeks judicial declaration that the claims of the '329 patent
23   are invalid and unenforceable.

24

25                            **COUNT 3**

26           **(Declaratory Judgment of Non-Infringement of the '468 patent)**

27   24.    AII restates and incorporates by reference Paragraphs 1-23 of these
28   counterclaims as if fully set forth herein.

25.     An actual case or controversy exists between AII and Counterclaim-Defendants as to whether the '468 patent is not infringed by AII.

26.     A judicial declaration is necessary and appropriate so that AII may ascertain its rights as to the '468 patent.

27.     AII has not in the past, and does not now, make, use, sell, offer to sell, or import any products that infringe any valid claim of the '468 patent, either directly or indirectly, and AII does not and has not infringed, contributed to the infringement of, or induced infringement of any valid claim of the '468 patent either literally or under the doctrine of equivalents.

28.     AII therefore seeks judicial declaration that it has not and does not infringe any valid and enforceable claim of the '468 patent.

## COUNT 4

**(Declaratory Judgment of Invalidity and Unenforceability of the '468 patent)**

29.     AII restates and incorporates by reference Paragraphs 1-28 of these counterclaims as if fully set forth herein.

30.     An actual case or controversy exists between AII and Counterclaim-Defendants as to whether the '468 patent is invalid and unenforceable.

31.     A judicial declaration is necessary and appropriate so that AII may ascertain its rights as to the '468 patent.

32.     The claims of the '468 patent are invalid for failure to meet one or more of the conditions of patentability, otherwise comply with the provisions of 35 U.S.C. §§ otherwise comply with the provisions of 35 U.S.C. §§ 102, 103 and 171 as follow:

a.     One or more claims of the '468 patent are anticipated under 35 U.S.C. § 102(a) because the alleged invention thereof was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the "invention" thereof by the applicant for patent;

b.     One or more claims of the '468 patent are anticipated under 35 U.S.C. § 102(b) because the alleged invention thereof was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States;

c.     One or more claims of the '468 patent are obvious under 35 U.S.C. § 103, because the claim(s) are obvious to a designer of ordinary skill who designs articles of the type involved at the time of the invention;

d.     One or more claims of the '468 patent are invalid under 35 U.S.C. § 171 due to functionality.

33.     AII therefore seeks judicial declaration that the '468 patent is invalid and unenforceable.

1
## COUNT 5

2
**(Declaratory Judgment of Non-Infringement of Stiles Purported Trade Dress)**

3      34.    AII restates and incorporates by reference Paragraphs 1-33 of these

4    counterclaims as if fully set forth herein.

5

6      35.    An actual case or controversy exists between AII and Counterclaim-

7    Defendants as to whether its purported trade dress is not infringed by AII.

8

9      36.    A judicial declaration is necessary and appropriate so that AII may

10   ascertain its rights as to Counterclaim-Defendants' purported trade dress.

11

12     37.    AII has not infringed and does not infringe Counterclaim-Defendants'

13   purported trade dress at least because there is no likelihood of confusion between the

14   accused products and the purported trade dress.

15

16     38.    AII therefore seeks judicial declaration that it has not and does not infringe

17   Counterclaim-Defendants' purported trade dress.

18

19
## COUNT 6

20
**(Declaratory Judgment of Invalidity and Unenforceability of the Purported**

21
**Trade Dress)**

22     39.    AII restates and incorporates by reference Paragraphs 1-38 of these

23   counterclaims as if fully set forth herein.

24

25     40.    An actual case or controversy exists between AII and Counterclaim-

26   Defendants as to whether the purported trade dress is invalid and unenforceable.

27

28

41.    A judicial declaration is necessary and appropriate so that AII may ascertain its rights as to Counterclaim-Defendants' purported trade dress.

42.    Counterclaim-Defendants' purported trade dress is invalid for failure to comply with one or more requirements under the Lanham Act including that the purported trade dress is not inherently distinctive, has not acquired secondary meaning, is functional, and is unenforceable.

43.    AII therefore seeks judicial declaration that Counterclaim-Defendants' purported trade dress is invalid and unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, AII prays for judgment as follows:

A.    Dismissal of the Fourth Amended Complaint with prejudice;

B.    Denial of all relief sought by Plaintiffs and Counterclaim-Defendants;

C.    A declaration that AII has not infringed and does not infringe Plaintiffs' and Counterclaim-Defendants' purported trade dress or any valid and enforceable claim of the '468 patent and/or the '329 patent;

D.    A declaration that Plaintiffs' and Counterclaim-Defendants' purported trade dress, the '469 patent, and the '329 patent are invalid and unenforceable.

E.    A declaration that Plaintiffs and Counterclaim-Defendants take nothing by the Fourth Amended Complaint;

1    F.    An award of reasonable attorney fees, costs, and expenses incurred by AII

2          in this action as the prevailing party; and

3

4    G.    Such other and further relief as this Court may deem just and proper.

5

6    Dated:  April 12, 2019                     Mark D. Kremer

7                                               Zachary Page, members of
                                                CONKLE, KREMER & ENGEL
8                                               Professional Law Corporation

9

10

11                                       By:   */s/ Zachary Page*
                                               Zachary Page
12                                             Attorneys    for    American    International
                                               Industries
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# DEMAND FOR JURY TRIAL

2    Defendant American International Industries hereby demands trial by jury of all

3    issues so triable.

4

5    Dated:  April 12, 2019

Mark D. Kremer
6    Zachary Page, members of
CONKLE, KREMER & ENGEL
7    Professional Law Corporation

8

9

By:  */s/ Zachary Page*
10                                                                    Zachary Page
11   Attorneys   for   American   International
Industries
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>PROOF OF SERVICE</u>**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

      At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address

4

is 3130 Wilshire Boulevard, Suite 500, Santa Monica, California 90403-2351.

5

      On April 12, 2019, I served true copies of the following document(s) described as **DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES' ANSWER TO**

6

**PLAINTIFF'S FOURTH AMENDED COMPLAINT AND COUNTERCLAIMS** on the interested parties in this action as follows:

7

**SEE ATTACHED SERVICE LIST**

8

      **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said

9

document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or

10

counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

11

      I declare under penalty of perjury under the laws of the United States of America

12

that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

13

      Executed on April 12, 2019 at Santa Monica, California.

14

15

                    */s/ Zachary Page*

16

                    Zachary Page

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES'
AMENDED ANSWER TO PLAINTIFFS' FOURTH AMENDED COMPLAINT AND COUNTERCLAIMS

1

**SERVICE LIST**
**Stiles v. Wal-Mart Stores Inc, et al**

2

**CV14-02234-GEB-CMK**

3  Joseph M. Alioto
       *jmalioto@aliotolaw.com*

Bryan A. Merryman
       *bmerryman@whitecase.com*

4  Jamie L. Miller
       *jmiller@aliotolaw.com*

Catherine Susan Simonsen
       *catherine.simonsen@whitecase.com*

5  ALIOTO LAW FIRM

WHITE & CASE LLP

One Sansome Street, 35th Floor

555 South Flower Street

6  San Francisco, CA 94104

Suite 2700

7  Telephone: 415-434-8900

Los Angeles, CA 90071-2433

Facsimile: 415-434-9200

Telephone:  213-620-7700

8  Attorneys for Plaintiffs

Facsimile:  213-452-2329
Attorneys for Defendant

9

Wal-Mart Stores, Inc.

10

11

Stefan M. Mentzer , PHV
WHITE & CASE, LLP

12       *smentzer@whitecase.com*
1221 Avenue of the Americas

13  Floor 49
New York, NY 10020

14  Telephone: 212-819-8200
Facsimile: 212-354-8113

15  Attorneys for Defendant
Wal-Mart Stores, Inc.

16

17

Bijal V. Vakil
       *bvikal@whitecase.com*

18  WHITE & CASE LLP
3000 El Camino Real

19  5 Palo Alto Square, 9th Floor
Telephone:  650-213-0300

20  Facsimile:  650-213-8158
Attorneys for Defendant

21  Wal-Mart Stores, Inc.

22

23

24

25

26

27

28

0067.241\9930

-35-