**Pierce Bainbridge Beck Price & Hecht LLP**
Brian J. Dunne (SBN 275689)
bdunne@piercebainbridge.com
Yavar Bathaee (SBN 282388)
yavar@piercebainbridge.com
David L. Hecht (*pro hac vice*)
dhecht@piercebainbridge.com
355 South Grand Avenue, 44th Floor
Los Angeles, California 90071
(213) 262-9333

**Dhillon Law Group Inc.**
Harmeet K. Dhillon (SBN 207873)
harmeet@dhillonlaw.com
Nitoj Singh (SBN 265005)
nsingh@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, CA 94108
(415) 433-1700

*Attorneys for Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, an individual, STILES 4 U, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., and AMERICAN INTERNATIONAL INDUSTRIES,<br><br>Defendants. | Case No. 2:14-cv-02234-MCE-CMK<br><br>**Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.'s Opposition to Defendants' Request to File Sur-Reply (Dkt. 262)**<br><br>**Hon. Morrison C. England, Jr.** |

**Plaintiffs' Opposition to Defendants' Request to Maintain Documents Under Seal**

# INTRODUCTION

Defendants' Request to File Sur-Reply (Dkt. 261) should be denied. There is no basis under the Federal or Local Rules for continued briefing on Walmart and Al's red herring Statute of Limitations argument. And more to the point, a Sur-Reply would not assist the Court in ruling on Plaintiffs' Motion for Leave to Join Additional Parties (Dkt. 232), because the proposed Sur-Reply (Dkt. 261-1) is both wrong and immaterial.

There are three separate reasons—relation back, standing, and discovery rule/fraudulent concealment—why Defendants' Statute of Limitations arguments do not bar Plaintiffs' Motion, even in part. The Sur-Reply only addresses only one-half of one of these reasons, and it does so by making demonstrably false statements to the Court about "[c]ontrolling Supreme Court and Ninth Circuit authority."

Whether the Court strikes it or reads it, Defendants' proposed Sur-Reply doesn't change the real issues before the Court on Plaintiffs' Motion—except to establish, once again, that Defendants are not being straightforward in their filings. The Court should deny Defendants' Request.

# ARGUMENT

Defendants' proposed Sur-Reply is unauthorized, and there is no valid reason for the Court to allow it. But authorized or not, Defendants' Sur-Reply changes nothing.

First, even if the Sur-Reply were accurate, it would not preclude Plaintiffs' Motion for Leave to Join Additiona Parties (Dkt. 232) on Statute of Limitations grounds. For example, the original Motion expressly set forth a factual basis for relating back claims against the Proposed Defendants to the original Complaint in this action. The Sur-Reply (and Defendants' Opposition) simply ignores this.

But in any event, the Sur-Reply—as with so many of Defendants' other filings in this matter—is ***not*** accurate. Plaintiffs did not misstate the holding of *Fenerjian v. Nongshim Co., Ltd.*, 72 F. Supp. 3d 1058, 1077 (N.D. Cal. 2014). Nor is *Fenerjian* contradicted or overruled by "[c]ontrolling Supreme Court and Ninth Circuit authority." (Dkt. 261-1 at 1.) Defendants' Sur-Reply engages in legal sleight-of-hand, and though this angle-shooting is immaterial to the Court's ultimate decision here—Plaintiffs' Motion is not barred by the Statute of Limitations regardless—the lack of candor throughout the Sur-Reply is concerning.

**A.  The Proposed Sur-Reply is Immaterial, Because It Does Not Address Relation Back, Lack of Standing, and Fraudulent Concealment, Each of Which Precludes A Statute of Limitations Bar to the Motion**

First, the Walmart and AI's proposed Sur-Reply is immaterial to the Court's resolution of Plaintiffs' Motion. (Dkt. 232.) Simply put, there was never a material Statute of Limitations dispute before the Court with regard to the Motion, and there certainly isn't one now.

On June 28, 2019, Plaintiffs filed their Motion Seeking Leave to Join Additional Defendants. (Dkt. 232.) This filing sought to add as parties in this action Procter & Gamble Co.; Coty, Inc.; and Pacific World Corporation ("the Proposed Defendants"), and explained that "***the Proposed Defendants are part of the same conspiracy alleged against [existing defendants] Walmart and AI***" and "***the question[s] of law and fact in this case are common to Proposed Defendants and Defendants alike*** . . . ." (*Id*. at 15.) The specific facts alleged in the Motion directly support the above assertions. (*See generally id.* at 4–14; *compare with* Dkt. 1 at 2–9; Dkt. 16 at 5–31.) Under the "liberally applied" relation back doctrine in the Ninth Circuit, *see ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014), a claim relates back if it "arose out of the conduct, transaction or occurrence

set out—*or attempted to be set out*—in the original pleading" (emphasis added). Moreover, the Motion could only be denied on Statute of Limitations grounds where "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). The original Motion indisputably established timeliness under the relevant standard.

Nonetheless, Defendants' Opposition tried to manufacture a dispute regarding timeliness. (*See* Dkt. 250 at 14–15.) Specifically, the Opposition stated that Plaintiffs' claims against Proposed Defendants Coty and Pacific World (but not its claims against Procter & Gamble) are time barred because a previous *pro se* Complaint was filed against these defendants in July 2014. No case law was provided for Defendants' argument, which appears to be premised on the nonsense proposition that the facts contained in internal Walmart, AI, and Pacific World documents that **Defendants themselves have told the Court are confidential** were somehow known to Plaintiffs in July 2014. (*Compare* Dkt. 250 at 14 ("any new claims based on the facts obliquely described in the Motion are the same claims plaintiffs filed, and dismissed, more than five years ago" (emphasis removed) *with* Dkt. 235, 236, and 261 (asserting, in sworn declarations, that 34 of 38 exhibits to Plaintiffs' Motion contain Walmart, AI, and/or Pacific World confidential information and require sealing).)

Defendants' Statute of Limitations argument in the Opposition was devoid of meaningful legal or factual specifics. (*See* Dkt. 250 at 14-15.) For example, the Opposition never mentions relation back, never mentions the relevant standard for determining timeliness at the pleading stage, and never mentions any of the other legal or factual particulars that might actually provide the Court with guidance on how to

analyze Defendants' argument that the Motion was time-barred as to Coty and PWC.  (*See id.*),

Plaintiffs' Reply sought to remedy any question the Court might have from the sparse Opposition as to whether the Motion was time-barred.  Specifically, the Reply provided three separate reasons that the Motion could not be denied at this juncture on Statute of Limitations grounds:

(1) Plaintiffs reiterated that based on the allegations in the Motion, the claims against the Proposed Defendants related back (Dkt. 253 at 9–10);

(2) Plaintiffs noted that Defendants had no standing to assert Statute of Limitations on behalf of the Proposed Defendants (*id.* at 9); and

(3) Plaintiffs explained that at the pleading stage, the discovery rule (*id.* at 8-9) and/or the fraudulent concealment rule (*Id.* at 9 n. 8), further prevented the applicability of Walmart and Al's putative Statute of Limitations argument.

In response to Plaintiff's efforts to explain to the Court (1) how to evaluate Defendants' timeliness arguments and (2) why Defendants' timeliness arguments are flatly and redundantly without merit, Defendants seek to file a Sur-Reply based on "new arguments" by Plaintiffs.  However, the proposed Sur-Reply does not address relation back or fraudulent concealment.  Nor does it address standing (except to assert that Plaintiffs should have pre-objected, in their original Motion, to the impropriety of an argument that had not yet been made).  (*See* Dkt. 262-1 at 9.)  And the proposed Sur-Reply completely ignores the relevant legal standard for timeliness at this stage of proceeedings—whether "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim," *Von Saher*, 592 F.3d at 969.  Under the appropriate standard, the proposed Sur-Reply is simply irrelevant to the Court's decision on this Motion.

**B. The Proposed Sur-Reply Expressly Misrepresents "Controlling Supreme Court and Ninth Circuit Authority" and Otherwise Fails To Provide Accurate Legal Analysis**

What the Sur-Reply ***does*** (purport to) focus on is the so-called "discovery rule." The Sur-Reply's discussion of the discovery rule is immaterial to the Court's resolution of the Motion, for all the reasons provided above (e.g., relation back, lack of standing, and the fraudulent concealment doctrine, each of which independently wards off Walmart and AI's Statute of Limitation argument at this juncture). But notably, Defendants' representations to the Court regarding the discovery rule in the Sur-Reply aren't just immaterial—they are ***false***.

Most egregiously, Defendants assert that "[c]ontrolling Supreme Court and Ninth Circuit authority hold the opposite [of *Fenerjian v. Nongshim Co., Ltd.*, 72 F. Supp. 3d 1058, 1077 (N.D. Cal. 2014)]: that the 'discovery rule' does not apply to Sherman Act claims . . . ." (Dkt. 262-1 at 1.) This is not true, and ***Defendants' own cites*** show it.

For example, Defendants cite *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1059-60 (9th Cir. 2012), but this case does not hold that discovery is irrelevant to the tolling of the Statute of Limitations for antitrust claims. In fact, it holds the opposite: that both actual and constructive knowledge are relevant for the determining the Statute of Limitations for Sherman Act claims, which are subject to (at least) the fraudulent concealment tolling rule in the Ninth Circuit. The entire premise of the *Hexcel* opinion—which perhaps Defendants did not read in its entirety—is to determine whether, at the summary judgment stage, constructive knowledge of a plaintiff had been shown so as ***not*** to toll the four year Statute of Limitations under the Sherman Act. *See, e.g.,* 681 F.3d at 1061-63. Whatever *Hexcel* shows, it certainly does ***not*** show that the Ninth Circuit follows the so-called "injury rule," under which

nothing can toll the four-year statute of limitations for Sherman Act cases.

Next, Defendants cite *Beneficial Standard Life Insurance Co. v. Madariaga*, 851 F.2d 271, 274-75 (9th Cir. 1988), which inquires whether a plaintiff's knowledge is relevant to the accrual of a cause of action under RICO, and holds that yes, actual or constructive knowledge is relevant. *See id.* The portion of the *Beneficial Standard* decision quoted by Defendants—"plaintiff's knowledge is generally irrelevant to accrual" (*see* Dkt. 262-1 at 1)—is not only entirely dicta, but in fact exclusively relies on a case, *Airweld, Inc. v. Airco, Inc.*, 742 F.2d 1184, 1189–90 (9th Cir. 1984), that holds nothing whatsoever regarding the relevance of plaintiffs' knowledge to the Sherman Act statute of limitations.

Additionally, Defendants cite *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971), as somehow supporting their argument that "[c]ontrolling Supreme Court and Ninth Circuit authority hold the opposite." This is patently untrue. *Zenith* says nothing about the inapplicability of the discovery rule or fraudulent concealment to antitrust claims. And any assertion to the contrary—let alone that "[c]ontrolling Supreme Court . . . authority holds the opposite" is directly contradicted by the fact that a federal circuit court **has** post-*Zenith*, and **citing** *Zenith*, expressly held the discovery rule is applicable to Sherman Act claims, without being reversed by the Supreme Court:

> As an initial matter, plaintiffs' antitrust claims are subject to a four-year statute of limitations. 15 U.S.C. § 15b; *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) ("The basic rule is that damages are recoverable under the federal antitrust acts only if suit therefor is 'commenced within four years after the cause of action accrued'...." (*quoting* 15 U.S.C. § 15b)). Generally, an antitrust "cause of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business." *Zenith*, 401 U.S. at 338, 91 S.Ct. 795. As in other areas of the law, however, in the absence of a contrary directive from Congress this rule is qualified by the discovery rule, which "postpones the beginning of the

> limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured." *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir.1990). "This principle is based on the general rule that accrual occurs when the plaintiff discovers that 'he has been injured and who caused the injury.'" *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 688 (7th Cir.2004) (*quoting United States v. Duke*, 229 F.3d 627, 630 (7th Cir.2000) (emphasis in original)).

*In re Copper Antitrust Litigation*, 436 F.3d 782, 789 (7th Cir. 2006).

Whether or not this Court decides that the analysis in *In re Copper* is persuasive (the decision is obviously non-binding), the case plainly falsifies Defendants' claim that "[c]ontrolling Supreme Court . . . authority hold[s] the opposite" of Plaintiffs' Reply brief.

And as to Defendants' claim that "[c]ontrolling . . . Ninth Circuit authority hold[s] the opposite" of Plaintiffs' Reply Brief, perhaps Judge Orrick, in a follow-up to the *Fenerjian* case cited by Plaintiffs, put it best:

> [P]laintiffs contend that no circuit has rejected the discovery rule as applied to antitrust injuries where plaintiffs were unaware of their injuries at the time they occurred, and note the only circuit to have directly addressed those facts applied the discovery rule. *See In re Copper Antitrust Litigation*.
>
> I need not choose a side on this split in authority. As discussed below, I conclude the fraudulent concealment exception to the four year statute of limitations applies.

*In re Korean Ramen Antitrust Litigation*, 281 F. Supp.3d 892, 900–901 (N.D. Cal. 2017).

## CONCLUSION

In sum, Plaintiffs provided three separate reasons the Statute of Limitations does not bar their Motion, even in part. Defendants sought to rebut one-half of one of those reasons and did so by making demonstrably false statements to the Court about "controlling" authority.

Defendants' Request to File Sur-Reply should be denied.

| | |
|---|---|
| Dated: August 13, 2019 | Respectfully submitted, |
| | **Pierce Bainbridge Beck Price & Hecht LLP** |
| | By: <u>/s/ Brian J. Dunne</u><br>Brian J. Dunne (SBN 275689)<br>bdunne@piercebainbridge.com<br>Yavar Bathaee (SBN 282388)<br>yavar@piercebainbridge.com<br>David Hecht (pro hac vice)<br>dhecht@piercebainbridge.com<br>355 South Grand Avenue, 44th Floor<br>Los Angeles, California 90071<br>(213) 262-9333 |
| | **Dhillon Law Group Inc.** |
| | Harmeet K. Dhillon (SBN 207873)<br>harmeet@dhillonlaw.com<br>Nitoj Singh (SBN 265005)<br>nsingh@dhillonlaw.com<br>177 Post Street, Suite 700<br>San Francisco, CA 94108<br>(415) 433-1700 |
| | *Attorneys for Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.* |