**Pierce Bainbridge Beck Price & Hecht LLP**
Brian J. Dunne (SBN 275689)
bdunne@piercebainbridge.com
Yavar Bathaee (SBN 282388)
yavar@piercebainbridge.com
David L. Hecht (*pro hac vice*)
dhecht@piercebainbridge.com
355 South Grand Avenue, 44th Floor
Los Angeles, California 90071
(213) 262-9333

**Dhillon Law Group Inc.**
Harmeet K. Dhillon (SBN 207873)
harmeet@dhillonlaw.com
Nitoj Singh (SBN 265005)
nsingh@dhillonlaw.com
177 Post Street, Suite 700
San Francisco, CA 94108
(415) 433-1700

*Attorneys for Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, an individual, STILES 4 U, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., and AMERICAN INTERNATIONAL INDUSTRIES,<br><br>Defendants. | Case No. 2:14-cv-02234-MCE-CMK<br><br>**Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.'s Opposition to Defendant American International Industries's Motion to Enjoin Plaintiffs From Prosecuting Redundant Actions (Dkt. 265)**<br><br>**Hon. Morrison C. England, Jr.**<br><br>**Date: Sep. 19, 2019**<br>**Time: 2:00 pm**<br>**Courtroom 7** |

**INTRODUCTION**

Proceeding from demonstrably false factual premises and inapplicable legal authorities, Defendant American International Industries ("AI") moves the Court for impermissibly broad relief:

> [AI] will and hereby does move, for an order enjoining Plaintiffs Sharidan Stiles and Stiles 4 U, Inc. from further prosecution of actions in any other district court, including but not limited to the actions filed by Plaintiffs in the Eastern District of Texas against AI's customers.

(Dkt. 265 ("Motion") at 1.)

AI's Motion should be denied, for at least four reasons.

**First**, the relief requested by AI—a nationwide injunction prohibiting not-yet-filed suits against unidentified parties for infringing Stiles's patents—is legally impermissible, because it violates the United States Constitution.

Specifically, although this Court could (upon a proper showing) issue an injunction to effectively *stay* overlapping litigation pending in another court, this Court cannot legally issue an injunction that prohibits Stiles from filing *new* lawsuits to enforce her Constitutionally-protected property rights—embodied in several duly-issued United States patents that will expire within the next three years—through the statutorily-prescribed process. The reason for this is simple: under the restrictive patent venue statute, **most retailers are not subject to suit in this jurisdiction**. Indeed, the HEB lawsuit that AI describes as "blatant forum shopping" (Mot. at 16) **could not legally have been filed anywhere but Texas under the patent venue statute.** Given that retailers are separately-liable infringers of Stiles's patents under 35 U.S.C. § 287, the injunction AI seeks is not a matter of judicial economy, but a matter of taking Stiles's property rights in her patents. The requested injunction must be denied to the extent it seeks to bar future lawsuits against unnamed parties, in unidentified jurisdictions.

**Second**, AI lacks standing to seek an injunction barring Stiles from enforcing her patents (i) against non-AI products, or (ii) for infringing sale of AI-manufactured products where the defendant has not sought indemnification from AI.  As a result of the former, this Court cannot enjoin Stiles's prosecution of her claims against the Onyx Professional Details Matter Brow Razor in *Stiles v. Walmart*, Case No. 4:19-cv-00420 (E.D. Tex.), and *Stiles v. H-E-B*, Case No. 4:19-cv-00489 (E.D. Tex.) ("the HEB Action"), and her claims against the KISS Beautiful Tool Kit Grooming (KPLK03) in the HEB Action.  As a result of the latter, this Court cannot enjoin Stiles's prosecution of ***any*** of her claims in the HEB Action.

**Third,** AI's legal and factual arguments in the Motion are simply inaccurate, and do not justify injunctive relief of any kind.

For example, the '689 patent was not at issue in this court—through AI's execrable "compulsory counterclaim" argument or otherwise—prior to AI's filing of a ***separate lawsuit asserting that patent*** in this district on July 3, 2019.  When AI asserted a declaratory judgment counterclaim against the '329 patent on November 2, 2017, October 10, 2018, and April 12, 2019, it invoked this Court's subject matter jurisidiction over the '329 patent—and not over a different patent that, by AI's own telling, had never been raised to AI, in court or elsewhere.  Courts throughout the country—including the Federal Circuit and the United States Supreme Court—would be surprised to learn that Rule 13 contains a hitherto-unused backdoor exception to federal subject matter jurisdiction limitations on patent declaratory judgment claims.

Of course, AI presumably recognizes that its '329 patent counterclaims in this action didn't ***really*** implicate the unasserted '689 patent, which is why AI ***filed a separate declaratory judgment action regarding the '689 patent*** in this district in July.  In any event regardless of which set of arguments AI actually believes (its arguments

from July or its arguments now—AI is judicially estopped from running away from its July 3 arguments by asserting the '689 patent was necessarily raised by AI's '329 patent counterclaims in this action.

Next, as to AI's implicit argument that Stiles's claims against **different parties**—Target, CVS, HEB, and apparently unidentified "AI[] customers" throughout the country (Motion at 20)—**must have been brought as counterclaims** in this action, that is both unsupported by law and unworkable as a matter of jurisdiction and venue. As a result, to the extent that AI is relying on a compulsory counterclaim argument here, it is really only talking about one portion of one action: '689 patent claims against Walmart for sale of the Ardell Pro Brow Precision Shaper. As noted above, the '689 patent was never actually implicated in this action, but it is important to note the extremely limited impact of AI's "compulsory counterclaim" argument even if the Court credits it.

**Fourth**, after separating out the blatantly illegal or otherwise unsupportable portions (a prospective injunction against suing unidentified parties in unidentified courts; an injunction prohibiting or staying infringement claims against non-AI products; an injunction against the HEB action, which could never have been filed here in the first place and has no apparent AI involvement, even through indemnification), the remaining injunctive relief sought by AI is simply unnecessary, **because it's what Stiles has wanted from the beginning—to assert newly-developed claims against additional parties in this Court**.

Specifically, given AI and Walmart's flip in position on whether additional parties and a Fifth Amended Complaint are proper in this case—and both defendants are now on record stating that a Fifth Amended Complaint is not merely proper, but **required**—the impetus for Stiles's lawsuits against Walmart, Target, and CVS in Texas has been

**Plaintiffs' Opposition to AI's Motion to Enjoin**

removed. Stiles is willing to stipulate to dismissal without prejudice of its claims against Walmart, Target, and CVS so long as the Court here permits what all parties are now asking for: leave for Stiles to file a Fifth Amended Complaint.

In short, AI's Motion should be denied. The broad injunction AI seeks is without legal support, and more limited relief will be freely stipulated to by Stiles, since it is what she has wanted from the beginning, and what defendants have vehemently opposed (until now)—leave to join additional parties to this action with Walmart and AI, and to promptly file an amended complaint setting forth all claims now known to her against these parties.

**FACTS**

The Court is presumably familiar with the basic facts of this Action. However, given AI's claims in its Motion—and Walmart's argument in Texas that the operative 4AC in this case is "identical" to the FAC in 4:19-cv-00420 (E.D. Tex.) (Exhibit A (WM MOTION), Exhibit B (WM TX FAC))—Stiles will recount certain operative facts from the procedural history of ths case.[1]

This action was filed September 25, 2014 through a *pro se* Complaint filed by a single plaintiff, Sharidan Stiles, against two named defendants, Walmart and American International Industries ("AI"). (Dkt. 1) The original *pro se* Complaint asserted a trade secret claim and a claim for design patent infringement of U.S. Patent No. D542,468 (the "'468 patent"). (*Id.* at 4.) No utility patents were asserted, but the Complaint put Walmart and AI on notice of a pending utility patent application, U.S. Patent Application No. 11/775,688 (which eventually issued in August 2015 as the '329 patent). (*Id.*) The Complaint identified three accused products, the Ardell Brow

---

[1] Stiles's Response to Walmart's transfer motion in Texas is provided here as Exhibit C so that the Court can evaluate the consistency of Stiles's representations to the respective courts.

Precision Shaper, the Salon Perfect Precision Shaper Combo, and the Salon Perfect Micro Razor.  (*Id.* at 5-6.)

The current operative complaint in this action is the Fourth Amended Complaint ("4AC"), filed July 10, 2018.  (Dkt. 142.)  The 4AC names two plaintiffs—Sharidan Stiles and her company Stiles 4 U, Inc.—and brings claims against two named defendants, Walmart and AI.  The 4AC includes seven separate claims for relief:

- a Sherman Act § 1 antitrust claim against Walmart and AI;
- a California Cartwright Act antitrust claim against Walmart and AI;
- a Lanham Act trade dress infringement claim against Walmart and AI;
- a Lanham Act false advertising claim against Walmart;
- an intentional interference claim against AI;
- a claim for design patent infringement of the '468 patent by Walmart and AI; and
- a claim for utility patent infringement of the '329 patent by Walmart and AI.

(*Id.* at 31-38.)

On March 29, 2018, the Court denied a Motion to Dismiss the 4AC.  (Dkt. 188.)  Walmart and AI have sought reconsideration of that Order, and that Motion is pending.  In the interim, after four years of flatly refusing to provide *any* discovery,

Walmart and AI began producing documents in the first half of 2019.² In May 2019, third party Pacific World Corporation produced several thousand documents.

In late May 2019, the undersigned were retained as replacement counsel for Stiles in this action. After reviewing the case file, Stiles's new counsel reached out to counsel for Walmart and AI in this matter to discuss the procedural schedule and a potential amended complaint by Stiles in this matter. (Dunne Dec. ¶ 12).

On May 29, 2019, Stiles's counsel Brian Dunne spoke to Bijal Vikal, counsel for Walmart in this action, on the phone. (Dunne Dec. ¶ 12) Dunne proposed a stipulation to extend the procedural schedule and to permit the filing of an amended complaint by Stiles. (Dunne Dec. ¶ 12) Vakil said that Walmart was open to a stipulation seeking to extend the procedural schedule, but would not consent to any sort of amended pleading by Stiles. (Dunne Dec. ¶ 12)

In June 2019, after Walmart stated its unreserved opposition to any amendment of the complaint in this action, Stiles filed (or sought leave to file) the claims she wished to (and still wishes to) put in a Fifth Amended Complaint. Given defendants' opposition to amendment and to adding new parties, Stiles only filed in this action what was absolutely necessary (because it arose from documents produced in this matter). To wit:

- Stiles's utility patent claims—those relating to the '689 patent against Walmart, and those relating to the '329 and '689 patents against Target and

---

² Walmart and AI refused to produce any documents or respond to any discovery in this case until **December 2018**. (*See* Exhibit F.) Walmart's first major document production in California did not occur until January 30, 2019. (*See* Exhibit G.) No depositions have occurred in this action, and neither Walmart nor AI have provided substantive responses to Plaintiffs' interrogatories in this matter. (Dunne Dec. ¶¶ 9-10.) As of the date of this Response, AI has still refused to identify in discovery responses any retailers (other than Walmart) who sell the Ardell Precision Brow Shaper, and has refused to provide revenue information for its Ardell accused product broken down by retailer. (Dunne Dec. ¶ 11)

CVS—only reach back to July 2015, and were not premised on documents produced in this action. As a result, Stiles filed these claims in a separate venue with strong ties to relevant party and non-party defendants: Sherman, Texas, a courthouse less than 300 miles from Bentonville, Arkansas and within the Dallas, Texas, area—where multiple non-party witnesses identified by Walmart itself in its initial disclosures in this action reside, and where virtually all Bentonville-to-Sacramento flights stop. (*See* Exh. F-G) The Eastern District of Texas is known for its patent litigation expertise and cutting-edge Local Patent Rules.

- Stiles's claims arising out of discovery in this action—those recounted in her Motion for Leave to Join Additional Parties (Dkt. 232), were in Stiles's view closely tied to this action. As a result, she filed the above-referenced Motion. As promised, Walmart and AI have both viciously opposed. (Dkt. 250.)

On August 13, however, Walmart filed a Motion in Texas that flipped its position on whether new parties, and a 5AC, were appropriate in this matter. (Exh. B.)[3] Then on August 21, AI filed this Motion. AI's position is in concinnity with Walmart— it is representing to both this Court and the one in Texas that new parties, and a new patent, belong in this action, which requires the filing of a 5AC.

Despite the many legal deficiencies of AI's motion (and its general lack of candor), Stiles is not opposed to the effective end-result of what AI is suddenly arguing here, and what Walmart is suddenly arguing in Texas: the Court should grant leave to file a 5AC encompassing the parties, claims, and operative facts now known

---

[3] Although AI and Walmart fastidiously focus on putative "counterclaims" by Stiles, this is sleight of hand. If Stiles was to add a new patent to this case, she would effectively be amending her claims, and would need to conform her operative pleading to do so.

– 7 –

**Plaintiffs' Opposition to AI's Motion to Enjoin**

to Stiles that arise out of the central factual and legal circumstances of this matter.

## ARGUMENT

**A.     The Prospective Relief Requested by AI is Unconstitutional**

As an initial matter, much of the relief requested by AI—a nationwide injunction prohibiting not-yet-filed suits against unidentified parties for infringing Stiles's patents (Mot. at 1; *id.* at 20)—is flatly impermissible, because it violates the United States Constitution.

In particular, AI argues that this Court should be able to flatly enjoin wide swaths future infringement filings by Stiles in other courts because they should be filed in this action. But that is not the law—and in fact, it's not even possible under the governing law, which greatly restricts venue for patent cases, requiring that a defendant have a "regular and established place of business" in the specific judicial district where a case is filed. *See TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514 (2017).[4]

Critically, offer for sale and sale of a article covered by a patent (e.g., a razor) is a completely separate act of infringement from manufacture of that article. *See* 35 U.S.C. 287. In other words, Stiles is **legally entitled to sue retailers that sell AI razors covered by her patent separately from the razors' manufacturer AI**. AI's argument is that every retailer who Stiles might wish to sue for patent infringement, she should (and ***must***) sue in this district. But that is impossible under ***TC***

---

[4] AI cites wholly irrelevant 1957 and 1983 Ninth Circuit cases (and a 1941 Third Circuit case) (*see* Mot. at 7) on an issue that is in fact bound up with **cutting-edge** patent law: where and how a patent infringement action can be prosecuted. First, issues of joinder and severance in patent cases are governed by Federal Circuit law, not Ninth Circuit law. *See, e.g., In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012). Moreover, in 2013, joinder law fundamentally changed with the enactment of 35 U.S.C. § 299 as part of the American Invents Act. Then, in 2017, the Supreme Court fundamentally changed the landscape even further with *TC Heartland.*

*Heartland*—and the cases already filed by Stiles point this up.  For example, Texas defendant HEB **could not be sued here**—and in fact could only be sued in Texas.  AI's Motion simply ignores this, as though **TC Heartland** never happened.  In fact, AI goes so far as to cite the HEB action filed by Stiles—which was filed in the only State where it could legally be filed—as evidence of "Blatant Forum Shopping." (Mot. at 16-17.)  AI is either being less than candid, or it simply doesn't know the law central to its own Motion.  Either way, the Court should not accept AI's invitation to disregard the law—and violate Stiles's constitutional rights.

Specifically, because of *TC Heartland* and other venue rulings and the relatively near-term expiration of Stiles's patents, an injunction by this Court precluding Stiles from prosecuting infringement actions against as-yet unidentified defendants in other judicial districts would amount to an unconstitutional restriction on Stiles's ability to enforce her Constitutionally-protected property rights in her patents altogether.  The reason for this is simple: under the restrictive patent venue statute, **most retailers are not subject to suit in this jurisdiction**.

Given that retailers are separately-liable infringers of Stiles's patents under 35 U.S.C. § 287, the injunction AI seeks is not a matter of judicial economy, but a matter of taking Stiles's property rights in her patents.  The requested injunction must be denied to the extent it seeks to bar future lawsuits against unnamed parties, in unidentified jurisdictions.

**B.  AI Lacks Standing to Seek an Injunction Barring Stiles from Enforcing Her Patents Against Non-AI Products and Against Alleged AI Customers Who Have Not Demanded Indemnification by AI**

Next, AI lacks standing to seek an injunction barring Stiles from enforcing her patents (i) against non-AI products, or (ii) for infringing sale of AI-manufactured products where the defendant has not sought indemnification from AI.

Item (i) is simple Article III math—AI can't control the outcome of other litigations (or claims in other litigations) in which it has no tangible role and can claim no concrete and particularized injury. Thus, based on AI's Motion, this Court cannot enjoin Stiles's prosecution of her claims against the Onyx Professional Details Matter Brow Razor in *Stiles v. Walmart*, Case No. 4:19-cv-00420 (E.D. Tex.) (Exh. A), and *Stiles v. H-E-B*, Case No. 4:19-cv-00489 (E.D. Tex.) ("the HEB Action") (Exh. H), or her claims against the KISS Beautiful Tool Kit Grooming (KPLK03) in the HEB Action.

Item (ii) is a corollary of subject matter jurisdiction, under the very cases AI cites in its Motion. Specifically, without an assertion that AI is actually indemnifying HEB in the Texas action (and none has been made), this Court cannot enjoin Stiles's prosecution of ***any*** of her claims in the HEB Action.

**C.   AI's Motion is Simply Inaccurate, and Does Not Justify Injunctive Relief**

Even separate from their overbreadth. AI's legal and factual arguments in the Motion are simply inaccurate, and do not justify injunctive relief of any kind.

For example, the '689 patent was not at issue in this court—through AI's execrable "compulsory counterclaim" argument or otherwise—prior to AI's filing of a ***separate lawsuit asserting that patent*** in this district on July 3, 2019. When AI asserted a declaratory judgment counterclaim against the '329 patent on November 2, 2017, October 10, 2018, and April 12, 2019, it invoked this Court's subject matter jurisidiction over the '329 patent—and not over a different patent that, by AI's own telling, had never been raised to AI, in court or elsewhere. Courts throughout the country—including the Federal Circuit and the United States Supreme Court—would be surprised to learn that Rule 13 contains a hitherto-unused backdoor exception to federal subject matter jurisdiction limitations on patent declaratory judgment claims. *See, e.g., Medimmune v. Genentech Inc.*, 549 U.S. 118, 121 (2007).

In fact, AI **filed a separate declaratory judgment action regarding the '689 patent** in this district in July.  That filing was premised on the assertion that a different court in this district would have jurisdiction over AI's claims against the '689 patent—a fundamentally inconsistent position than the argument that AI's '329 patent counterclaim **already raised the issue of the '689 patent's infringement and validity in this action**.  AI is judicially estopped from claiming otherwise.

Next, AI's implicit argument that Stiles's claims against **different parties**—Target, CVS, HEB, and apparently unidentified "AI[] customers" throughout the country (Motion at 20)—**must have been brought as counterclaims** in this action, is both unsupported by law and unworkable as a matter of jurisdiction and venue.  In particular, it makes no sense to say that a claim against one party **necessarily requires a different party be sued**, and again, this is unworkable under **TC Heartland**.  As a result, to the extent that AI is relying on a compulsory counterclaim argument here, it is really only talking about one portion of one action: '689 patent claims against Walmart for sale of the Ardell Pro Brow Precision Shaper.  As noted above, the '689 patent was never actually implicated in this action, but it is important to note the extremely limited impact of AI's "compulsory counterclaim" argument even if the Court credits it.

**D.     The Basic Relief Sought Here is What Stiles Wanted From the Beginning—Leave to Join Parties and File a 5AC In This Action**

After separating out the flagrantly unsupportable portions of the Motion—a request for a prospective injunction against suing unidentified parties in unidentified courts; an injunction prohibiting or staying infringement claims against non-AI products; an injunction against the HEB action, which could never have been filed here in the first place and has no apparent AI involvement, even through indemnification—the

remaining injunctive relief sought by AI is simply unnecessary, **because it's what Stiles has wanted from the beginning—to assert newly-developed claims against additional parties in this Court**.

Specifically, given AI and Walmart's flip in position on whether additional parties and a Fifth Amended Complaint are proper in this case—and both defendants are now on record stating that a Fifth Amended Complaint is not merely proper, but **required**—the impetus for Stiles's lawsuits against Walmart, Target, and CVS in Texas has been removed.  Stiles is willing to stipulate to dismissal without prejudice of its claims against Walmart, Target, and CVS so long as the Court here permits what all parties are now asking for: leave for Stiles to file a Fifth Amended Complaint.

## CONCLUSION

In sum, AI's Motion should be denied.  However, Stiles is open to filing a proposed 5AC in this case, and believes it would be in all parties' best interest to have a scheduling conference before the Court soon.

Dated: September 5, 2019

Respectfully submitted,

**Pierce Bainbridge Beck Price & Hecht LLP**

By: <u>/s/ Brian J. Dunne</u>
    Brian J. Dunne (SBN 275689)
    bdunne@piercebainbridge.com
    Yavar Bathaee (SBN 282388)
    yavar@piercebainbridge.com
    David Hecht (pro hac vice)
    dhecht@piercebainbridge.com
    355 South Grand Avenue, 44th Floor
    Los Angeles, California 90071
    (213) 262-9333

**Dhillon Law Group Inc.**

    Harmeet K. Dhillon (SBN 207873)
    harmeet@dhillonlaw.com
    Nitoj Singh (SBN 265005)
    nsingh@dhillonlaw.com
    177 Post Street, Suite 700
    San Francisco, CA 94108
    (415) 433-1700

*Attorneys for Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.*