UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES and STILES 4 U, INC., <br><br> Plaintiffs, <br><br> v. <br><br> WALMART, INC. and AMERICAN INTERNATIONAL INDUSTRIES, INC., <br><br> Defendants. | No. 2:14-cv-02234-MCE-DMC <br><br> **ORDER** |

On June 28, 2019, Plaintiffs Sharidan Stiles and Stiles 4 U, Inc. (collectively, "Plaintiffs") filed a Motion for Leave to Add Defendants, ECF No. 232, which the Court construes as a motion for leave to amend their fourth amended complaint. While Plaintiffs' Motion relies upon the provisions of Federal Rule of Civil Procedure 15(a), once a district court has filed a pretrial scheduling order ("PTSO") pursuant to Federal Rule of Civil Procedure 16,[1] that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party,

---

[1] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

1

Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.  Here, a PTSO was issued in this matter on May 20, 2016.  ECF No. 54.  Consequently, in analyzing the propriety of the proposed amendment, as the language of the PTSO itself suggests, the Court must look to whether the requisite good cause has been established.  Plaintiffs fail to address Rule 16(b)'s good cause requirement or how they were diligent in seeking leave to amend.  Therefore, Plaintiffs' Motion for Leave to Add Defendants, ECF No. 232, is DENIED without prejudice and Defendants' request to file a sur-reply, ECF No. 262, is DENIED as moot.[2]

IT IS SO ORDERED.

DATED: November 19, 2019

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs pursuant to Local Rule 230(g).