# PUBLIC REDACTED VERSION OF DOCUMENT CONDITIONALLY FILED UNDER SEAL

**Pierce Bainbridge Beck Price & Hecht LLP**
Brian J. Dunne (SBN 275689)
*bdunne@piercebainbridge.com*
Yavar Bathaee (SBN 282388)
*yavar@piercebainbridge.com*
David L. Hecht (*pro hac vice*)
*dhecht@piercebainbridge.com*
355 South Grand Avenue, 44th Floor
Los Angeles, California 90071
(213) 262-9333

**Dhillon Law Group Inc.**
Harmeet K. Dhillon (SBN 207873)
*harmeet@dhillonlaw.com*
Nitoj Singh (SBN 265005)
*nsingh@dhillonlaw.com*
177 Post Street, Suite 700
San Francisco, CA 94108
(415) 433-1700

*Attorneys for Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, an individual, STILES 4 U, INC., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC., and AMERICAN INTERNATIONAL INDUSTRIES,<br><br>Defendants. | Case No. 2:14-cv-02234-MCE-CMK<br><br>Hon. Morrison C. England, Jr.<br>U.S. Magistrate Dennis M. Cota<br><br>**Plaintiffs Sharidan Stiles' and Stiles 4 U, Inc.'s Motion to Compel Additional Depositions and/or for Leave to Take Depositions in Excess of 10**<br><br>Hearing date:<br>Time:<br>Courtroom: 304<br>2986 Bechelli Lane<br>Redding, CA 96002 |

**NOTICE OF MOTION AND MOTION FOR ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS AND/OR MOTION FOR LEAVE TO TAKE DEPOSITIONS IN EXCESS OF 10**

**PLEASE TAKE NOTICE THAT** on _____, at _____, or as soon thereafter as the matter may be heard, in Department 304 of the United States District Court for the Eastern District of California, located at 2986 Bechelli Lane, Redding, CA 96002, before the Honorable Dennis M. Cota, Plaintiffs Sharidan Stiles and Stiles 4U, Inc. ("Plaintiffs" or "Stiles") will, and hereby do, move the Court for an order granting Plaintiffs' Motion to Com-pel Depositions and/or for Leave to Take Depositions in Excess of 10 (the "Motion"). This Motion is made pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i). This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Brian Dunne and the exhibits attached thereto, the pleadings on file in this action, and upon all other matters presented to the Court at the time of the hearing.

Dated: December 6, 2019

Respectfully submitted,

**Pierce Bainbridge Beck Price & Hecht LLP**

By: /s/ *Brian J. Dunne*
Brian Dunne
*Attorneys for Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(i), Plaintiffs Sharidan Stiles and Stiles 4 U, Inc. ("Plaintiffs" or "Stiles"), by and through the undersigned counsel, respect-fully submit this brief in support of Plaintiffs' Motion to Compel Depositions and/or for Leave to Take Depositions in Excess of 10 (the "Motion").

**INTRODUCTION**

Plaintiffs filed the present action against Walmart, Inc. ("Walmart") and American International Industries ("AI") (collectively, "Defendants") after Walmart eliminated Plaintiffs' product from its stores while enlisting AI to clone Plaintiffs' product—the Stiles Razor. Discovery in this action has revealed that Walmart conspired with employees of other global corporations to violate antitrust laws.

Despite the significant breadth of relevant facts and applicable law in this patent and antitrust action, and the size of the companies involved, Plaintiffs have carefully sought a narrow list of deponents that comprises just thirteen individuals and corporations, collectively, across this entire case. This number of depositions is not only narrowly-scoped given the breadth and extent of this case (including the numerous relevant entities and persons specifically identified in recently-produced discovery), it is barely over the ten depositions provided for as of course for simple, single-defendant actions in this judicial district.

But when Plaintiffs sought a cooperative, stipulated resolution of their seemingly simple request to take thirteen depositions (along with the specific identification of each proposed deponent) in this multi-defendant antitrust and patent infringement action spanning more than a decade—defendants Walmart and AI demanded an opposed motion. (Declaration of Brian Dunne, ¶ 2, Exs. 1A–1B.) Consequently, Plaintiffs now move for leave of the Court to take thirteen depositions—three more than the number permitted without stipulation or leave under Federal Rule of Civil Procedure 30(a).

Good cause exists for Plaintiffs to take these depositions for numerous straightforward reasons. Each of the depositions that Plaintiffs seek is directly, centrally relevant to Plaintiffs'

- 1 -

**Plaintiffs Sharidan Stiles' and Stiles 4 U, Inc.'s Motion to Compel Depositions and/or for
Leave to Take Depositions in Excess of 10**

claims in this action. Each contemplated deponent is a current or former employee of one of the Defendants, or a corporate representative of an entity that worked hand-in-hand with Walmart, who falls into one or more of the following categories: a person (or entity) directly involved in handling Plaintiffs' product account at Walmart; a person (or entity) directly involved in, and knowledgeable about, Stiles's patents on the Stiles Razor and Defendants' willful infringement thereof; and/or a direct competitor of Plaintiff who advised Walmart as to stocking and pricing determinations in categories where the Plaintiffs' products were sold at Walmart.

Taking three additional depositions is also proportional to the needs of the case. Plaintiffs are prosecuting antitrust and patent infringement claims that occurred over the course of a decade, against the world's largest retailer and another large, multinational corporation. The number of people (and third-party entities) involved in the day-to-day decision-making at Defendants' corporations, and the high turnover in Walmart's direct contacts with Defendant over the course of her nine-year business relationship with the retailer, make it impossible to obtain the necessary discovery for such a period with ten deponents—but nonetheless Plaintiffs have sought the bare minimum number of depositions (all specifically identified in this Motion) required to prove their claims. Additionally, the interests at stake, amount in controversy, Plaintiffs' access to information, Defendants' resources, and the limited burden all weigh in favor of the Court granting Plaintiffs' leave to take the thirteen requested depositions.

## BACKGROUND

**A.    Case Summary**

Plaintiff Sharidan Stiles is an inventor and small business owner who developed and successfully marketed her innovative personal styling razor to Walmart through her business, Stiles 4 U, Inc. Walmart carried and sold Plaintiffs' patented product for nearly six years until it eliminated it from stores and cloned it with its preferred supplier, AI. Plaintiffs' Fourth Amended Complaint includes claims for (1) violations of the Sherman Act; (2) violations of the California Cartwright Antitrust Act; (3) two counts of patent infringements; (4) trade dress

infringement under the Lanham Act; (5) false advertising and false association under the Lanham Act; and (6) intentional interference with prospective economic advantage. (ECF No. 142.)

Through discovery, Plaintiffs learned that Walmart employed representatives from other product suppliers—who were also direct competitors of Stiles—to serve as category advisors in Walmart's category advisor program. Category advisors received access to marketing and sales data for all products within their assigned category. Category advisors from Coty, Inc. ("Coty"), Pacific World Corporation ("Pacific World"), and Proctor & Gamble Company ("P&G") each advised Walmart in product selection and price point, among other determinations, in relevant product categories at Walmart where the Stiles Razor was carried, and therefore may have relevant information related to Plaintiffs' claims.

### B. Attempts to Meet and Confer Regarding Depositions

Defendants have not been forthcoming with producing discovery in this matter, as evidenced by the necessity for Plaintiffs to file a motion to compel Walmart to produce supplemental responses to Plaintiffs' requests for production. (ECF No. 279.) Now, Defendants are attempting to obstruct Plaintiffs' right to relevant and proportional depositions.

Stiles' counsel sent Defendants' counsel a meet and confer letter on November 29, 2019 requesting their stipulation for Stiles to take the depositions of thirteen named individuals or corporations. (Dunne Decl., ¶ 2, Ex. 1B.) The parties subsequently held a meet and confer call on November 3, 2019. (*Id.*, ¶ 3.) During the call, Defendants declined to stipulate to allow Stiles to take thirteen depositions on the basis that there is no good cause. (*Id.*) Plaintiffs were subsequently forced to bring this Motion.

### A. Plaintiffs' Deposition List

Plaintiffs request to conduct the following depositions:

1. **Terri Cooper (AI)**: ████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████ (Exs. 11-14.)

- 3 -

**Plaintiffs Sharidan Stiles' and Stiles 4 U, Inc.'s Motion to Compel Depositions and/or for
Leave to Take Depositions in Excess of 10**

2. **Sheri Davis (AI):** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Exs. 9-10.)

3. **Reuben Driggers (AI):** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Exs. 5-8.)

4. **Delight Slotemaker de Bruine (AI):** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Exs. 5, 11.)

5. **30(b)(6) designee for AI**: knowledge of AI's organizational structure and the roles of personnel involved in the management of product development and distribution; AI's business relationship with Walmart; AI's practices, processes, and procedures for entering into a sales agreement to supply a product; and AI's participation in Walmart's category advisor program from January 1, 2003 to December 31, 2015.

6. **Esther Gifford (Walmart):** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ECF No. 25-4; Exs. 4-5.)

7. **Melanie Patrick (Walmart):** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**Plaintiffs Sharidan Stiles' and Stiles 4 U, Inc.'s Motion to Compel Depositions and/or for Leave to Take Depositions in Excess of 10**

1  ██████████████████████████████████████████████████████████████
2  ██████████████████████████████████████████████████████████████
3  ███████████████████████████████ (Exs. 2-3.)
4     8.   **Heather Ronchetto (Walmart)**: █████████████████████
5  ██████████████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████████
8  ███████████████████████████████ (Exs. 15-16.)
9     9.   **30(b)(6) designee for Walmart**: knowledge of Walmart's organizational structure and the roles of personnel involved in the management of product distribution, including merchandise managers, replenishment managers, inventory managers, planners, buyers, category advisors, and category team assistants; Walmart's practices, processes, and procedures for entering into a sales agreement to distribute a product; Walmart's practices, processes, and procedures for setting the sales strategy for a product, including, but not limited to, strategy concerning price, marketing, stock levels, and store placement; Walmart's category advisor program; and Walmart's practices, processes, and procedures for selecting category advisors.

17    10.  **Melanie Jones (Pacific World)**: █████████████████████
18 ██████████████████████████████████████████████████████████████
19 ██████████████████████████████████████████████████████████████
20 ██████████████████████████████████████████████████████████████
21 ███████████████████████████████ (Ex. 3; Exs. 4A-4B.)
22    11.  **30(b)(6) designee for Pacific World**: knowledge of Pacific World's organizational structure and the roles of personnel involved in the management of product development and distribution; Pacific World's business relationship with Walmart; Pacific World's practices, processes, and procedures for entering into a sales agreement to supply a product; and Pacific World's participation in Walmart's category advisor program from January 1, 2003 to December 31, 2015.

12.     **30(b)(6) designee for Coty**: knowledge of Coty's organizational structure and the roles of personnel involved in the management of product development and distribution; Coty's business relationship with Walmart; Coty's practices, processes, and procedures for entering into a sales agreement to supply a product; and Coty's participation in Walmart's category advisor program from January 1, 2003 to December 31, 2015.

13.     **30(b)(6) designee for P&G**: knowledge of P&G's organizational structure and the roles of personnel involved in the management of product development and distribution; P&G's business relationship with Walmart; P&G's practices, processes, and procedures for entering into a sales agreement to supply a product; and P&G's participation in Walmart's category advisor program from January 1, 2003 to December 31, 2015.

## LEGAL STANDARDS

### A. More Than Ten Depositions May be Authorized by Stipulation or Leave of the Court.

There is a flexible presumptive rule that parties are entitled to ten depositions without stipulation or leave of the court. *See* FED. R. CIV. PROC. § 30(a); *see also Archer Daniels Midland Co., v. Aon Risk Servs., Inc. of Minn.*, 187 F.R.D. 578, 586 (D. Minn. 1999). A party may take additional depositions upon stipulation by the opposing party or leave of the court if the opposing party refuses to stipulate. FED. R. CIV. PROC. § 30(a)(2). If an opposing party refuses to stipulate to additional depositions and the moving party seeks leave of the court, "the court must grant leave to the extent consistent with Rule 26(b)(2) . . . ." *Id.*

To be consistent with Rule 26(b)(2), some courts apply the "particularized showing" standard, which considers: (1) if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or (3) if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." FED. R. CIV. P. § 26(b)(2)(C); *C&C Jewelry Mfg., Inc. v. West*, 2011 WL 767839, *1 (N.D. Cal Feb. 28, 2011).

Other courts apply the similar "benefits vs. burdens" analysis which considers whether: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767 at *1 (N.D. Cal. Dec. 4, 2008).

### B.  Courts Often Find Good Cause for Additional Depositions.

The Supreme Court has long held that discovery rules should be entitled to "broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Under either the "particularized showing" or "balance vs. burdens" analysis, courts in the Ninth Circuit routinely find good cause for additional depositions. *See Aerojet Rocketydyne, Inc. v. Global Aerospace, Inc.*, 2018 WL 5993585 at *1-5 (E.D. Cal. Nov. 6, 2018) (authorizing eighteen depositions); *see also Kress v. Price Waterhouse Coopers*, 2012 WL 4465556 at *4 (E.D. Cal. Sep. 25, 2012) (authorizing twenty-five additional depositions); *C&C Jewelry Mfg., Inc.*, 2011 WL 767839 at *1-2 (authorizing more than nineteen depositions in a patent case); *see also Del Campo v. American Corrective Counseling Services, Inc.*, 2007 WL 3306496 at *6 (N.D. Cal. Nov. 6, 2007) (authorizing twenty-two depositions).

### C.  Liberal Discovery is Permitted in Antitrust Cases.

"[T]here is a general policy allowing liberal discovery in antitrust cases." *Kellam Energy, Inc. v. Duncan*, 616 F. Supp. 215, 217 (D.C. Del. 1985); *see also In re Microcrystalline Cellulose Antitrust Litigation*, 221 F.R.D. 428, 429-30 (E.D. Pa. 2004) ("[S]ome courts have also held that a broad scope of discovery is particularly appropriate in antitrust litigation because, for example, relevant business documents pertaining to the antitrust conspiracy may not exist and covert behavior may have to be proven through less direct means."); *Cyntegra, Inc. v. IDEXX Laboratories, Inc.*, 2007 WL 9701999 at *4 (C.D. Cal. Jun 29, 2007) ("In antitrust

cases, courts have generally allowed liberal discovery."); *F.T.C. v. Lukens Steel Co.*, 444 F. Supp. 803, 805 (D.D.C. 1977) ("The discovery rules should normally be liberally construed to permit discovery in antitrust cases.").

## ARGUMENT

### D. Plaintiffs' List of Deponents May Not Even Result in More Than Ten Depositions

Initially, it is possible that Plaintiffs will be able to take all necessary depositions without conducting more than ten. Plaintiffs identified five Rule 30(b)(6) depositions for Walmart, AI, Pacific World, Coty, and P&G (because each company played a critical role in Walmart's category advisor program). Walmart, AI, and Pacific World will each likely designate corporate representatives for those Rule 30(b)(6) depositions who are already noticed in their individual capacity. Walmart acknowledged that there would possibly be such overlap during the December 3, 2019 meet and confer call. (Dunne Decl., ¶ 3.) Consequently, Plaintiffs' deposition list could result in fewer than ten depositions.

### A. The Proposed Depositions are not Unreasonably Cumulative or Duplicative

Plaintiffs' thirteen proposed depositions include representatives from five different major corporations. As described above, each of the named individuals had a distinct role and interaction with the claims in this action. The occurrences in this action spanned a period of over six years and certain individuals were involved at different times. Each deposition is necessary to "uncover evidence of invidious, pattern or intent" that is involved in antitrust claims. *Kellam Energy*, 616 F. Supp. at 217.

### B. Plaintiffs Have Not Been Able to Obtain the Requested Discovery by Other Means

As described in Plaintiffs' motion to compel (ECF No. 279) and joint statement (ECF No. 284), Plaintiffs have struggled to obtain discovery from Defendants in this case. In addition, deposition testimony is distinct from written discovery, and it is especially significant in antitrust cases because "relevant business documents pertaining to the antitrust conspiracy may

**Plaintiffs Sharidan Stiles' and Stiles 4 U, Inc.'s Motion to Compel Depositions and/or for Leave to Take Depositions in Excess of 10**

not exist and covert behavior may have to be proven through less direct means." *In re Microcrystalline* at 429-30 (commenting on broad scope of permissible discovery in antitrust cases).

### C. The Proposed Depositions are Within the Scope of Rule 26(b)(1).

#### 1. Each of Plaintiffs Requested Deponents Are Likely to Have Testimony Relevant to Plaintiffs' Claims.

As described above, each of Plaintiffs' contemplated deponents are believed to have relevant testimony. (*See supra* at 3-6.)

#### 2. The Deponents Are Proportional to the Needs of the Case.

Thirteen depositions is exceptionally efficient and economical considering the scope of the case. Walmart is a global company and the largest retailer in the world by revenue. Walmart sold Plaintiffs' products for nearly 6 years while it also hired representatives from the largest manufacturing companies in the world, such as Pacific World, Coty, and P&G, to work in-house as category managers who received access to Plaintiffs' and other competitors' marketing and sales data. The web of communications among these parties—specifically, the knowledge and access to information regarding the Stiles Razor design and price point—more than establishes good cause for the possibility of Plaintiff reaching 13 depositions.

Each of the other considerations under Rule 26(b)(1) weigh in favor of good cause for additional depositions in this case. Antitrust and willful patent infringement violations by some of the world's largest and most impactful companies—including the knocking-off of a patented, domestically-produced product by a Chinese manufacturer at the behest of Defendants—have an impact that extends beyond this narrow case, and it is both privately and publicly important that Plaintiffs have the ability to prove their well-pleaded claims, including through depositions clarifying, explaining, and authenticating Defendants' and third-parties' damning document production. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 634-635 (1985) (emphasizing the national interest and "fundamental importance to American democratic capitalism of the regime of the antitrust laws"). Defendants' alleged conduct resulted in the elimination of Plaintiffs' products from the market, caused substantial damages to Plaintiffs, and spanned more than a decade. The operative Complaint contains seven causes

- 9 -

**Plaintiffs Sharidan Stiles' and Stiles 4 U, Inc.'s Motion to Compel Depositions and/or for
Leave to Take Depositions in Excess of 10**

of action, all of which have proceeded past the Motion to Dismiss stage. This justifies Plaintiffs modest request for three additional, specifically-identified depositions. Moreover, the additional expense of three additional depositions would not be unduly burdensome for Defendants in any event, but nonetheless can and will be minimized through burden-minimizing scheduling of multiple depositions in particular locales (e.g., Northwest Arkansas).

### D. Courts Do Not Apply the "Exhaustion Rule" Where the Complexity of the Case Warrants More than Ten Depositions.

Some courts do not grant leave for additional depositions until the moving party has performed the first ten. *Couch v. Wan*, 2011 WL 449976 at *1 (E.D. Cal. Sep. 27, 2011). However, "[c]ourts have departed from this 'exhaustion rule' where the complexity of the case clearly warranted more than ten depositions." *Aerojet Rocketydyne, Inc. v. Global Aerospace, Inc.*, 2018 WL 5993585 at *1 (E.D. Cal. Nov. 6, 2018); *see also Del Campo v. American Corrective Counseling Servs., Inc.*, 2007 WL 3306496 at *6 (N.D. Cal. Nov. 6, 2007) ("[I]t would be prejudicial to require Plaintiffs to choose the ten depositions to take before they know whether they will be granted more."); *see also C&C Jewelry Mfg., Inc. v. West*, 2011 WL 767839 at *2 (N.D. Cal. Feb. 28, 2011) ("While some courts require a party to exhaust the 10-deposition limit before seeking to take more, that is certainly not true in every case.").

The complexity of the present case obviates application of the exhaustion rule. The court in *C&C Jewelry* found reason to authorize more than 19 depositions without application of the exhaustion rule where there were only two parties involved in a patent action seeking declaratory relief. *C&C Jewelry Mfg., Inc.*, 2011 WL 767839 at *1–2. Plaintiffs' request for leave to take 13 depositions is taken in an abundance of caution and is far more compelling than the situation presented in *C&C Jewelry* because Plaintiffs are alleging complex antitrust claims in addition to patent infringement claims against defendants far larger in size.

### CONCLUSION

For the reasons stated above, Plaintiffs' motion should be granted.[1]

---

[1] Given the applicable facts and law here, Plaintiffs reserve the right to seek costs and fees for the expense of drafting this opposed motion, instead of proceeding through stipulation, to seek thirteen depositions in this matter.

**Plaintiffs Sharidan Stiles' and Stiles 4 U, Inc.'s Motion to Compel Depositions and/or for Leave to Take Depositions in Excess of 10**

Dated: December 6, 2019              Respectfully submitted,

**Pierce Bainbridge Beck Price & Hecht LLP**

By:  */s/ Brian J. Dunne*
    Brian J. Dunne (SBN 275689)
    *bdunne@piercebainbridge.com*
    Yavar Bathaee (SBN 282388)
    *yavar@piercebainbridge.com*
    David Hecht (*pro hac vice*)
    *dhecht@piercebainbridge.com*
    355 South Grand Avenue, 44th Floor
    Los Angeles, California 90071
    (213) 262-9333

**Dhillon Law Group Inc.**

   Harmeet K. Dhillon (SBN 207873)
   *harmeet@dhillonlaw.com*
   Nitoj Singh (SBN 265005)
   *nsingh@dhillonlaw.com*
   177 Post Street, Suite 700
   San Francisco, CA 94108
   (415) 433-1700

*Attorneys for Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.*

**Plaintiffs Sharidan Stiles' and Stiles 4 U, Inc.'s Motion to Compel Depositions and/or for Leave to Take Depositions in Excess of 10**