1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SHARIDAN STILES, et al.,                    No. 2:14-CV-2234-MCE-DMC

12              Plaintiffs,

13         v.                                     ORDER

14   WALMART, INC., et al.,

15              Defendants.

16   _____

17   AND RELATED COUNTER-ACTIONS

18

19              Plaintiffs, who are proceeding with retained counsel, bring this civil action.

20   Pending before the court is plaintiffs' ex parte application for an order shortening time (ECF No.

21   290). Plaintiffs seek an order shortening time for hearing their motion for leave to take

22   depositions in excess of 10.

23              Plaintiffs' request is governed by Eastern District of California Local Rule 144(e),

24   which provides that ex parte applications to shorten time "will not be granted except upon

25   affidavit of counsel showing a satisfactory explanation for the need for the issuance of such an

26   order and for the failure of counsel to obtain a stipulation for the issuance of such an order from

27   other counsel or parties in the action." Here, plaintiff's ex parte application is not accompanied

28   by any affidavit or declaration from counsel, and the memorandum filed in support of the ex parte

application makes no showing as to why plaintiffs' motion relating to excess deposition cannot be heard on regular notice pursuant to Local Rule 251(a).[1]

Plaintiffs' motion relating to excess depositions was served and filed with sufficient notice under Rule 251(a) for a hearing on January 15, 2020, before the undersigned in Redding, California. The matter will be set for hearing on that date at 10:00 a.m. The court declines defendants' invitation to exempt plaintiff's motion relating to excess depositions from the requirements of Local Rule 251. See Local Rule 251(b) (providing that "any motion to exceed discovery limitations. . .shall not be heard" unless the parties meet and confer and file a joint statement). The parties' joint statement regarding leave to take excess depositions shall be filed within the time provided in Local Rule 251(a).

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiffs' ex parte application (ECF No. 290) is denied;

2.  Plaintiff's motion relating to excess depositions (ECF No. 288) is set for hearing on January 15, 2020, at 10:00 a.m., before the undersigned in Redding, California;

3.  The parties shall meet and confer regarding the discovery dispute, as required by Local Rule 251(b), and file a joint statement, as required by Local Rule 251(c), on or before January 8, 2020; and

4.  Telephonic appearances are not allowed unless the court approves a written request for telephonic appearance showing good cause for excusing a personal appearance.


Dated:  December 12, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

---

[1]     The court observes that the local rules provide a mechanism for discovery motions to be heard on as little as seven days notice. See Local Rule 251(a) (providing that a discovery motion may be heard on seven days notice if the notice of motion is filed concurrently with a joint statement). Thus, had plaintiffs met and conferred and submitted a joint statement with a notice of motion on December 4, 2019, the matter could have been heard on the court's regular December 11, 2019, law and motion calendar. Plaintiffs chose not to do so, instead filing their notice of motion and ex parte application for an order shortening time on December 6, 2019, apparently without any prior meet and confer effort.

2