IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART, INC., et al.,<br><br>Defendants.<br><br>AND RELATED COUNTER-ACTIONS | No. 2:14-CV-2234-MCE-DMC<br><br><br><br>ORDER |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the court are: (1) plaintiff's motion to compel further discovery responses from defendant Walmart (ECF No. 279); (2) defendant Walmart's motions to compel further discovery responses from plaintiff (ECF Nos. 280 and 281); and (3) plaintiff's motion for leave to take depositions in excess of ten (ECF No. 288). Pursuant to the parties' stipulation (ECF No. 287), plaintiff's motion to compel as it relates to interrogatories and defendant Walmart's motions to compel are set for hearing on January 15, 2020 (ECF No. 292). Pursuant to the court's order denying plaintiff's ex parte application for an order shortening time (ECF No. 303), plaintiff's motion for leave to take depositions in excess of ten is also set for hearing on January 15, 2020.

1

1         The parties appeared before the undersigned on December 11, 2019, at 10:00 a.m., in Redding, California, for arguments relating to plaintiff's motion to compel as it relates to requests for production. Erick Kuylman, Esq., and Brian Dunne, Esq., appeared for plaintiff. Jeremy Ostrander, Esq., appeared for defendant Walmart.

        At the hearing, the court found that plaintiff's Requests for Production of Documents were not adequately crafted and were overbroad. The Court further found that defendant Walmart's responses to the disputed requests for production do not comply with Federal Rule of Civil Procedure 34(b)(2)(C) for failure to state whether documents are being withheld based on a specific objection. On that basis, the Court ordered as follows:

1. On or before December 20, 2019, plaintiff shall re-draft the disputed requests for production and serve re-drafted requests for production on defendant Walmart. These re-drafted requests for production will supersede the disputed requests for production, and be designated as "Amended Requests for Production", and number consecutively following the last numbered request from plaintiff. The re-drafted requests for production must each relate to a specific claim, defense, or category of documents, and shall not seek documents that merely "relate to" such categories.

2. Defendant Walmart shall have 25 days from the date of service of re-drafted requests for production to serve responses and responsive documents. Such responses shall be made in good faith, with reference to specific objections. Walmart need not produce documents which are privileged, confidential, include trade secrets, or which are not in Walmart's possession, custody, or control. However, to the extent responsive documents are withheld based on a claim of privilege, Walmart shall produce a privilege log

///
///
///
///

3. To the extent responsive documents are withheld based on a specific objection, Walmart shall comply with Rule 34(b)(2)(C) by specifying which documents are being withheld pursuant to which specific objection.

IT IS SO ORDERED:

Dated: December 18, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE