# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, et al., | No. 2:14-CV-2234-MCE-DMC |
| Plaintiffs, | |
| v. | ORDER |
| WALMART, INC., et al., | |
| Defendants. | |
| AND RELATED COUNTER-ACTIONS | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action alleging intellectual property and antitrust claims. Pending before the court are the following five discovery motions:

<u>Motions Filed by Plaintiffs</u>

| | |
|---|---|
| ECF No. 279 | Motion to compel Walmart to provide further responses to:<br>- Requests for production, set one (served August 17, 2018).<br>- Interrogatories, set one (served January 8, 2019). |
| ECF No. 288 | Motion for leave to take deposition in excess of ten. |
| ECF No. 308 | Motion to compel Walmart to provide further responses to interrogatories, set two (served November 5, 2019). |

1

| | | |
|---|---|---|
| 1 | <u>Motions Filed by Walmart</u> | |
| 2 | ECF No. 280 | Motion to compel Plaintiffs to provide further responses to requests for production, set one (served March 21, 2019). |
| 3 | | |
| 4 | ECF No. 281 | Motion to compel Plaintiffs to provide further responses to interrogatories, set one (service date not provided). |

The parties have filed the following joint statements regarding the discovery disputes:

| | | |
|---|---|---|
| | ECF No. 284, 297 | Joint statement and plaintiffs' supplement related to ECF No. 279 (plaintiffs' motion to compel further responses to requests for production and interrogatories, set one). |
| | ECF Nos. 283, 313 | Joint statements related to ECF No. 280 (Walmart's motion to compel further responses to requests for production, set one). |
| | ECF Nos. 282, 314 | Joint statements related to ECF No. 281 (Walmart's motion to compel further responses to interrogatories, set one). |
| | ECF No. 317 | Joint statement related to ECF No. 288 (plaintiffs' motion for leave to take deposition in excess of ten) and ECF No. 308 (plaintiffs' motion to compel further responses to interrogatories, set two). |

A number of documents, largely consisting of specific discovery responses subject to a protective order, have been filed on the public docket with redactions and/or conditionally under seal and are the subject of various requests for leave to file documents under seal. <u>See</u> ECF Nos. 285, 289, 293, 294, 295, 296, 298, 315, 318, 319, 320, and 321 (Notices of Requests to Seal and responses thereto). These requests to seal and responses thereto will be addressed by separate order.

The court heard arguments relating to plaintiff's motion to compel Walmart to provide further responses to requests for production, set one, on December 11, 2019, and issued its order on December 19, 2019. <u>See</u> ECF No. 302 (Clerk's Minutes of Hearing) and 307 (Order). Since the December 19, 2019, hearing, plaintiffs have presented no arguments or briefing concerning the need for further court intervention with respect to their requests for production, set one.

///

///

## I. BACKGOUND

**A.   Summary of Plaintiffs' Factual Allegations**

This action proceeds on plaintiffs' fourth amended complaint. See ECF No. 142. As set forth by plaintiffs in the various joint statements, plaintiffs claim Stiles is the inventor of the Stiles Razor, a narrow-width-blade razor used for "detailed shaving applications." See e.g. ECF No. 284, pg. 12. In 2003, Stiles began courting Walmart as a potential buyer of the Stiles Razor. See id. Ultimately, Walmart agreed to a test run of the Stiles Razor, which was successful. See id. Walmart places the Stiles Razor in about 2,000 Walmart stores and sales were outstanding. See id. Defendants, however, colluded with plaintiffs' competitors and used its market power to eliminate the Stiles Razor from the market in favor of a knock-off version of the Stiles Razor. See id.

**B.   Summary of Plaintiffs' Legal Claims**

Plaintiffs allege the following legal theories:

| | |
|---|---|
| First Claim | Violation of the Sherman Act, 15 U.S.C. § 1. |
| Second Claim | Violation of California's Cartwright Antitrust Act. |
| Third Claim | Patent infringement (the '468 patent). |
| Fourth Claim | Patent infringement (the '329 patent). |
| Fifth Claim | Trade dress infringement in violation of the Lanham Act. |
| Sixth Claim | False advertising and false association in violation of the Lanham Act. |
| Seventh Claim | Intentional interference with prospective economic advantage. |

See ECF No. 142, pgs. 31-38.

**C.   Summary of Relevant Procedural History**

On August 10, 2018, the court issued a stipulated discovery and scheduling order. See ECF No. 146 (Stipulated Order). Pursuant to that order, fact discovery was set to close on July 10, 2019, and dispositive motions were set to be filed within 150 days after the close of fact discovery. See id. at 3-4. On June 18, 2019, the District Judge issued an order extending all operative case deadlines, as outlined in the court's August 10, 2018, discovery and scheduling

order, by six months to January 10, 2020.  See ECF No. 229.  Pursuant to further stipulation, the time to conduct fact witness depositions has been extended to and including February 15, 2020.  See ECF No. 291 (Stipulated Order).  The docket does not reflect any requests for or orders approving further modification of the August 10, 2018, scheduling order.

Thus, all fact discovery, except fact depositions, closed on or about January 10, 2020.  The time to conduct fact depositions has been extended to February 15, 2020.

## II. ISSUES PRESENTED

### A. Plaintiffs' Motions (ECF Nos. 279, 288, and 308)

1. Motion to Compel Walmart to Provide Further Responses to Requests for Production, Set One, and Interrogatories, Set One

Plaintiffs seek resolution of the following six issues:

Issues Relating to Requests for Production, Set One

One: Whether Walmart should be compelled to provide further responses and documents relating to plaintiffs' requests for production nos. 4, 7-8, 10-12, 13, 15, 20-21, 25-26, 30-31, and 44.

Two: Whether Walmart should be compelled to produce documents withheld from plaintiffs due to an agreement between counsel limiting discovery.

Three: Whether redactions to produced documents based on relevancy or business confidentiality are proper.

Four: Whether Walmart should be compelled to produce supplemental responses to state the bases for withholding documents relating to plaintiffs' requests for production nos. 1-2, 4-16, 20-21. 25-31, 39-44, 49, and 55-56.

Issues Relating to Interrogatories, Set One

Five: Whether Walmart should be compelled to supplement their responses to plaintiffs' interrogatories nos. 4 and 5.

Six: Whether Walmart should be compelled to supplement their responses to plaintiffs' interrogatories nos. 7-11 and 13-15.

See ECF No. 279, pg. 2 (Notice of Motion); see also ECF No. 284 (Joint Statement).

///

4

Plaintiffs have withdrawn their motion with respect to issue three. See ECF No. 292. Issues relating to plaintiffs' interrogatories, set one – issues five and six – are currently before the court. See id. The remaining issues relating to requests for production – issues one, two, and four – were the subject of a hearing held on December 11, 2019. Plaintiffs' motion as to these issues was addressed in the court's December 19, 2019, order, see ECF No. 307, and appears to be resolved.

        2.      <u>Motion to Compel Walmart to Provide Further Responses to Interrogatories, Set Two</u>

Plaintiffs seek an order compelling Walmart to provide substantive response to three interrogatories – Nos. 16, 17, and 18 – they served as set two. See ECF No. 380 (Notice of Motion); see also ECF No. 317 (Joint Statement).

        3.      <u>Motion for Leave to Take Depositions in Excess of Ten</u>

Plaintiffs seek an order authorizing them to take more than the maximum ten deposition allowed under the Federal Rules of Civil Procedure without leave of court. See ECF No. 288 (Notice of Motion); see also ECF No. 317 (Joint Statement).

   **B.**    **<u>Walmart's Motions (ECF Nos. 280 and 281)</u>**

        1.      <u>Motion to Compel Plaintiffs to Provide Further Responses to Requests for Production, Set One</u>

Walmart identifies the following remaining issues:

One:    Whether plaintiffs should be compelled to produce tax records.

Two:    Whether plaintiffs should be compelled to produce financial data.

See ECF No. 280 (Notice of Motion); see also ECF Nos. 283, 313 (Joint Statements).

/ / /

/ / /

/ / /

/ / /

/ / /

    2.  <u>Motion to Compel Plaintiffs to Provide Further Responses to Interrogatories, Set One</u>

Walmart identifies the following remaining issues:

One: Whether plaintiffs should be compelled to provide further supplemental responses to interrogatory nos. 15-18 regarding an alleged agreement between Walmart and defendant American International Industries, Inc.

Two: Whether plaintiffs should be compelled to provide a further supplemental response to interrogatory no. 20 regarding the product market alleged in the complaint

Three: Whether plaintiffs should be compelled to provide further supplemental responses to interrogatory nos. 5-7, 10, and 21 regarding sales of the Stiles Razor.

Four: Whether plaintiffs' assertion of a global privilege objection violates Federal Rule of Civil Procedure 33(b)(4) requiring objections to be stated with specificity.

Five: Whether plaintiffs should be precluded from offering or relying on information or facts responsive to interrogatory nos. 1-14 and 19-21 that has not been provided in any of their responses to these interrogatories.

<u>See</u> ECF No. 281 (Notice of Motion); <u>see also</u> ECF Nos. 282, 314 (Joint Statements).

## III. DISCUSSION

**A.** **<u>Plaintiffs' Motion to Compel Walmart to Provide Further Responses to Interrogatories, Set One (ECF No. 279)</u>**

Plaintiffs identify two issues relating to Walmart's responses to interrogatories, set one. <u>See</u> ECF No. 279, pg. 2 (Notice of Motion); <u>see also</u> ECF No. 284 (Joint Statement). Specifically, the following questions are before the court (identified as issues five and six in plaintiffs' motion and issues five, six, and seven in the parties' joint statement):

Five: Whether Walmart should be compelled to supplement their responses to plaintiffs' interrogatories nos. 4 and 5.

Six: Whether Walmart should be compelled to supplement their responses to plaintiffs' interrogatories nos. 7-11 and 13-15.

<u>See</u> <u>id.</u>

6

Plaintiffs propounded interrogatories, set one, including interrogatory nos. 4-5, 7-11, and 13-15, on January 8, 2019. See ECF No. 284, pg. 9. Walmart responded on February 7, 2019. See id. at 9, 92-93. On April 15, 2019, Walmart provided supplemental responses. See id. at 9, 97. Plaintiffs argue Walmart's responses to interrogatory nos. 4 and 5 are incomplete. Plaintiffs ask the court to direct Walmart to supplement its responses to interrogatory nos. 4-5, 7-11, and 13-15. Walmart states that, on December 2, 2019, it informed plaintiffs' counsel that it will supplement Walmart's responses to address plaintiff's concerns on or before December 13, 2019. See ECF No. 284, pgs. 95, 98, and 105.

Given Walmart's representation that supplemental responses would be served on or before December 13, 2019, given counsel's representation at the hearing that supplemental responses were indeed served on December 13, 2019, and that they are acceptable to plaintiffs, and given the lack of any follow-up motion to compel or joint statement concerning supplemental responses, plaintiffs' motion with respect to Walmart's responses to their first set of interrogatories is resolved and will be denied as moot.

### B. Plaintiffs' Motion to Compel Walmart to Provide Further Responses to Interrogatories, Set Two (ECF No. 308)

Plaintiffs seek an order compelling Walmart to provide substantive response to three interrogatories – Nos. 16, 17, and 18 – plaintiffs served as set two. See ECF No. 380 (Notice of Motion); see also ECF No. 317 (Joint Statement).

As outlined in the parties' joint statement, plaintiffs served interrogatories, set two, on Walmart on November 5, 2019. See ECF No. 317, pg. 8. While the parties do not provide the court with copies of the actual discovery requests and responses at issue, according to the joint statement the dispute concerns interrogatory nos. 16, 17, and 18. See id. at 45-46. In these interrogatories, plaintiffs seek the following discovery:

> INTERROGATORY NO. 16: IDENTIFY all category advisors to Walmart for any categories related to Plaintiffs for Plaintiffs' products, including but not limited to the wet shave category and the beauty accessories category, at any time during the period of January 1, 2002, to the present.

///

> INTERROGATORY NO. 17: DESCRIBE Walmart's document or data retention policy, including but not limited to how documents or data are organized and/or categorized for purposes of the policy, when the policy was initiated, and the length of time that each type of document is retained and how it is retained.
>
> INTERROGATORY NO. 18: IDENTIFY all DOCUMENTS and tangible things that (1) were requested from Walmart by Plaintiffs in this action which (2) Walmart believes were deleted.

ECF No. 317, pgs. 45-46.

Walmart did not provide any substantive responses, arguing instead that plaintiff's interrogatories, set two, exceed the 25 interrogatories allowed under the Federal Rules of Civil Procedure. See id. at 55-59. According to Walmart, plaintiffs' have with their first set of 15 interrogatories exceeded the maximum of 25. The first set of interrogatories contained 15 items, four of which were withdrawn by plaintiffs. Of the remaining 11 interrogatories, including discreet subparts, Walmart contends interrogatory nos. 5, 11, and 14 are each one interrogatory (total of 3), interrogatory no. 3 is two interrogatories (total of 2), interrogatory no. 4 is six interrogatories (total of 6), interrogatory nos. 7, 8, 13, and 15 each are two interrogatories (total of 8), and interrogatory nos. 9 and 10 each are three interrogatories (total of 6). See id. at 56-59.

Under Federal Rule of Civil Procedure 33(a)(1), "a party" may serve up to 25 written interrogatories without stipulation or leave of court. Subparts to a single interrogatory are only counted as one interrogatory "if they are logically or factually subsumed within and necessarily related to the primary question." Johnson v. Chau, 2019 U.S. Dist. LEXIS 15011, at *8-9 (E.D. Cal. Jan. 30, 2019) (citation omitted). Discrete or separate questions should be counted as separate interrogatories. See Kendall v. GES Exposition Servs., 174 F.R.D. 684, 685-86 (D. Nev. 1997). Where separate parties are represented by the same counsel and are acting in unison, they may be treated as one "party" for purposes of the limit on interrogatories. See Gucci Am., Inc. v. Exclusive Imps. Int'l, 2002 U.S. Dist. LEXIS 14837, at *16-17 (S.D.N.Y. Aug. 12, 2002); see also Jerry Beeman & Pharmacy Servs., Inc. v. Anthem Prescription Mgmt., Inc., 2017 U.S. Dist. LEXIS 191720, at *10 (C.D. Cal. Nov. 17, 2017).

///

///

Plaintiffs contend they are in fact two "parties" – Sharidan Stiles and Stiles 4-U, Inc. – and, as such, may together propound a total of 50 interrogatories, a number which the parties agree has not been exceeded. Walmart contends plaintiffs are acting as one "party" under the rules and, as one party, have with set two exceeded the allowable number of interrogatories without leave of court or stipulation to do so.

Plaintiffs' contention that they are two distinct parties for purposes of limitations on discovery is unpersuasive and inconsistent with the position plaintiffs previously took in this case. Specifically, in the context of plaintiffs' motion for an order seeking elimination of an "attorney eyes only" provision in Walmart's proposed protective order concerning discovery, plaintiffs took the position that plaintiff Stiles' participation in the action was essential to the overall prosecution of the case. See ECF No. 168, pgs. 12-16. Moreover, since the inception of this case, plaintiffs have been working in unison, first pro se and now with the same counsel. Thus, the 25-interrogatory limit applies.

As to the number of interrogatories that were asked in plaintiffs' set one, the court agrees with Walmart's conclusion that plaintiffs asked at least 25 question in the 11 interrogatories and subparts thereto served as set one. "Parties cannot evade th[e] presumptive limitation [of 25 interrogatories] through the device of joining as subpart questions that seek information about discreet subjects." Johnson v. Chau, 2019 U.S. Dist. LEXIS 15011, at *8 (E.D. Cal. Jan. 30, 2019). Subparts are counted as one interrogatory if they are logically or factually subsumed within and necessarily related to the primary question. See id. at *8-9. A review of plaintiffs' interrogatories, set one, reflects that, as Walmart contends, a number of interrogatories contain numerous subparts, raising the total count of interrogatories propounded in set one to at least 25, if not more.

Because plaintiffs met or exceeded the 25 allowable interrogatories with set one, and because plaintiffs did not seek leave to propound additional interrogatories before serving set two, Walmart's objection is sustained and plaintiffs' motion to compel Walmart to respond to interrogatories, set two, will be denied.

///

C.  **Plaintiffs' Motion for Leave to Take Depositions in Excess of Ten (ECF No. 288)**

Plaintiffs seek an order authorizing them to take more than the maximum ten deposition allowed under the Federal Rules of Civil Procedure without leave of court. See ECF No. 288 (Notice of Motion); see also ECF No. 317 (Joint Statement). In the notice of motion, plaintiff states they seek to take a total of 13 depositions. See ECF No. 288, pg. 4. In the joint statement, plaintiffs state they seek to take a total of 18 depositions. See ECF No. 317, pg. 21. To date, plaintiffs have not taken any depositions.

Parties are limited to no more than ten depositions without leave of court or stipulation. See Fed. R. Civ. P. 30(a)(2)(A)(i); see also Nevis v. Rideout Mem'l Hosp., 2019 U.S. Dist. LEXIS 188550, at *5-6 (E.D. Cal. Oct. 30, 2019). The party seeking more than ten depositions bears the burden of making a particularized showing of the need for additional depositions. See Rideout Mem'l Hosp., 2019 U.S. Dist. LEXIS 188550, at *5-6. Where the action is complex, parties are not required to exhaust the ten allowable deposition prior to seeking leave to take additional depositions. See Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc., 2018 WL 5993585 at *1 (E.D. Cal. Nov. 6, 2018); see also Del Campo v. American Corrective Counseling Servs., Inc., 2007 WL 3306496 at *6 (N.D. Cal. Nov. 6, 2007) ("[I]t would be prejudicial to require Plaintiffs to choose the ten depositions to take before they know whether they will be granted more"). Finally, once a showing has been made, the court may relieve parties of the limitations on depositions. See Fed. R. Civ. P. 26(b)(2)(A).

Here, the court finds plaintiffs have made the necessary showing as to the 18 deponents listed in the parties' joint statement and will grant plaintiff's motion for leave to take 18 depositions. While leave is hereby granted to take up to the 18 depositions designated by plaintiff, the depositions are to be completed by the previously stipulated deadline of February 15, 2020. As Defendant Walmart has indicated that defendant has depositions yet to be completed by that same deadline, the parties are directed to cooperate in the scheduling and coordination of **all** remaining depositions, including but not limited to scheduling depositions to proceed on concurrent schedules, in multiple venues to be covered by multiple counsel, other than just lead

counsel, and depositions scheduled outside ordinary business hours, including early mornings, evenings and weekends.

**D.    Walmart's Motion to Compel Plaintiffs to Provide Further Responses to Requests for Production, Set One (ECF No. 280)**

In its notice of motion and the parties' first joint statement concerning its requests for production, set one, Walmart identifies the following issues:

> One:   Whether plaintiffs failed to serve a privilege log.
>
> Two:   Whether plaintiffs failed to collect responsive documents from all relevant custodians.
>
> Three: Whether plaintiffs failed to produce certain responsive documents, or confirm such documents do not exist, in eight categories:
> - Tax filings.
> - Comprehensive sales financial data.
> - Contracts.
> - Documents relating to actual or contemplated patent agreements.
> - Communications with third parties.
> - Documents concerning patents.
> - Documents concerning "razor-related products."
> - Documents concerning manufacture of the Stiles Razor.
>
> See ECF No. 280 (Notice of Motion); see also ECF No. 283 (First Joint Statement).

Following the prior hearing at which the court encouraged the parties to engage in good-faith meet-and-confer efforts to resolve as many of the pending discovery disputes as possible, over the course of December 2019 and the first week of January 2020, plaintiffs supplemented their responses and produced additional documents as well as a privilege log. See ECF No. 313, pgs. 3-5 (Second Joint Statement). Walmart continues to argue plaintiffs' "document production in response to Walmart's RFPs remains deficient." Id. at 14. Walmart's contentions, however, are now narrowed to two issues: (1) whether plaintiffs should be compelled to produce further tax records in response to request for production no. 87; and (2) whether plaintiffs should be compelled to produce other financial data in response to request for production nos. 69, 75, 79, 81-84, and 93. See id. at 14-16.

/ / /

/ / /

Regarding tax records, Walmart contends:

> Walmart's RFP No. 87 seeks all documents regarding the value or valuation of the Stiles Razor, including local, state, and federal tax filings. Plaintiffs responded that they will search for relevant, non-privileged or private documents and produce such documents on a rolling basis. *See* Kiernan Decl., Ex. 1 at 94-95. Plaintiffs have produced two documents regarding a profit loss statement from 2008 and a tax return history report from 2013. *Id.*, ¶ 34. Other than these two documents, plaintiffs have not produced documents responsive to RFP No. 87. *Id.*, ¶ 17. Walmart needs the information to assess the value of the Stiles Razor and defend itself against Stiles' claim for damages. Plaintiffs claim they have "produced ***all responsive documents*** within our clients' possession, custody, or control as of the date of the last production, except for privileged/work product documents, which we have properly logged on a privilege log," Kiernan Decl., Ex. 5, but it is simply not credible that a small business owner does not have in her possession, custody, or control, any of her tax filings related to a product she purportedly patented and sold for years at Walmart and elsewhere. *See Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995) ("Thus, actual possession of the requested documents is not required. A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.") (citation omitted). When asked during the parties' meet and confer call what plaintiffs did to search for documents responsive to Walmart's RFPs—specifically, plaintiffs' tax records—plaintiffs' counsel refused to respond, claiming the information was "work product." Simonsen Decl., ¶ 3.
> 
> To be clear, plaintiffs' qualified privilege objection to producing their tax returns is meritless. Plaintiffs concede that "[o]rdering production of tax returns requires both that 'they are relevant' and that 'there is a compelling need for them because the information sought is not otherwise available.'" ECF No. 283 at 16 (quoting *Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 497–98 (N.D. Cal. 2003)). As discussed below, there are significant gaps in the financial and revenue data produced by plaintiffs. Accordingly, the information about plaintiffs' sales of their product contained in their tax returns "is not otherwise available," and accordingly plaintiffs' tax returns are discoverable.
>
> The Court should order plaintiffs to produce the responsive tax records or, if they claim they cannot find the records or the records do not exist, to "produce a declaration signed under penalty of perjury . . . explaining the specific efforts and methods used to locate these records," to the extent they "conclude[] that [they] [are] not in possession, custody, or control of any such records." *Berger v. Home Depot United States, Inc.*, 2010 U.S. Dist. LEXIS 152830, at *15 (C.D. Cal. Oct. 7, 2010); *see Coppola v. Smith*, 2016 U.S. Dist. LEXIS 22066, at *9, *11 (E.D. Cal. Feb. 23, 2016) ("In responding to discovery requests, a reasonable inquiry must be made . . . . To comply with the discovery rules, the [responding party] must confirm that a thorough search was conducted with due diligence . . . .") (emphasis added).

ECF No. 313, pgs. 14-15.

///

///

Regarding financial data, Walmart contends:

> Walmart's RFP Nos. 69, 75, 79, 81-84, and 93 seek comprehensive financial data for sales of the Stiles Razor, including sales through third party retailers. *See* Kiernan Decl., Ex. 1 at 81-82, 86, 88-89, 90-92, & 98-99. In response, plaintiffs have produced limited financial data from Walmart and Crossmark, Inc., as well as a screen shot of an account payable summary for Stiles from Target Corp. Following the parties' November meet and confer, plaintiffs made three document productions. Those document productions contained purchase orders and invoices for Stiles' products at Target, Walmart, Amazon, Big Lots, and Body 4 Real. Plaintiffs also produced order forms and invoices for the manufacturing of plaintiffs' products and shipment of plaintiffs' products to retailers. *See* Kiernan Decl., ¶¶ 18, 33. Plaintiffs have not produced any internal financial reporting or data, let alone comprehensive financial data for sales of the Stiles Razor through retailers other than Walmart or any other financial data by which Walmart can ascertain the sales amounts. *Id.* Walmart needs this information to prepare a defense to plaintiffs' claims for damages. Again, plaintiffs' claim that they have produced all responsive, non-privileged documents is simply not credible, and plaintiffs have refused to provide any information about what they did to search for responsive documents. Simonsen Decl., ¶ 3. The Court should order plaintiffs to produce comprehensive and complete financial data for sales of the Stiles Razor or, if they claim they cannot find any other records or no other records exist, to "produce a declaration signed under penalty of perjury . . . explaining the specific efforts and methods used to locate these records," to the extent they "conclude[] that [they] [are] not in possession, custody, or control of any such records" beyond what they have produced. *Berger*, 2010 U.S. Dist. LEXIS 152830, at *15.

Id. at 15-16.

According to plaintiffs, during the course of the meet-and-confer process, they repeatedly informed Walmart that all responsive documents in their custody, possession, or control had been produced. See ECF No. 313, pgs. 16-18. The gravamen of Walmart's argument is its apparent disbelief in plaintiffs' representations. Walmart seeks an order consistent with Berger requiring plaintiffs to submit a declaration under penalty of perjury regarding efforts plaintiffs took to locate and produce responsive tax records and financial data.

At the hearing, Walmart's counsel represented that plaintiff had produced additional tax and financial records just the night prior. Plaintiffs' method of document production in response to request for production no. 87 suggests a lack of diligence and good faith, though the court does not so find at this time. Plaintiffs will be directed to serve a supplemental response to request for production no. 87 and to produce all responsive documents which have not already been produced. If there are no more responsive documents to produce,

13

1 | plaintiffs shall so state.

2 | The court declines to require plaintiffs' counsel to submit a declaration consistent
3 | with <u>Berger</u>. Ordinarily, counsel's representations that a diligent search has been made and that
4 | responsive documents have been produced is sufficient. <u>See e.g.</u> <u>Goethe v. Cal. DMV</u>, 2009 U.S.
5 | Dist. LEXIS 105292 at *2-4 (E.D. Cal. Oct. 27, 2009). Walmart has not presented any evidence
6 | to suggest that plaintiffs' counsel is not being truthful or that there are concerns of spoliation of
7 | evidence, as was the situation in <u>Berger</u>, cited by Walmart.

8 | Both parties are reminded that any documents that would have been responsive to
9 | proper discovery, but which was not produced, will not be admitted at the time of trial.

### E. <u>Walmart's Motion to Compel Plaintiffs to Provide Further Responses to Interrogatories, Set One (ECF No. 281)</u>

In November and December 2019, the parties engaged in meet-and-confer efforts. <u>See</u> ECF No. 314, pgs. 5-9 (Second Joint Statement). As a result of these efforts, plaintiffs served supplemental responses and objections to Walmart's interrogatories, set one, on December 15, 2019. <u>See</u> <u>id.</u> at 6. Following plaintiffs' supplementation, Walmart continues to assert plaintiffs' responses to certain interrogatories remain deficient and that the court should order further responses. <u>See</u> <u>id.</u> at 18-50. Walmart's motion is now limited to the following issues: (1) whether plaintiffs should be compelled to provide further supplemental responses to interrogatory nos. 15-18 regarding an alleged agreement between Walmart and defendant American International Industries, Inc. (AI); (2) whether plaintiffs should be compelled to provide a further supplemental response to interrogatory no. 20 regarding the product market alleged in the complaint; (3) whether plaintiffs should be compelled to provide further supplemental responses to interrogatory nos. 5-7, 10, and 21 regarding sales of the Stiles Razor; (4) whether plaintiffs' assertion of a global privilege objection violates Federal Rule of Civil Procedure 33(b)(4) requiring objections to be stated with specificity; and (5) whether plaintiffs should be precluded from offering or relying on information or facts responsive to interrogatory nos. 1-14 and 19-21 that has not been provided in any of their responses to these interrogatories. <u>See</u> <u>id.</u>

### 1. Sufficiency of Substantive Responses

In its first three contentions, Walmart challenges the sufficiency of plaintiffs' supplemental substantive responses to interrogatory nos. 5-7, 10, 15-18, 20, and 21. Plaintiffs served their supplemental responses on December 15, 2019. See ECF No. 314-8.

#### i. Interrogatory Nos. 5-7, 10, and 21

In supplemental response to interrogatory nos. 5-7 and 21, plaintiffs state: ". . . Stiles identifies the documents in Exhibits 1 and 2, a subset of which will contain the information responsive to this interrogatory." Id. at 14-17, 133. Exhibits 1 and 2 consist, respectively, of lists of 773 and 1,400 discovery documents previously produced. See id. at 135-184. In supplemental response to interrogatory no. 10, plaintiffs state: ". . .Stiles identifies the documents in Exhibit 3, a large subset of which will contain the information responsive to this interrogatory." See ECF No. 314-8, pg. 21. Exhibit 3 consists of a list of 837 documents. See id. at 185-204. Walmart asserts this method of responding to its interrogatories is deficient.

Federal Rule of Civil Procedure 33(d)(1) permits reference to business records in response to interrogatories provided "the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records. . ., and if the burden of deriving or ascertaining the answer will be substantially the same for either party. . . ." Fed. R. Civ. P. 33(d)(1). A responding party citing such records must specify the record that must be reviewed in sufficient detail to enable to interrogating party to locate and identify them as readily as the responding party could. . . ." Id. A repeated reference to a block of documents does not constitute compliance. See E. & J. Gallo Winery v. Rallo, 2006 U.S. Dist. LEXIS 84048, at *11-12 (E.D. Cal. Nov. 8, 2006); see also Carolina Cas. Ins. Co. v. Oahu Air Conditioning Serv., 2014 U.S. Dist. LEXIS 131109, at *25-27 (E.D. Cal. Sep. 16, 2014) ("A citation to thousands of pages of documents in an insufficient response to interrogatories"). If a responding party provides a voluminous reference to business records, the party must also include an index guiding the interrogating party to the specific responsive documents. See Carolina Cas. Ins. Co., 2014 U.S. Dist. LEXIS 131109, at *27.

///

Here, as Walmart notes, plaintiffs have in essence directed Walmart to lists of numerous documents, a subset of which contain responsive information, and said "good luck." Plaintiffs have failed to provide any meaningful way for Walmart to discern from the volumes of documents cited which specific documents contain responsive information. As such, plaintiffs' method of responding under Rule 33(d)(1) is insufficient and plaintiffs will be ordered to provide further supplemental responses. If responsive information are within the universe of records identified by plaintiffs in exhibits 1, 2, and 3, plaintiffs shall identify the specific documents containing such responsive information.

### ii. Interrogatory Nos. 15-18

Walmart seeks the following discovery:

> INTERROGATORY NO. 15: Identify every Communication and meeting, including any Document related to such Communications and meetings, which you contend Relates to any alleged unlawful agreement between Walmart and American International, including but not limited to the individuals that you contend were involved in each such Communication or meeting, whether the Communication or meeting was in person or over the phone, and the place where the Communication or meeting occurred.
>
> INTERROGATORY NO. 16: Identify all facts and Documents You contend support Your allegations that Walmart and American International entered into the unlawful agreement allege din the Fourth Amended Complaint.
>
> INTERROGATORY NO. 17: Identify all facts and Documents that You contend support Your allegations in paragraph 129 of the Fourth Amended Complaint that "before May 30, 2012, American Industries began discussing the creation of the Salon Perfect Micro Razor with Walmart."
>
> INTERROGATORY NO. 18: Identify all facts and Documents that You contend support Your contention that Walmart's 2012 line review of American International's product line occurred earlier than July of 2012, including when You contend such line review occurred.

ECF No. 314-8, pgs. 28, 61, 94, 107.

Plaintiffs served lengthy and virtually identical initial and supplemental responses to these interrogatories. See id. at 28-127.

Walmart contends plaintiffs' responses are deficient because they incorporate arguments relating to new allegations and claims contained in a proposed fifth amended complaint the District Judge did not grant leave to file. Walmart seeks an order compelling plaintiffs to provide substantive responses to interrogatory nos. 15-18 which are based solely on

16

the allegations contained in the operative fourth amended complaint. A review of plaintiffs' responses to interrogatory nos. 15-18 reflects that they are indeed ambiguous and confusing. Plaintiffs' responses consist largely of arguments relating to various legal theories, some of which Walmart contends are not at issue in this action. Plaintiffs will be directed to serve supplemental responses to interrogatory nos. 15-18 which are more directly responsive and applicable to the <u>facts</u> plaintiffs allege support their various legal theories.

          iii        <u>Interrogatory No. 20</u>

Walmart seeks the following discovery:

> INTERROGATORY NO. 20: Identify every razor (by make and model) from January 1, 2007, to present that You contend falls within the Disposable Personal Styling Razors product market alleged in the Fourth Amended Complaint.

ECF No. 314-8, pg. 129.

Walmart persuasively argues that plaintiffs' supplemental response to Interrogatory 20 is deficient in the inclusion of qualifying terms such as "some or all," "without limitation," and "may", which limiting language is elusive and fail to respond with sufficient specificity to a request to identify "every razor" within the designated category. <u>See</u> Fed. R. Civ. P. 33(b)(3) (requiring full answers) and 33(d)(1) (regarding reference to business records). Plaintiffs will be ordered to provide a further supplemental response to Walmart's interrogatory no. 20.

        2.        <u>Privilege Objection</u>

Walmart contends plaintiffs' assertion of a boilerplate global objection based on privilege fails to comply with Federal Rule of Civil Procedure 33(b)(4). Under Rule 33(b)(4), "[t]he grounds for objecting to an interrogatory must be stated with specificity." "Whe[n] a responding party states a general objection to an entire discovery document on the basis of privilege, . . . the resulting 'blanket objection' is decidedly improper." <u>Eureka Fin. Corp. v. Hartford Acci. & Indem. Co.</u>, 136 F.R.D. 179, 182 (E.D. Cal. 1991). According to Walmart, none of plaintiffs' responses to Walmart's interrogatories, set one, state whether plaintiffs have withheld information on the grounds of privilege." ECF No. 314, pg. 49. Walmart seeks an order compelling plaintiffs to so state. <u>See</u> <u>id.</u>

17

Plaintiffs state in the second joint statement filed regarding Walmart's interrogatories, set one, that they are "not withholding an information on behalf of any privilege objection." Id. at 55. Because plaintiffs have not formally stated this in writing, and because Walmart is entitled to a formal response to its interrogatories, set one, indicating that no information is being withheld on the basis of privilege, Walmart's motion will be granted and plaintiffs will be required to serve a supplemental response indicating that no information is being withheld in response to Walmart's interrogatories, set one, on the basis of privilege. To the extent any privilege is being asserted, plaintiff shall identify the specific privilege, and shall serve a privilege log as required by statute.

### 3. Future Use of Undisclosed but Responsive Information

Relying solely on Tumbling v. Merced Irrigation Dist., 2010 U.S. Dist. LEXIS 101404, at *60-61 (E.D. Cal. Sep. 27, 2010), Walmart argues the court should enter an order precluding plaintiffs from offering or using at any time in the future of this litigation any information responsive to its discovery requests but which has not been disclosed in any responses to interrogatory nos. 1-14 and 19-21. As plaintiffs note, this request for relief is not ripe until and unless plaintiffs attempt to offer evidence which is responsive but was not disclosed. In Tumbling, the court concluded in ruling on a motion for summary judgment that the plaintiff's retaliation claim was limited to the facts in his answer to interrogatory no. 21. See id. Thus, the issue before the court was whether evidence that was sought to be used could actually be used. In this case, plaintiffs have not yet sought to offer or otherwise use information which Walmart claims is responsive to its interrogatories but was previously undisclosed. Until this happens, Walmart's request is premature. It could be that plaintiff will never seek to use such information. If plaintiffs do, the issue should be decided in the context the information is offered, such as in considering a motion for summary judgment or at trial. Walmart's premature motion for a preclusion order will be denied.

///

///

///

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel (ECF No. 279) is denied;
2. Plaintiffs' motion to compel (ECF No. 308) is denied;
3. Plaintiff's motion for leave to take depositions in excess of ten (ECF No. 288) is granted;
4. Walmart's motion to compel (ECF No. 280) is granted in part;
5. Plaintiffs shall serve supplemental responses to Walmart's request for production no. 87 on or before January 21, 2020;
6. Walmart's motion to compel (ECF No. 281) is granted in part; and
7. Plaintiffs shall serve supplemental responses to Walmart's interrogatory nos. 5-7, 10, 15-18, 20, and 21 on or before January 27, 2020, such supplemental responses to indicate, as represented by counsel at the hearing, that no information is being withheld on the basis of privilege.

Dated: January 17, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE