# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, et al., | No. 2:14-CV-2234-MCE-DMC |
| Plaintiffs, | |
| v. | ORDER |
| WALMART, INC., et al., | |
| Defendants. | |
| AND RELATED COUNTER-ACTIONS | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action alleging intellectual property and antitrust claims. Pending before the court are the following four discovery motions:

<u>Motions Filed by Plaintiffs</u>

ECF No. 324    Motion to compel defendant American International Industries, Inc., (AI) to provide further responses to requests for production, set two.

ECF No. 334    Motion to compel deposition testimony from Walmart's Rule 30(b)(6) witness.

/ / /

/ / /

1

Motions Filed by Walmart

| | |
|---|---|
| ECF No. 332 | Motion to enforce court's order regarding depositions and for a protective order. |
| ECF No. 336 | Motion for a protective order regarding Walmart's Rule 30(b)(6) witness. |

The parties have filed joint statements regarding these discovery disputes. See ECF Nos. 325, 342, and 352. The parties' requests to seal documents in connection with these motions and responses thereto (ECF Nos. 326, 329, 330, 348, and 353) will be addressed by separate order.

Plaintiff's motion to compel defendant AI to provide further discovery responses was submitted without oral argument. See ECF No. 331. The parties appeared before the undersigned in Redding, California, on February 5, 2020, at 10:00 a.m., on stipulated shortened notice for arguments on the remaining motions. Brian Dunne, Esq., and Erick Kuylman, Esq., appeared for plaintiffs. Catherine Simonsen, Esq., appeared for Walmart. Also appearing was Karen Jacobsen, Esq., for non-parties Jeanne Helfrich and Walgreen Co. Following oral argument, the remaining motions were submitted.

## I. SUMMARY OF DISCOVERY DISPUTES

Plaintiffs' Motion to Compel Defendant AI to Provide Further Responses to Requests for Production, Set Two (ECF No. 324)

Plaintiffs seek an order compelling defendant AI to provide further responses to request for production nos. 63, 65-76, 79-80, 85-86, 91-92, and 97-98. According to plaintiffs, the discovery requests at issue "seek information regarding Walmart's Category Advisor Program." ECF No. 325, pg. 18 (joint statement). In response to each of these requests, defendant AI raised a number of objections and stated that, subject to and without waiving its objections, it had already produced all responsive non-privileged documents in its possession, custody, or control. See e.g. ECF No. 325-2, pg. 9 (AI's response to request no. 63).

/ / /

/ / /

/ / /

<u>Walmart's Motion to Enforce the Court's Order Regarding Depositions and for a Protective Order (ECF No. 332)</u>

Walmart seeks an order to enforce the court's January 17, 2020, order permitting plaintiffs to take the depositions of up to 18 specified individuals. In particular, Walmart seeks a protective order precluding plaintiffs from taking the depositions of Jeanne Helfrich and Robin Foshee. <u>See</u> ECF No. 342, pg. 3 (joint statement).

<u>The Parties' Cross-Motions Regarding Plaintiff's Notice of Deposition of Walmart's Rule 30(b)(6) Witness (ECF Nos. 334 and 336)</u>

Plaintiffs seek an order compelling Walmart to produce its Rule 30(b)(6) witness(es) to testify on five disputed topics. <u>See</u> ECF No. 352, pgs. 8-9 (joint statement). Walmart seeks a protective order precluding such deposition testimony. <u>See id.</u>

## II. DISCUSSION

### A. <u>Plaintiffs' Motion to Compel Defendant AI to Provide Further Responses to Requests for Production, Set Two (ECF No. 324)</u>

As AI notes in the joint statement, plaintiffs' motion is untimely. On May 20, 2016, the District Judge issued an initial scheduling order upon commencement of this action. <u>See</u> ECF No. 54. In that order, the court addressed discovery as follows:

> All discovery, with the exception of expert discovery, shall be completed no later than three hundred sixty-five (365) days from the filing of the original complaint in the action. **In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.** All motions to compel discovery must be notice on the magistrate judge's calendar in accordance with the Local Rules. (footnote omitted).

<u>Id.</u> at 2 (bold added).

On August 10, 2018, the court issued a stipulated modified discovery and scheduling order. <u>See</u> ECF No. 146 (stipulated order). Pursuant to that order, fact discovery was set to close on July 10, 2019, and dispositive motions were set to be filed within 150 days after the close of fact discovery. <u>See id.</u> at 3-4. On June 18, 2019, the District Judge issued an order

3

extending all operative case deadlines, as outlined in the court's August 10, 2018, discovery and scheduling order, by six months to January 10, 2020. See ECF No. 229. Pursuant to further stipulation, the time to conduct fact witness depositions has been extended to and including February 15, 2020. See ECF No. 291 (stipulated order). The docket does not reflect any requests for or orders approving further modification of the August 10, 2018, scheduling order.

Thus, all fact discovery, except fact depositions, closed on or about January 10, 2020. The time to conduct fact depositions has been extended to February 15, 2020.

Plaintiffs served their requests for production, set two, on defendant AI on November 27, 2019. See ECF No. 325-3, pg. 37 (proof of service). Defendant AI served responses on December 27, 2019. See ECF No. 325-2, pg. 39 (proof of service). Plaintiffs' instant motion to compel was filed on January 22, 2020. As the District Judge explained in the May 2016 initial scheduling order, the deadline for completion of fact discovery includes the filing of any necessary motions to compel. See ECF No. 54. Because plaintiff's motion was filed <u>after</u> the deadline for completion of fact discovery – January 10, 2020 – it is clearly untimely and will be denied as such.

**B.    Walmart's Motion to Enforce the Court's Order Regarding Depositions and for a Protective Order (ECF No. 332)**

By earlier motion, plaintiffs sought leave to take more than the maximum ten depositions allowed under the Federal Rule of Civil Procedure. See ECF Nos. 288 (Notice of Motion) and 317 (Joint Statement). Arguments were heard on January 15, 2020, and the court issued an order on January 17, 2020. See ECF No. 323. In granting plaintiff's motion, the court stated:

> Plaintiffs seek an order authorizing them to take more than the maximum ten deposition allowed under the Federal Rules of Civil Procedure without leave of court. See ECF No. 288 (Notice of Motion); see also ECF No. 317 (Joint Statement). In the notice of motion, plaintiff states they seek to take a total of 13 depositions. See ECF No. 288, pg. 4. In the joint statement, plaintiffs state they seek to take a total of 18 depositions. See ECF No. 317, pg. 21. To date, plaintiffs have not taken any depositions.
> Parties are limited to no more than ten depositions without leave of court or stipulation. See Fed. R. Civ. P. 30(a)(2)(A)(i); see also Nevis v. Rideout Mem'l Hosp., 2019 U.S. Dist. LEXIS 188550, at *5-6 (E.D. Cal. Oct. 30, 2019). The party seeking more than ten depositions bears

4

the burden of making a particularized showing of the need for additional depositions. See Rideout Mem'l Hosp., 2019 U.S. Dist. LEXIS 188550, at *5-6. Where the action is complex, parties are not required to exhaust the ten allowable deposition prior to seeking leave to take additional depositions. See Aerojet Rocketdyne, Inc. v. Global Aerospace, Inc., 2018 WL 5993585 at *1 (E.D. Cal. Nov. 6, 2018); see also Del Campo v. American Corrective Counseling Servs., Inc., 2007 WL 3306496 at *6 (N.D. Cal. Nov. 6, 2007) ("[I]t would be prejudicial to require Plaintiffs to choose the ten depositions to take before they know whether they will be granted more"). Finally, once a showing has been made, the court may relieve parties of the limitations on depositions. See Fed. R. Civ. P. 26(b)(2)(A).

Here, the court finds plaintiffs have made the necessary showing as to the 18 deponents listed in the parties' joint statement and will grant plaintiff's motion for leave to take 18 depositions. While leave is hereby granted to take up to the 18 depositions designated by plaintiff, the depositions are to be completed by the previously stipulated deadline of February 15, 2020. As Defendant Walmart has indicated that defendant has depositions yet to be completed by that same deadline, the parties are directed to cooperate in the scheduling and coordination of **all** remaining depositions, including but not limited to scheduling depositions to proceed on concurrent schedules, in multiple venues to be covered by multiple counsel, other than just lead counsel, and depositions scheduled outside ordinary business hours, including early mornings, evenings and weekends.

ECF No. 323, pgs. 10-11.

The parties agree on the following subsequent history:

On January 27, 2020, plaintiffs served counsel for Walmart with notices of depositions of Jeanne Helfrich and Robin Foshee. *See* ECF No. 332 (Declaration of Catherine S. Simonsen ("Simonsen Decl.")), ¶¶ 3-4, Ex. 2, 3; *id.*, ¶ 9, Ex. 8, 9. On January 28, 2020, counsel for Walmart met and conferred with counsel for plaintiffs regarding the deposition notices. *See id.*, ¶¶ 13-14. Counsel for Walmart asked plaintiffs to withdraw the Helfrich and Foshee deposition notices on the grounds that they exceeded the 10-deposition limit under Fed. R. Civ. P. 30(a)(2)(A)(i) and were not permitted by the Court's Order of January 17, 2020, authorizing the specific 18 depositions plaintiffs sought leave to take (which did not include the depositions of Ms. Helfrich or Ms. Foshee). *See* ECF No. 323 at 10-11. Plaintiffs' counsel did not agree to withdraw the Helfrich and Foshee deposition notices. *See id.*, ¶¶ 13-14, Ex. 13.

ECF No. 342, pg. 3 (Joint Statement).

Walmart now moves for enforcement of the court's January 17, 2020, order permitting only those depositions outlined by plaintiffs in their prior filings.

Walmart's motion is well-taken in that plaintiffs were granted leave to take the specific depositions listed in the prior joint statement. In obtaining that relief, plaintiffs made the required showing as to each of the witnesses listed. Neither Ms. Helfrich nor Ms. Foshee were listed and, as such, plaintiffs made no showing as to such witnesses. To the extent plaintiffs seek

with the notices of deposition directed to Helfrich and Foshee to take more than the 18 depositions previously authorized, Walmart's motion will be granted. Plaintiffs shall not be permitted to take more than the 18 depositions for which leave has been granted.

In their prior motion for leave to take excess depositions, plaintiffs listed eight witnesses as person most knowledgeable designees of various entities under Federal Rule of Civil 30(b)(6). See ECF No. 317, pgs. 29-33. Specifically, plaintiffs listed among the 18 depositions they sought leave to take the Rule 30(b)(6) designees of AI, see id. at 29 (witness no. 5), Walmart, see id. at 31 (witness no. 12), Pacific World, see id. (witness no. 13), Coty, see id. (witness no. 14), P&G, see id. (witness no. 15), Energizer, see id. (witness no. 16), KISS, see id. (witness no. 17), and Onyx, see id. (witness no. 18). To the extent plaintiffs now seek to substitute Ms. Helfrich and/or Ms. Foshee as a Rule 30(b)(6) designee listed in plaintiffs' prior motion, Walmart's motion will be denied, and such depositions may proceed, so long as the authorized total of 18 depositions is not exceeded.

### C. The Parties' Cross-Motions Regarding Plaintiff's Notice of Deposition of Walmart's Rule 30(b)(6) Witness (ECF Nos. 334 and 336)

Federal Rule of Civil Procedure 30(b)(6) provides in relevant part:

> In its notice [of deposition] . . ., a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . .

Fed. R. Civ. P. 30(b)(6).

On January 15, 2020, plaintiffs served a notice of deposition for Walmart's Rule 30(b)(6) witness. The notice specified 32 separate topics for examination. See ECF No. 352-2 (Walmart's objections to notice, attached as Exhibit 1 to the declaration of Erick Kuylman). Walmart objected to all 32 topics. See id.

///

///

///

During the course of the meet-and-confer process, the parties have narrowed the dispute to Topics 4, 5, 6, 7, and 29. See ECF No. 352, pgs. 8-9 (joint statement). According to the parties:

> . . .The parties primarily disagreed about the relevant, particularity, and temporal scope of the topics. (citation omitted). Although Stiles agreed to limit the scope of the topics to the Beauty and Wet Shave categories and to the period of January 1, 2007, to October 1, 2014, Walmart was unwilling to withdraw its objections. (citation omitted).

Id. at 9.

The specific topics remaining at issue are as follows:

| | | |
|---|---|---|
| Topic 4 | | Walmart's category advisor program. |
| Topic 5 | | Walmart's practices, processes, and procedures for selecting category advisors. |
| Topic 6 | | Walmart's use of category advisors, including what information is shared with category advisors. |
| Topic 7 | | Walmart's practices, processes, and procedures for sharing price, cost, and supply in formation with product suppliers. |
| Topic 29 | | The documents and spreadsheets that Walmart produced with its August 14, 2019, volume 10 production and its November 15, 2019, production. |

ECF No. 352-2, Exhibit 1.

Walmart refused to provide a Rule 30(b)(6) witness to testify on any of these topics. See id.

As outlined above, during the meet-and-confer process plaintiffs agreed to limit the scope of Walmart's Rule 30(b)(6) witness deposition to the beauty and wet shave categories for the time between January 1, 2007, and October 1, 2014. At the hearing, plaintiffs' counsel agreed to further limit the scope of Walmart's Rule 30(b)(6) witness deposition to the time period between January 1, 2009, and October 1, 2014, for the "beauty" category. Pursuant to plaintiffs' counsel's representations, the following limitations shall apply to Walmart's Rule 30(b)(6) witness deposition:

| CATEGORY | TIME PERIOD |
|---|---|
| Wet Shave | January 1, 2007, to October 1, 2014 |
| Beauty | January 1, 2009, to October 1, 2014 |

The above-listed additional particularity specified by plaintiffs was accordingly considered with regard to each of the disputed topics discussed below.

### 1. Topic 4 -- Walmart's category advisor program

Walmart objects as follows:

> Walmart objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Walmart objects to this Topic to the extent it seeks confidential, trade secret, competitive, business, or other proprietary information and reserves the right to designate any transcript(s) of Walmart's designee(s) confidential as permitted under the Protective Order. Walmart objects to this Topic on the grounds that it is vague and ambiguous, including in its use of the term "category advisor program," which is not defined and Walmart interprets this Topic as it reasonably understands these terms. Walmart further objects to this request as inconsistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure because it fails to describe with reasonable particularity the matters for examination. Walmart objects to this Topic as overly broad and unduly burdensome because it lacks temporary scope  Walmart further objects to this Topic as overly broad to the extent it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case because it seeks discovery beyond the scope of plaintiffs' claims as plead in the Fourth Amended Complaint.

ECF No. 352-2, pg. 7.

Walmart refused to produce any witness to testify on this topic. See id.

With the narrowing of this topic to the beauty category for the time period January 1, 2009, to October 1, 2014, and the wet shave category for the time period January 1, 2007, to October 1, 2014, the Court finds this topic to be described with reasonable particularity. Plaintiffs' motion will be granted and Walmart's cross-motion will be denied as to Topic 4.

### 2. Topic 5 – Walmart's practices, processes, and procedures for selecting category advisors

Walmart objects as follows:

> Walmart objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Walmart objects to this Topic to the extent it seeks confidential, trade secret, competitive, business, or other proprietary information and reserves the right to designate any transcript(s) of Walmart's designee(s) confidential as permitted under the Protective Order. Walmart objects to this Topic on the grounds that it is vague and

ambiguous, including in its use of the terms "practices," "processes," "procedures," and "category advisors," which are not defined and Walmart interprets this Topic as it reasonably understands these terms. Walmart further objects to this request as inconsistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure because it fails to describe with reasonable particularity the matters for examination. Walmart objects to this Topic as overly broad and unduly burdensome because it lacks temporary scope Walmart further objects to this Topic as overly broad to the extent it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case because it seeks discovery beyond the scope of plaintiffs' claims as plead in the Fourth Amended Complaint.

ECF No. 352-2, pgs. 7-8.

Walmart refused to produce any witness to testify on this topic. See id.

With the narrowing of this topic to the beauty category for the time period January 1, 2009, to October 1, 2014, and the wet shave category for the time period January 1, 2007, to October 1, 2014, the Court finds this topic to be described with reasonable particularity. Plaintiffs' motion will be granted and Walmart's cross-motion will be denied as to Topic 5.

3. <u>Topic 6 – Walmart's use of category advisors, including what information is shared with category advisors</u>

Walmart objects as follows:

Walmart objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Walmart objects to this Topic to the extent it seeks confidential, trade secret, competitive, business, or other proprietary information and reserves the right to designate any transcript(s) of Walmart's designee(s) confidential as permitted under the Protective Order. Walmart objects to this Topic on the grounds that it is vague and ambiguous, including in its use of the terms "use," "category advisors," "information," and "shared," which are not defined and Walmart interprets this Topic as it reasonably understands these terms. Walmart further objects to this request as inconsistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure because it fails to describe with reasonable particularity the matters for examination. Walmart objects to this Topic as overly broad and unduly burdensome because it lacks temporary scope Walmart further objects to this Topic as overly broad to the extent it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case because it seeks discovery beyond the scope of plaintiffs' claims as plead in the Fourth Amended Complaint.

ECF No. 352-2, pg. 8.

Walmart refused to produce any witness to testify on this topic. See id.

///

With the narrowing of this topic to the beauty category for the time period January 1, 2009, to October 1, 2014, and the wet shave category for the time period January 1, 2007, to October 1, 2014, the court finds this topic to be described with reasonable particularity. Plaintiffs' motion will be granted and Walmart's cross-motion will be denied as to Topic 6.

>     4. <u>Topic 7 – Walmart's practices, processes, and procedures for sharing price, cost, and supply information with product suppliers</u>

Walmart objects as follows:

> Walmart objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Walmart objects to this Topic to the extent it seeks confidential, trade secret, competitive, business, or other proprietary information and reserves the right to designate any transcript(s) of Walmart's designee(s) confidential as permitted under the Protective Order. Walmart objects to this Topic on the grounds that it is vague and ambiguous, including in its use of the terms "practices," "processes," "procedures," "sharing," "price," "cost," "supply information," and "product suppliers," which are not defined and Walmart interprets this Topic as it reasonably understands these terms. Walmart further objects to this request as inconsistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure because it fails to describe with reasonable particularity the matters for examination. Walmart objects to this Topic as overly broad and unduly burdensome because it lacks temporary scope Walmart further objects to this Topic as overly broad to the extent it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case because it seeks discovery beyond the scope of plaintiffs' claims as plead in the Fourth Amended Complaint. Walmart objects to this Topic because it assumes the existence of facts no tin evidence. Walmart further objections [sic] to this Topic on the grounds that it is unintelligible.

ECF No. 352-2, pg. 9.

Walmart refused to produce any witness to testify on this topic. <u>See id.</u>

To the extent this topic seeks testimony concerning the mechanics (i.e., "practices, processes, and procedures") for sharing information with product suppliers, the Court finds the topic to be described with reasonable particularity. To the extent the topic seeks information beyond the mechanics of Walmart's sharing of information with product suppliers, the court finds the topic to be overbroad. Plaintiffs' motion will be granted and Walmart's cross-motion will be denied to the extent plaintiffs seek testimony concerning the mechanics of Walmart's information sharing. The granting of this motion is without prejudice to any objections by Walmart, at the time of the subject deposition, to the extent plaintiffs seek testimony beyond the mechanics of

| | |
|---|---|
| 1 | Walmart's information-sharing process and procedure. |
| 2 |       5.    <u>Topic 29 – The documents and spreadsheets that Walmart produced with its August 14, 2019, volume 10 production and its November 15, 2019, production</u> |

1  Walmart's information-sharing process and procedure.

        5.    <u>Topic 29 – The documents and spreadsheets that Walmart produced with its August 14, 2019, volume 10 production and its November 15, 2019, production</u>

Walmart objects as follows:

> Walmart objects to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Walmart objects to this Topic on the grounds that it is vague and ambiguous, including in its use of the terms "documents" and "spreadsheets," which are not defined and Walmart interprets this Topic as it reasonably understands these terms. Walmart objects to this Topic as improper and outside the scope of Federal Rule of Civil Procedure 30(b)(6) testimony. Walmart objects to this Topic to the extent it seeks information that is neither relevant to any party's claim or defense, nor proportional to the needs of the case because it seeks discovery beyond the scope of plaintiffs' claims as plead in the Fourth Amended Complaint. Walmart objects to this Topic to the extent it seeks information that is duplicative of other discovery requests propounded by Plaintiffs in this litigation.

ECF No. 352-2, pg. 25.

Walmart refused to produce any witness to testify on this topic. See id.

        As to this topic, Walmart's objection will be overruled. Plaintiffs should be permitted to ask Walmart's Rule 30(b)(6) witness about documents Walmart produced. The scope of the topic is specifically limited to documents produced by Walmart on August 14, 2019, and November 15, 2019. Presumably, Walmart knows what these documents are and should have its Rule 30(b)(6) witness prepared to discuss them. Plaintiffs' motion will be granted and Walmart's cross-motion will be denied as to Topic 29.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel defendant AI to provide further responses to requests for production, set two (ECF No. 324) is denied;

2. Walmart's motion to enforce the court's prior order regarding depositions and for a protective order (ECF No. 332) is resolved as follows:

    a. The motion is granted to the extent plaintiff will not be permitted to take more than 18 depositions, as provided in the court's January 17, 2020, order;

    b. The motion is denied to the extent plaintiffs seek to substitute Ms. Helfrich and/or Ms. Foshee as a Rule 30(b)(6) designee listed in plaintiffs' prior motion;

3. The parties cross-motions regarding plaintiffs' notice of deposition of Walmart's Rule 30(b)(6) witness (ECF Nos. 334 and 336) are resolved as follows:

    a. Pursuant to plaintiffs' counsel's representations, the scope of Walmart's Rule 30(b)(6) witness deposition as to Topics 4, 5, and 6 is limited to the beauty category for the time period January 1, 2009, to October 1, 2014, and the wet shave category for the time period January 1, 2007, to October 1, 2014;

    b. Subject to the limitations on scope outlined above, plaintiffs' motion is granted and Walmart's motion is denied as to Topics 4, 5, and 6;

    c. Plaintiffs' motion is granted and Walmart's cross-motion is denied as to Topic 7 to the extent plaintiffs seek testimony concerning the mechanics of Walmart's information sharing;

    d. Plaintiffs' motion is granted and Walmart's cross-motion is denied as to Topic 29.

Dated: February 5, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE