BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
CATHERINE S. SIMONSEN (SBN 307325)
catherine.simonsen@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

BIJAL V. VAKIL (SBN 192878)
bvakil@whitecase.com
JEREMY OSTRANDER (SBN 233489)
jostrander@whitecase.com
HALLIE KIERNAN (SBN 313541)
hallie.kiernan@whitecase.com
KRISTEN PREVITO (SBN 320196)
kristen.previto@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
Telephone:  (650) 213-0300
Facsimile:  (650) 213-8158

STEFAN M. MENTZER (admitted *pro hac vice*)
smentzer@whitecase.com
WHITE & CASE LLP
1221 Avenue of the Americas, Floor 49
New York, NY  10020
Telephone:  (212) 819-8200
Facsimile:  (212) 354-8113

*Attorneys for Defendant Walmart Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, an individual, STILES 4 U, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WALMART INC.; AMERICAN INTERNATIONAL INDUSTRIES,<br><br>Defendants. | Case No. 2:14-cv-02234-TLN-DMC<br><br>**WALMART INC.'S RESPONSE TO PLAINTIFFS SHARIDAN STILES AND STILES 4 U, INC.'S NOTICE OF REQUEST TO SEAL DOCUMENTS AND REDACT MOTION TO COMPEL**<br><br>Judge:  The Honorable Dennis M. Cota |

Pursuant to the Court's Stipulated Protective Order (ECF No. 178) and Local Rule 141, Walmart Inc., by and through their undersigned counsel, hereby file their Response to Plaintiffs Sharidan Stiles and Stiles 4 U, Inc.'s Notice of Request to Seal Documents in Support of Notice of Motion and Motion to Compel Supplemental Responses and Productions to Plaintiffs' Requests for Production of Documents (Set 2) (ECF No. 359).

Under the Protective Order, the party designating a document as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" bears the burden of demonstrating the basis for sealing the document, the statutory or other authority for sealing, the requested duration, and the identity of persons to be permitted access to the documents. (ECF No. 178 ¶ 14; L.R. 141.) The documents attached to Plaintiffs' Joint Statement produced by Walmart are all designated Confidential under the Protective Order as containing "privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7), contracts; proprietary information; vendor agreements; personnel files; claim/litigation information; or certain policies and procedures." (ECF No. 178 at 2–3.)

The party seeking to seal documents bears the burden of showing there is a "compelling reason" for sealing the requested documents. *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). However, "[t]he public policies that support the right to access of dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Id.* at 1179. "[T]he usual presumption of the public's right to access is rebutted," where, as here, the documents are attached to a non-dispositive motion. *Id.* at 1180.

Each of the materials attached to plaintiffs' Motion, should be appropriately sealed given their confidential nature. Exhibits 11, 23, and 24 to Declaration of Erick Kuylman were previously filed with plaintiffs' Joint Statements re Discovery Disagreement filed on January 8 and January 22, 2020. (ECF Nos. 317, 325.) Walmart previously sought to seal Exhibit 11 on the ground that this Exhibit contains information regarding confidential supplier relationships and Walmart's internal strategic business decisions. *See* ECF No. 329 at 2-3; ECF No. 329-1 at ¶¶ 2-

6. Walmart also previously sought to seal Exhibits 23 and 24 on the ground that these Exhibits contain emails and spreadsheets pertaining to the business relationships between Walmart and its business partner suppliers, who are third parties to this action and in many cases are competitors of plaintiffs. *See* ECF No. 321 at 3; ECF No. 321-1 at ¶¶ 11, 32.

For the same reasons presented in Walmart's responses to plaintiffs' prior requests to seal (ECF Nos. 321, 329), Walmart requests these documents be sealed and made viewable "only to the Court, its staff, and counsel of record, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action" as permitted under paragraph 9 of the Protective Order. (ECF No. 178 at ¶ 9.) Walmart further requests that the Court maintain the sealing of any quotations or descriptions of the Exhibits in plaintiffs' Motion to Compel Supplemental responses and productions to Plaintiffs' Requests for Production of Documents (Set 2)[1] (ECF No. 357).

                                                        Respectfully Submitted,

Dated:   February 10, 2020                    WHITE & CASE LLP

                                                      By:   */s/ Jeremy Ostrander*
                                                               Jeremy Ostrander

Jeremy Ostrander (SBN 233489)
Bijal V. Vakil (SBN 192878)
Hallie E. Kiernan (SBN 313541)
Kristen Previto (SBN 320196)
WHITE & CASE LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
Telephone:  (650) 213-0300

---

[1] In the Notice of Request to Seal (ECF No. 359), plaintiffs request the Court seal "Portions of the Joint Statement at pages 9, 10, 14 and 17-19." ECF No. 359 at 3. Walmart understands this to mean plaintiffs' motion to compel as the parties did not file a joint statement.

Facsimile:  (650) 213-8158

Bryan A. Merryman (SBN 134357)
Catherine S. Simonsen (SBN 307325)
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Stefan M. Mentzer (admitted *pro hac vice*)
WHITE & CASE LLP
1221 Avenue of the Americas, Floor 49
New York, NY  10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for Defendant
Walmart Inc.