# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>WALMART, INC., et al.,<br><br>  Defendants. | No.  2:14-CV-2234-KJM-DMC<br><br>ORDER |

Plaintiffs, who are proceeding with retained counsel, bring this civil action alleging intellectual property and antitrust claims. Pending before the court are the following discovery motions:

Motions Filed by Plaintiffs

    ECF No. 377    Motion to Compel Additional Supplemental Responses to Requests for Production of Documents (Set Two). Disputed Requests are No.'s 64, 65, 70, 71, and 72.

    ECF No. 381    Motion to Enforce Plaintiffs' Right to Take the Court-Ordered 18 Depositions.

Motions Filed by Non-Party Onyx Corporation (Onyx)

    ECF No. 370    Motion to Quash Deposition Subpoena.

///

///

The parties, and non-parties as identified therein, filed a joint statement regarding these discovery disputes. See ECF No. 393. The parties and non-parties appeared before the undersigned in Redding, California, on March 4, 2020, at 10:00 a.m. for arguments on the above-mentioned motions.  Brian Dunne appeared for plaintiffs, Sharidan Stiles and Stiles 4 U, Inc. Catherine Simonsen appeared for defendant, Walmart, Inc.  Kristina Sager appeared for non-parties Walgreen Co. and Jeannie Helfirich (Ms. Helfrich).[1]  Joshua Escovedo appeared for non-party Onyx Corporation. Robert Friedman appeared telephonically for non-party Coty, Inc.

At the hearing, the Court found that:

1. As for plaintiffs' Motion to Compel Additional Supplemental Responses, ECF No. 377, plaintiffs argued that defendant Walmart failed to provide adequate responses to their requests for production as ordered by this Court in its December 18, 2019 Order, ECF No. 307. Defendant Walmart argued that the disputed requests for production were not in line with the Court's order that plaintiffs amend and narrow their requests for production. The Court now orders that:

a. Defendant Walmart's objections to the following requests for production are SUSTAINED: Request No.'s: 64, 65, 70, and 71; and accordingly, no further response as to those Requests shall be required of defendant Walmart.

b. As to request for production No. 72, defendant Walmart shall provide a supplemental response clarifying Walmart's position as to the status of any documents or things known to have been destroyed relating to plaintiffs' products at issue in this action. That Supplemental Response shall be provided within 20 days of this Order.

2. As for plaintiffs' Motion to Enforce Depositions, ECF No. 381, plaintiffs argued that non-party witnesses Ms. Helfrich and Robin Foshee failed to appear for their depositions and violated both properly served subpoenas and this Court's previous Order, ECF No. 360.

---

[1] Ms. Helfrich is referred to as "Jennifer, Jeanne, and Jeannie" throughout the Joint Statement, ECF No. 393. This Court's Order applies to the Ms. Helfrich who has been identified as the "Qualified Witness of Walgreen Co." See id. at 55.

Defendant Walmart and non-parties contend that the very same Order barred plaintiffs from taking either deposition. The Court now orders that:

       a. By March 6, 2020, plaintiffs shall provide written notice to all parties and effected deponents confirming which previously served deposition notices are withdrawn, such that the total number of noticed depositions, completed and pending, shall not exceed the 18 depositions previously authorized by Court Order. Plaintiff has represented to the Court that 14 of the subject depositions have been completed to date, and that six notices are currently outstanding. On or before March 6, 2020, plaintiff shall provide written notice of the withdrawal of two of the currently noticed depositions, such that only four depositions shall remain pending;

       b. Should plaintiffs' election as to the four remaining depositions include Ms. Helfrich and/or Robin Foshee, plaintiff's counsel shall meet and confer with deponents' counsel to coordinate the depositions of Ms. Helfrich and/or Robin Foshee;

       c. The remaining four depositions shall be taken on or before March 31, 2020; and

       d. All properly served deposition subpoenas shall be honored and enforced.

       3. As for Onyx's Motion to Quash, ECF No. 381, Onyx argues that plaintiffs delayed in coordinating and seeking deposition. Plaintiffs contend they coordinated with Onyx in good faith and diligently attempted to take a deposition before the Court order discovery deadline, February 15, 2020. The Court now orders that:

       a. Plaintiffs shall coordinate with Onyx's counsel to complete a deposition in accordance with Federal Rule of Civil Procedure 30(b)(6); and

       b. Such deposition shall be taken on or before March 31, 2020.

IT IS SO ORDERED:

Dated:  March 5, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE