**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARIDAN STILES, et al., | No. 2:14-CV-2234-KJM-DMC |
| Plaintiffs, | |
| v. | ORDER |
| WALMART INC., et al., | |
| Defendants. | |
| AND RELATED ACTIONS | |

Plaintiffs, who are proceeding with retained counsel, bring this civil action. Pending before the Court is plaintiffs' motion to strike errata to the transcript of the deposition of Walmart's witness, Carmen Bauza. See ECF No. 430. The parties have filed under seal a redacted joint statement regarding the discovery dispute. See ECF No. 443. The matter was submitted on the joint statement without oral argument.

/ / /

/ / /

/ / /

/ / /

/ / /

## I. SUMMARY OF DISPUTE

On January 22, 2020, plaintiffs' counsel took the deposition of Walmart witness Carmen Bauza, a former Walmart Senior Vice President.  See ECF No. 443, pg. 6.  On February 20, 2020, Walmart's counsel provided plaintiffs' counsel an errata sheet completed by Ms. Bauza following her review of the deposition transcript.  See id. at 8; see also errata sheet at ECF Nos. 443-2 (Terzian declaration, Exhibit 2) and 443-7 (Merryman declaration, Exhibit 2).  At issue are two of the changes made by Ms. Bauza:

| Location | Question | Original Answer | Changed Answer |
|---|---|---|---|
| 185:15-16 | Do you recall if there were any other bikini razors in Department 46? | I do not.  Until I read the Noxzema that you pointed out earlier. | There were not. |
| 192:2 | Do you know if the category advisors had any Walmart data that was not available to all suppliers? | Only to Retail Link. | Data available to all suppliers on Retail Link. |

See ECF No. 443, pgs. 8-9; see also excerpts of deposition transcript at ECF Nos. 443-2 (Terzian declaration, Exhibit 1) and 443-6 (Merryman declaration, Exhibit 1); see also errata sheet at ECF Nos. 443-2 and 443-7.

Plaintiffs contend these changes violate the proscription in Federal Rule of Civil Procedure 30(e) on contradictory changes.  See ECF No. 443, pgs. 12-14.  Walmart argues Rule 30(e) places no such limitation and, even if it did, Ms. Bauza's changes were permissible clarifications and not contradictions to her original testimony.  See id. at 14-20.

/ / /
/ / /
/ / /
/ / /
/ / /

## II. DISCUSSION

Rule 30(e) provides that a deponent must be permitted an opportunity to review their deposition transcript and "if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them." Fed. R. Civ. P. 30(e)(a)(B) (emphasis added). Citing City of Merced v. Fields, 997 F. Supp. 1326, 1337 (E. Dist. Cal. 1998), Walmart argues the plain language of the rule places no limitation on changes a deponent may make, the inquiry should end, and plaintiffs' motion should be denied. Plaintiffs rely on Hambleton Brothers Lumber Co. v. Balkin Enterprises, 397 F.3d 1217 (9th Cir. 2005), as well as several cases from this and other districts applying or citing Hambleton, in support of their position that Rule 30(e) contains a prohibition on substantive changes. See ECF No. 443, pgs. 12-14.

In Hambleton, the Ninth Circuit considered the district court's grant of summary judgment in favor of defendant Ballinger. See 397 F.3d at 1222. The appellate court also considered whether the district court abused its discretion in granting Ballinger's motion to strike two documents offered by the plaintiff. See id. Writing for the court, Judge Gould outlined the following facts as to the second issue:

> On February 1, 2002, after the summary judgment motion was filed, Hambleton Brothers submitted corrections to the deposition of James Hambleton. The corrections expanded upon and rewrote portions of James Hambleton's deposition testimony, including for the first time new accusations implicating defendant Ballinger. On May 17, 2002, Hambleton Brothers submitted a declaration from Dale Kinsey. Ballinger moved to strike both documents.

Id. at 1223.

In deciding whether the district court abused its discretion in granting Ballinger's motion to strike, the Ninth Circuit began is analysis with the language of Rule 30(e). See id. at 1224. The court concluded the district court had not abused its discretion because the plaintiff failed to comply with the procedural requirements of the rule. See id. at 1226. In the context of discussing Rule 30(e)'s procedural requirement that an errata be accompanied by a statement of reasons explaining the changes, the appellate court considered the district court's analysis of the substance of the changes offered. See id. at 1224-25. Doing so, the court cited its and other circuits' rulings applying the "sham affidavit doctrine" and stated: "We agree with our sister

3

1  circuits' interpretation of FRCP 30(e) on this point, and hold that Rule 30(e) is to be used for
2  corrective, and not contradictory, changes." Id. at 1225-26.

3  While this statement in Hambleton may be considered dicta because it was not
4  essential to the court's conclusion, it has nonetheless been followed by judges in this district as
5  the rule. See e.g. Chamberlain v. Les Schwab Tire Center of Cal., Inc., 2012 WL 6020103, at *7
6  (E. Dist. Cal. Dec. 3, 2012); Greer v. Pac. Ga. & Elec. Co., 2017 WL 2389567, at *4 (E. Dist.
7  Cal. June 1, 2017).  Hambleton has also been cited by courts in the Southern District of California
8  as setting forth a rule against contradictory changes to deposition transcripts. See e.g. Moriarty v.
9  Am. Gen. Life Ins. Co., 2018 WL 4628365, at *5 (S. Dist. Cal. Sept. 27, 2018); Tourgman v.
10 Collins Fin. Servs., Inc., 2010 WL 4817990, at *2 (S. Dist. Cal. Nov. 22, 2010).

11 According to Walmart, the plain language of Rule 30(e) permits any and all
12 changes to substance without challenge and that the Court's inquiry should end there even if
13 changes are contradictory.  This position is unpersuasive because not all changes in substance are
14 in fact contradictory.  Some can be for clarification by adding substance, subtracting substance, or
15 changing substance.  The plain language of the rule allowing for changes in substance does not
16 foreclose an inquiry into whether substantive changes are impermissible because they are
17 contradictory.  Indeed, such an inquiry under Rule 30(e) has been conducted by numerous courts
18 in this circuit since Hambleton was decided.

19 In this case, the first change made by Ms. Bauza contradicts her original
20 testimony.  As to whether Ms. Bauza recalled at the time of her deposition whether there were
21 any other bikini razors in Department 46, Ms. Bauza originally answered that she did not.  In her
22 errata sheet, Ms. Bauza changed this testimony to indicate that there were not, in fact, any other
23 bikini razors in Department 46.  The change to "yes, I do recall, and there were none" does not
24 contradict "I do not recall."  Rather, it clarifies and corrects a lack of recollection at the time of
25 the question.

26 However, if the new, more substantive later response does in fact include a
27 material recollection previously not provided at the time of the deposition, Ms. Bauza may, at the
28 time of trial, be subject to cross examination and impeachment on the issue of these differing

responses. Assuming it is material to this litigation that either (1) there were no other bikini razors in Department 46, or (2) that Ms. Bauza was initially claimed to be unaware of that fact but subsequently recalled it at some point following the deposition, those issues can be addressed on impeachment and ultimately weighed by the jury.

The second change is not clearly contradictory.  Ms. Bauza was asked whether she knew if category advisors had any Walmart data that was not available to all suppliers.  Ms. Bauza originally answered "Only to Retail Link."  Ms. Bauza changed this answer to state that Walmart data was available to all suppliers via Retail Link.  Ms. Bauza's initial answer suggested the possibility that Walmart data was only available via Retail Link.  It also suggested the possibility that Walmart data was available to all suppliers via Retail Link.  The changed answer could fairly be seen as clarifying any ambiguity in this regard.  It should be noted that, even though the answer was ambiguous, the deposition transcript reflects no effort to clarify Ms. Bauza's response.   This errata will not be stricken.

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to strike (ECF No. 430) is denied as outlined above.

Dated:  May 26, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE