1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SHARIDAN STILES, an individual,          No.  2:14-cv-02234--KJM-DMC
     STILES 4 U, INC, a California
12   Corporation,

13                    Plaintiff,               ORDER

14        v.

15   WAL-MART STORES, Inc., AMERICAN
     INTERNATIONAL INDUSTRIES, Inc.,
16   and DOES 1-100,

17                    Defendants.

18

19
              Defendant American International Industries ("AI") requests the court seal
20
     Exhibits 33, 63, 64 and 65 and excerpts of the deposition of Sharidan Stiles filed in support of
21
     AI's Motion for Summary Judgment.  Not. Req. to Seal, ECF No. 475.  For the following
22
     reasons, the court DENIES defendant's request.
23
              "[T]he courts of this country recognize a general right to inspect and copy public
24
     records and documents, including judicial records and documents."  *Nixon v. Warner*
25
     *Communications*, 435 U.S. 589, 597 (1978).  While "the right to inspect and copy judicial records
26
     is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect
27
     against "'gratif[ication of] private spite or promot[ion of] public scandal,'" or to preclude court
28
                                              1

1   dockets from becoming "reservoirs of libelous statements," or "sources of business information

2   that might harm a litigant's competitive standing."  *Id.* at 598.  As the Ninth Circuit instructs, a

3   "strong presumption in favor of access" to the record governs in a court of law unless the case or

4   a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with

5   secrecy allowed for good reasons.  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135

6   (9th Cir. 2003).  "Those who seek to maintain the secrecy of documents attached to dispositive

7   motions must meet the high threshold of showing that 'compelling reasons' support secrecy."

8   *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*,

9   331 F.3d at 1136).  The compelling-reasons standard applies even if contents of the dispositive

10  motion or its attachments have previously been filed under seal or are covered by a generalized

11  protective order, including a discovery phase protective order.  *See Foltz*, 331 F.3d at 1136.

12        Defendant relies exclusively on the fact the documents in question were identified

13  as confidential based on the parties' discovery protective order, which was approved by the court.

14  ECF No. 178.  As explained above, without more, this is insufficient for the court even to find

15  good cause to seal the documents, especially given the "strong presumption in favor of access" to

16  the record.  *See Foltz*, 331 F.3d at 1135.  Accordingly, the request to redact and seal documents is

17  hereby DENIED without prejudice to a renewed motion containing a more developed explanation

18  of defendant's need for sealing.

19        Plaintiffs' Motion for Partial Summary Judgment may remain on the public docket

20  as is, with placeholder exhibits attached.  ECF No. 473.

21        This order resolves ECF No. 474.

22        IT IS SO ORDERED.

23   DATED:  June 15, 2020.

24

25   _____
     CHIEF UNITED STATES DISTRICT JUDGE
26

27

28