1
2
3
4
5
6
7
8        **IN THE UNITED STATES DISTRICT COURT**
9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

11 SHARIDAN STILES, et al.,      No.  2:14-CV-2234-KJM-DMC

12       Plaintiffs,

13    v.

14 WALMART, INC., et al.,

15       Defendants.

16

17 AMERICAN INTERNATIONAL    No.  2:19-CV-1218-KJM-DMC
INDUSTRIES,

18       Plaintiff,

19    v.

20 SHARIDAN STILES,

21       Defendant.

22

23 SHARIDAN STILES,      No.  2:19-CV-2144-KJM-DMC

24       Plaintiff,

25    v.

26 TARGET CORPORATION,

27       Defendant.

28

     1

1 | SHARIDAN STILES,                    No.  2:19-CV-2145-KJM-DMC

2 |         Plaintiff,

3 |      v.

4 | CVS PHARMACY, INC.,

5 |         Defendant.

6 |

7 | SHARIDAN STILES,                    No.  2:19-CV-2146-KJM-DMC

8 |         Plaintiff,

9 |      v.

10 | WAL-MART STORES, INC.,

11 |         Defendant.

12 |

13 | <u>ORDER</u>

14 |

15 |      Pending before the Court in these related actions are various applications for leave

16 | to withdraw filed by counsel for Sharidan Stiles and Stiles 4 U, Inc.

17 |

18 | **I.  BACKGROUND**

19 |      Plaintiffs in this case have been represented by numerous counsel.  Counsel began

20 | to withdraw in mid-April 2020.  On April 15, 2020, Erick Kuylman, Esq., with Pierce,

21 | Bainbridge, Beck, Price & Hecht LLP (PBBP&H), filed a notice of withdrawal.  <u>See e.g.</u> ECF

22 | No. 436 in case no. 2:14-CV-2234-KJM-DMC.  On April 16, 2020, Andrew Williamson, Esq.,

23 | and Daniel Dubin, Esq., both also with PBBP&H, filed a notice of withdrawal.  <u>See e.g.</u> ECF No.

24 | 437 in case no. 2:14-CV-2234-KJM-DMC.  On May 21, 2020, Dan Terzian, Esq., apparently

25 | formerly with PBBP&H, filed a notice of withdrawal.  <u>See e.g.</u> ECF No. 449 in case no. 2:14-CV-

26 | 2234-KJM-DMC.  On May 22, 2020, John. M. Pierce, Esq., with PBBP&H, filed a notice of

27 | withdrawal.  <u>See e.g.</u> ECF No. 450 in case no. 2:14-CV-2234-KJM-DMC.  This notice was

28 | replaced with the pending application filed by PBBP&H.  Also on May 22, 2020, plaintiffs'

counsel at the Dhillon Law Group (DLG) filed their pending application for leave to withdraw, which was amended by subsequent filing on May 26, 2020.

Specifically, the following applications are now pending:

Applications filed in Case No. 2:14-CV-2234-KJM-DMC

| | | |
|---|---|---|
| ECF No. 451 | Dhillon Law Group (DLG) ex parte application for leave to withdraw and for stay of proceedings. | |
| | No hearing date noticed. | |
| ECF No. 452 | DLG amended ex parte application for leave to withdraw and for stay of proceedings. | |
| | No hearing date noticed. | |
| ECF No. 453 | Pierce, Bainbridge, Beck, Price & Hecht LLP (PBBP&H) ex parte application for leave to withdraw and for stay of proceedings. | |
| | Noticed for hearing before District Judge on June 26, 2020. | |
| ECF No. 469 | DLG ex parte application for in camera proceedings on applications for leave to withdraw. | |

Applications Filed in Case No. 2:19-CV-1218-KJM-DMC

| | | |
|---|---|---|
| ECF No. 42 | PBBP&H ex parte application for leave to withdraw and for stay of proceedings. | |
| | Noticed for hearing before District Judge on June 26, 2020. | |
| ECF No. 43 | DLG ex parte application for leave to withdraw and for stay of proceedings. | |
| | No hearing date noticed. | |

Applications Filed in Case No. 2:19-CV-2144-KJM-DMC

| | | |
|---|---|---|
| ECF No. 35 | DLG ex parte application for leave to withdraw and for stay of proceedings. | |
| | No hearing date noticed. | |
| ECF No. 36 | DLG amended ex parte application for leave to withdraw and for stay of proceedings. | |
| | No hearing date noticed. | |

/ / /

| | | |
|---|---|---|
| | ECF No. 37 | PBBP&H ex parte application for leave to withdraw and for stay of proceedings. |
| | | Noticed for hearing before District Judge on June 26, 2020. |

<u>Application Filed in Case No. 2:19-CV-2145-KJM-DMC</u>

| | | |
|---|---|---|
| | ECF No. 31 | PBBP&H ex parte application for leave to withdraw and for stay of proceedings. |
| | | Noticed for hearing before District Judge on June 26, 2020. |

<u>Applications Filed in Case No. 2:19-CV-2146-KJM-DMC</u>

| | | |
|---|---|---|
| | ECF No. 42 | DLG ex parte application for leave to withdraw and for stay of proceedings. |
| | | No hearing date noticed. |
| | ECF No. 43 | DLG amended ex parte application for leave to withdraw and for stay of proceedings. |
| | | No hearing date noticed. |
| | ECF No. 44 | PBBP&H ex parte application for leave to withdraw and for stay of proceedings. |
| | | Noticed for hearing before District Judge on June 26, 2020. |

While DLG did not file a written application for leave to withdraw in case no. 2:19-CV-2145-KJM-DMC, the Court accepted counsel's oral motion made at the time of the hearing.

These matters have been referred to the undersigned and dates before the District Judge have been vacated.  <u>See</u> ECF No. 456 in case no. 2:14-CV-2234-KJM-DMC (minute order), ECF No. 45 is case no. 2:19-CV-1218-KJM-DMC (minute order), ECF No. 38 in case no. 19-CV-2144-KJM-DMC (minute order), ECF no. 32 in case no. 2:19-CV-2145-KJM-DMC (minute order), and ECF No. 46 in case no. 2:19-CV-2146-KJM-DMC (minute order).  The parties appeared before the undersigned on June 23, 2020, at 10:00 a.m. for a telephonic hearing on the pending applications.  The following appeared for plaintiffs: John Pierce, Esq., Harmeet Dhillon, Esq., David Hecht, Esq., and Nitoj Sing., Esq.  The following appeared for various defendants: Bryan Merryman, Esq., Eric Engel, Esq., Zachary Page, Esq., and Catherine

4

1  Simonsen, Esq.  Plaintiff Sharidan Stiles also appeared.

2

3                        **II.  APPLICABLE LEGAL STANDARDS**

4          If granted, the various applications would leave Sharidan Stiles and Stiles 4 U,

5  Inc., without any counsel in these actions.  Therefore, the applications are governed by Eastern

6  District of California Local Rule 182(d).  That rule provides:

7          Unless otherwise provided herein, an attorney who has appeared
           may not withdraw leaving the client <u>in propria persona</u> without leave of
8          court upon noticed motion and notice to the client and all other parties
           who have appeared.  The attorney shall provide an affidavit stating the
9          current or last known address or addresses of the client and the efforts
           made to notify the client of the motion to withdraw.  Withdrawal as
10         attorney is governed by the Rules of Professional Conduct of the State Bar
           of California, and the attorney shall conform to the requirements of those
11         Rules.  The authority and duty of the attorney of record shall continue
           until relieved by order of the Court issued hereunder.  Leave to withdraw
12         may be granted subject to such appropriate conditions as the Court deems
           fit.
13
           <u>Id.</u>
14

15         The California Rules of Professional Conduct provide that if the rules of a court

16 require permission for an attorney to withdraw, the attorney may not withdraw from employment

17 in a proceeding without the permission of such court. <u>See</u> Cal. R. Prof. Conduct 1.16(c). In

18 addition, counsel must take reasonable steps to avoid prejudicing the rights of the client,

19 including providing notice, allowing time for the client to employ other counsel, and complying

20 with applicable laws and rules. <u>See</u> Cal. R. Prof. Conduct 1.16(d). Mandatory withdrawal is

21 required where the lawyer knows or reasonably should know that the client "is bringing an action,

22 conducting a defense, asserting a position in litigation, or taking an appeal, without probable

23 cause and for the purpose of harassing or maliciously injuring any person;" "the representation

24 will result in violation of these rules or of the State Bar Act;" "the lawyer's mental or physical

25 condition renders it unreasonably difficult to carry out the representation effectively; or the client

26 discharges the lawyer." Cal. R. Prof. Conduct 1.16(a).

27 / / /

28 / / /

5

1          Grounds for permissive withdrawal exist when "the client by other conduct renders

2    it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. R. Prof.

3    Conduct 1.16(b)(4).

4          This Court's Local Rules require counsel seeking leave to withdraw to "provide an

5    affidavit stating the current or last known address or addresses of the client and the efforts made

6    to notify the client of the motion to withdraw" where withdrawal would leave the client pro

7    se. See L.R. 182(d). Likewise, California's Rules of Court require notice of a motion to

8    withdrawal to be served on the client and other parties who have appeared in the action. See Cal.

9    R. Court 3.1362(d).

10          It is within the Court's discretion whether to grant withdrawal.  See Washington v.

11   Sherwin Real Estate, Inc., 694 F.2d 1081, 1087 (7th Cir. 1982); L.S. ex rel. R.S., 2012 U.S. Dist.

12   LEXIS 109707, 2012 WL 3236743, at *2 (citing Canandaigua Wine Co., Inc. v. Moldauer, No.

13   1:02-CV-06599, 2009 U.S. Dist. LEXIS 4238, at *2 (E.D. Cal. Jan. 13, 2009)). "Factors the Court

14   may consider include: (1) the reasons for withdrawal, (2) prejudice that may be caused to other

15   litigants, (3) harm caused to the administration of justice, and (4) delay to the resolution of the

16   case caused by withdrawal." L.S. ex rel. R.S., 2012 U.S. Dist. LEXIS 109707, 2012 WL

17   3236743, at *2 (citing Canandaigua, 2009 U.S. Dist. LEXIS 4238, at *4); accord Kassab v. San

18   Diego Police Dep't, No. 07CV1071 WQH WMC, 2008 U.S. Dist. LEXIS 111663, 2008 WL

19   251935, at *1 (S.D. Cal. Jan. 29, 2008).  Additionally, "[l]eave to withdraw may be granted

20   subject to such appropriate conditions as the Court deems fit." L.R. 182(d).

21

22                          **III.  DISCUSSION**

23        A.    **Applications Filed by PBBP&H**

24          The withdrawal of all remaining counsel with PBBP&H as attorneys of record for

25   plaintiffs was accomplished with notices of withdrawal, filed on May 22, 2020, in each of the

26   related cases.  According to counsel for PBBP&H, the notices of withdrawal were prompted by

27   plaintiffs' termination of PBBP&H.  It is unclear why counsel with PBBP&H subsequently filed

28   an application for leave to withdraw.  Such an application is not necessary because, at the time of

                                          6

1  the notice of withdrawal filed by PBBP&H, DLG was still counsel of record for plaintiff and, as

2  such, the PBBP&H notice would not have left plaintiffs pro se.  See L.R. 182(d).  The

3  applications filed by PBBP&H, while unnecessary, are nonetheless granted as appropriate

4  mandatory withdrawal following discharge by the client. Cal. R. Prof. Conduct 1.16 (a).

5          **B.**     **Applications Filed by DLG**

6          At the time counsel with DLG filed their applications for leave to withdraw,

7  notices of withdrawal had been filed by counsel for PBBP&H.  Thus, because withdrawal of DLG

8  counsel would leave plaintiffs pro se, leave of Court is required.  See id.  Procedurally, the DLG

9  applications are in compliance with the rules.  Specifically, the applications have been served on

10 the clients.  Further, plaintiff has been served with the Court's June 5, 2020, setting the matters

11 for hearing.

12         In her declaration in support of the DLG applications, Harmeet K. Dhillon. Esq.,

13 states: "In, at least, early-May 2020, circumstances arose that sanctioned the Dhillon Law Group

14 Inc.'s ("DLG") withdrawal pursuant to the mandatory and/or permissive provisions of Cal. R.

15 Prof. Conduct, Rule 1.16."  ECF No. 451-1 in case no. 2:14-CV-2234-KJM-DMC (Dhillon

16 declaration).   At the hearing, Ms. Dhillon provided sufficient explanation to allow the Court to

17 determine that withdrawal was appropriate.  Counsel's showing of good cause for withdrawal was

18 supported by statements offered by Ms. Stiles.

19

20                          **IV.  CONCLUSION**

21         Accordingly, IT IS HEREBY ORDERED that;

22         1.     The applications filed by Pierce, Bainbridge, Beck, Price & Hecht LLP,

23 ECF No. 453 in case no. 2:14-CV-2234-KJM-DMC, ECF No. 42 in case no. 2:19-CV-1218-

24 KJM-DMC, ECF No. 37 in case no. 2:19-V-2144-KJM-DMC, CF No. 31 in case no. 2:19-CV-

25 2145-KJM-DMC, and ECF No. 44 in case no. 2:19-CV-2146-KJM-DMC, are granted.

26         2.     The withdrawal of counsel with Pierce, Bainbridge, Beck, Price & Hecht

27 LLP, was accomplished by way of properly filed notices of withdrawal;

28 / / /

                                          7

1          3.       The applications filed by the Dhillon Law Group, ECF Nos. 451 and 452 in

2  case no. 2:14-CV-2234-KJM-DMC, ECF No. 43 in case no. 2:19-CV-1218-KJM-DMC, ECF

3  Nos. 35 and 36 in case no. 2:19-CV-2144-KJM-DMC, ECF Nos. 42 and 43 in case no. 2:19-CV-

4  2146-KJM-DMC, and by oral motion in case no. 2:19-CV-2145-KJM-DMC, are granted;

5          4.       The application by the Dhillon Law Group for in camera review, ECF No.

6  469 in case no. 2:14-CV-2234-KJM-DMC, is denied;

7          5.       Proceedings in these related matters not already stayed are stayed until

8  September 18, 2020;

9          6.       Counsels' withdrawal granted herein shall be effective on September 18,

10  2020, or upon the filing of a substitution of counsel by plaintiffs, whichever occurs first;

11          7.       These matters are set for a status conference before the undersigned in

12  Redding, California, on August 19, 2020, at 10:00 a.m., with all counsel directed to appear

13  telephonically and with plaintiffs' counsel arranging for Ms. Stiles' telephonic participation; and

14          8.       The Court authorizes Ms. Stiles to file a pro se request for a copy of the

15  transcript of the June 23, 2020, hearing and any such other hearings as may be held through

16  September 18, 2020, including but not limited to the status conference set for August 19, 2020.

17

18

19  Dated:  July 13, 2020

20                                              DENNIS M. COTA

21                                              UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28