UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, et al., | No. 2:14-cv-02234-DAD-DMC |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFFS' REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S MARCH 30, 2022 ORDER AND DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S NOVEMBER 8, 2022 ORDER |
| WALMART, INC., et al., | |
| Defendants. | |
| | (Doc. Nos. 580, 590) |

**INTRODUCTION**

This matter is before the court on plaintiffs' motion for reconsideration of the court's November 8, 2022 order granting in part defendants' motions for partial summary judgment. (Doc. No. 590.) On January 12, 2023, defendants filed an opposition to the pending motion, and on January 24, 2023, plaintiffs filed a reply thereto. (Doc. Nos. 595, 596.) On January 25, 2023, plaintiffs' motion for reconsideration was taken under submission on the papers. (Doc. No. 597.) For the reasons explained below, the court will deny plaintiffs' motion for reconsideration of the undersigned's November 8, 2022 order.

In the pending motion, plaintiffs also request that the court grant them leave to depose non-party Procter & Gamble ("P&G") (Doc. No. 590 at 5, 21)—a request that plaintiffs previously made on January 20, 2022 (Doc. No. 560) and that the assigned magistrate judge

1

1   denied on March 30, 2022.  (Doc. No. 578) (noting that the deadline to depose P&G was May 22,
2   2020 and plaintiffs had failed to demonstrate good cause to reopen discovery, which had closed
3   nearly two years prior).  On April 13, 2022, plaintiffs filed "objections" to the magistrate judge's
4   March 30, 2022 order pursuant to Rule 72 of the Federal Rules of Civil Procedure (Doc. No.
5   580), which the court will construe as a request for reconsideration brought pursuant to Local
6   Rule 303.[1]  On April 20, 2022, defendants filed a response to plaintiffs' pending request.  For the
7   reasons explained below, the court will also deny plaintiffs' request for reconsideration of the
8   magistrate judge's March 30, 2022 order.

9         The court will not summarize the background of this case in this order and instead
10  incorporates by reference the background section in the court's November 8, 2022 order granting
11  partial summary judgment in favor of defendants.  (Doc. No. 588 at 2–7.)  The court will
12  summarize additional procedural background, where relevant, in the analysis below.  The court
13  will first address plaintiff's request for reconsideration, followed by plaintiff's motion for
14  reconsideration.

15  **DISCUSSION**

16  **A.      Request for Reconsideration of the Magistrate Judge's March 30, 2022 Order**

17        1.      <u>Legal Standard</u>

18        Federal Rule of Civil Procedure 72(a) provides that non-dispositive pretrial matters may
19  be referred to and decided by a magistrate judge, subject to review by the assigned district judge.
20  Fed. R. Civ. P. 72 (a); *see also* L.R. 303(c).  The district judge shall modify or set aside any part
21  of the magistrate judge's order which is "found to be clearly erroneous or contrary to law."  L.R.
22  303(f); *see also* 28 U.S.C. § 636(b)(1)(A).  Discovery motions are non-dispositive pretrial
23  motions which come within the scope of Rule 72(a) and 28 U.S.C. § 636(b)(1)(A).  Thus, the
24  orders of a magistrate judge addressing discovery motions are subject to the "clearly erroneous or
25  contrary to law" standard of review.  *Rockwell Intern., Inc. v. Pos-A-Traction Indus., Inc.*, 712

26

---

27  [1] Plaintiffs did not comply with Local Rule 303, which requires a party seeking reconsideration of a magistrate judge's ruling to caption such filing, "Request for Reconsideration by the District
28  Court of Magistrate Judge's Ruling."  L.R. 303(c).

F.2d 1324, 1325 (9th Cir. 1983). The magistrate judge's factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-cv-00156-LJO-MJS, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). Pursuant to Local Rule 303, the party seeking reconsideration must "specifically designate the ruling, or part thereof, objected to and the basis for that objection." L.R. 303(c).

Further, the Ninth Circuit has noted the "district court is given broad discretion in supervising the pretrial phase of litigation." *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). "District courts have inherent power to control their dockets" up to and including dismissal of a matter. *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992) (citing *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990)). This clearly includes the ability of a district court to enforce scheduling orders.[2]

/////

---

[2] The scheduling order "controls the course of the action" unless modified by the court. Fed. R. Civ. P. 16(d). Orders entered before the final pretrial conference may be modified only upon a showing of "good cause." Fed. R. Civ. P. 16(b); *see also Johnson*, 975 F.2d at 608. Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. If the moving party was not diligent, the court's inquiry should end. *Id*.; *see also Sutter Davis Hospital v. United States*, No. 2:12-cv-2407-WBS-GGH, 2014 WL 28817, at *1 (E.D. Cal. Jan. 2, 2014).

2. <u>Relevant Background</u>

As summarized in the magistrate judge's March 30, 2022 order that plaintiffs now challenge, fact discovery in this case closed back on February 15, 2020, but the court thereafter adopted the parties' stipulations to extend only the deadline for plaintiffs to take the deposition of P&G's Rule 30(b)(6) witness to May 20, 2022. (*See* Doc. No. 578 at 2.) In the meantime, P&G had moved to quash plaintiffs' deposition subpoena in the U.S. District Court for the Southern District of Ohio, and that court denied P&G's motion "as to Topic 9—any information that P&G may possess regarding Stiles or any Stiles product" and ordered that the P&G deposition be taken on or before May 22, 2020. *See Sharidan Stiles, et al., v. Walmart Inc., et al*., No. 1:20-mc-00002-SJD-SKB, Doc. No. 19 at 20 (S.D. Ohio Apr. 24, 2020) (the "Ohio order"). But that court also "tie[d] the deadline to take P&G's 30(b)(6) deposition to any extension of time given by the Court in California to complete the other depositions in that case." *Id.* at 20, n.15. Nonetheless, plaintiffs did not take P&G's deposition by the May 22, 2020 deadline, and that deadline was not extended by this court at any point. Indeed, a week before that deadline, on May 15, 2020, plaintiffs' prior counsel[3] notified P&G that plaintiffs would not proceed with the deposition. (*See* Doc. No. 581 at 4) (citing Doc. No. 569-11).

---

[3] Plaintiffs have been represented in this case by numerous counsel at different times. Plaintiff Sharidan Stiles initiated this action *pro se* in 2014, then plaintiff obtained counsel (the Alioto Law Firm) in 2016, and attorney Joseph M. Alioto filed the second, third, and fourth amended complaints, all of which added Stiles 7 U, Inc. as a named plaintiff. (*See* Doc. Nos. 1, 47, 56, 117, 142.) In May 2019, plaintiffs substituted different counsel (attorneys from the Dhillon Law Group and Pierce Bainbridge LLP) in place of the Alioto Law Firm. (See Doc. Nos. 215–217.) In June 2019, an attorney from Mayer Brown LLP filed a notice of appearance on behalf of plaintiffs but that attorney was terminated two months later. (*See* Doc. Nos. 227, 268.) In March 2020, attorneys from Michael Yamamoto LLP filed notices of appearance on behalf of plaintiffs. (Doc. Nos. 411, 412.) In the months that followed, all of plaintiffs attorneys moved to withdraw as counsel of record for plaintiffs, and the court granted those motions on July 14, 2020, providing that the withdrawal shall be effective "on September 18, 2020, or upon the filing of a substitution of counsel by plaintiffs, whichever occurs first." (Doc. No. 486 at 8). Because plaintiffs did not obtain counsel by that deadline, the court ordered plaintiffs to show cause why the unrepresented corporate plaintiff Stiles 7 U, Inc. should not be dismissed. (Doc. No. 498.) In response, plaintiffs re-engaged with their original counsel, Joseph Alioto of the Alioto Law firm, who filed a notice of appearance on behalf of plaintiffs on October 14, 2020. (Doc. No. 503.) On November 5, 2020, attorney Josephine Leticia Alioto of the Veen Law Firm, PC filed a notice of appearance on behalf of plaintiffs as well. (Doc. No. 505.) Since that time, plaintiffs have remained represented by the Alioto Law Firm and the Veen Law Firm.

On May 26, 2020, plaintiffs' prior counsel filed a motion to withdraw as counsel of record for plaintiffs, which the court granted on July 14, 2020.  (Doc. No. 486 at 8.)  Plaintiffs' current counsel resumed representation of plaintiffs on October 14, 2020.  (Doc. No. 503.)  At that point, defendants had each already filed motions for partial summary judgment, but plaintiffs had not yet filed oppositions thereto, so plaintiffs filed a motion for leave to file oppositions to those motions, and the court granted that motion.  (Doc. No. 514.)  Plaintiffs filed opposition briefs and supporting papers, and plaintiff's current counsel appeared at the hearing on March 31, 2021, after which the court took the motions under submission.  (Doc. No. 541.)

On January 20, 2022, while the motions for partial summary judgment remained pending, plaintiffs filed a motion captioned:  "Motion for an Extension of Time to Take 30(b)(6) Deposition of Proctor & Gamble."  (Doc. No. 560.)  However, as the magistrate judge correctly pointed out in the March 30, 2022 order denying that motion, "[b]ecause Plaintiffs seek to obtain discovery after the close of discovery, Plaintiffs necessarily seek to re-open discovery," and thus plaintiffs' motion is governed by Rule 16 of the Federal Rules of Civil Procedure; it is not simply a request for an extension of time.  (Doc. No. 578 at 3.)  Pursuant to Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The magistrate judge concluded that plaintiffs had not demonstrated good cause to reopen discovery to take the deposition of P&G given that:  (i) discovery had long since closed; (ii) plaintiffs' motion was filed nearly twenty months after the court ordered deadline to depose P&G of May 22, 2020; (iii) plaintiffs' counsel had not sufficiently "explain[ed] why they did not discover the existence of the Ohio order until . . . October 2021," nearly a year after they resumed representing plaintiffs in this case; and (iv) dispositive motions had already been fully briefed, argued, and taken under submission.  (Doc. No. 578 at 3–4.)  In particular, the magistrate judge noted that a copy of the P&G's motion to quash the subpoena was attached as an exhibit to a filing by plaintiffs' prior counsel on January 31, 2020, and thus "[u]pon a reasonable review of the docket, Plaintiffs' current counsel would have known about the Ohio case and order when they reappeared in the action."  (*Id.* at 4.)  For this reason, the magistrate judge was not persuaded by plaintiffs' explanation that "[a]lthough the Ohio Order was issued six months before [their]

5

counsel re-appeared to represent [them], the first time the Ohio Order came to the attention of the [their current] counsel was nearly eighteen months later, on October 11, 2021." (*Id.* at 3.)

On April 13, 2022, plaintiffs filed the pending request for reconsideration of the magistrate judge's March 30, 2022 order. (Doc. No. 580.)

    3.    <u>Analysis</u>

In the pending request for reconsideration, plaintiffs first argue that the magistrate judge erred in finding that current counsel would have known about the Ohio order if they reviewed the docket when they resumed representation of plaintiffs in October 2020. (Doc. No. 580 at 14.) According to plaintiffs, this findings is "clearly erroneous" simply because the Ohio order never appeared on the docket in this case. The undersigned disagrees. The magistrate judge did not state that the Ohio order was filed on the docket in this case, but rather the magistrate judge noted that plaintiffs' counsel would have reasonably discovered the Ohio order because a copy of P&G's motion to quash was filed as an exhibit on the docket in this case. Plaintiffs next argue that the magistrate judge "misunderstood" this particular exhibit (Doc. No. 342-7) and the reason it was filed in the first place—to show that P&G "refused to produce a witness on any topic, and instead, filed a motion to quash the deposition." (Doc. No. 580 at 14.) But plaintiffs' focus on the *purpose* that prior counsel had for filing that exhibit on the docket is misplaced. Plaintiffs ignore the fact that the exhibit includes a copy of the deposition notice/subpoena and P&G's motion to quash, which clearly states the Ohio court's case number. Counsel exercising reasonable diligence would have discerned from the deposition notice the reasons that plaintiffs' prior counsel sought to depose P&G and would have inquired further as to the Ohio court's decision on the motion to quash. Notably, plaintiffs' current counsel states that they first became aware of the Ohio order on October 11, 2021, but they do not explain how they became aware of it. (E.g., perhaps counsel looked more closely at the docket in October 2021 and discovered the copy of the subpoena at that point.) Thus, without knowing how counsel became aware of the Ohio order, the court cannot conclude that such awareness could not have come much sooner.

Plaintiffs also contends that the magistrate judge "incorrectly asserted" that plaintiffs had not explained what testimony P&G "has to offer that is so essential to plaintiffs' case as to

1 overcome" prejudice to the defendants. (*Id.* at 14–15) (citing Doc. No. 578 at 4). Plaintiffs argue
2 that this assertion is incorrect because the P&G testimony is "plainly relevant." (Doc. No. 580 at
3 14.) But again, plaintiffs miss the point. Although courts consider the likelihood that the
4 requested discovery will lead to relevant evidence as a factor in determining whether to reopen
5 discovery, here the magistrate judge was focusing on the factor of prejudice to defendants. In
6 quoting the challenged assertion, plaintiffs omitted the preceding sentence, which provided
7 further context, stating: "dispositive motions have been fully briefed, argued, and taken under
8 submission by the District Judge. Re-opening discovery at this stage of the proceedings could
9 mean starting over with dispositive motions, which could in turn result in substantial prejudice to
10 Defendants in terms of time and expense." (Doc. No. 578 at 4.)

11 Lastly, plaintiffs argue that the magistrate judge unreasonably referred to their prior
12 counsels' decision not to take the P&G deposition as scheduled as a "tactical decision." (Doc No.
13 580 at 15.) Plaintiffs contend that their prior counsel "abandoned the deposition of P&G 'in light
14 of the changed circumstances since noticing,'" and those "obvious" circumstances were that prior
15 counsel was preparing to file motions to withdraw as counsel. (*Id.*) However, plaintiffs' prior
16 counsel had actually withdrawn the deposition notice to P&G, stating: "In light of the changed
17 circumstances since noticing, Stiles has elected not to proceed with the deposition." (Doc. No.
18 569-11 at 2.) As defendants noted in their opposition to plaintiffs' underlying motion to reopen
19 discovery and as they emphasize in their response to plaintiffs' pending request for
20 reconsideration, plaintiffs' prior counsel's "proceeded with the deposition of another third party,
21 Robin Foshee," even after withdrawing the deposition notice to P&G. (Doc. No. 581 at 4.)
22 Defendants argue that "plaintiffs' prior counsel thus were capable of continuing to take
23 depositions and did so, and still 'elected' not to take P&G's deposition." (*Id.*) Plaintiffs do not
24 acknowledge this fact, which clearly undercuts their contention that the changed circumstances
25 referenced were "obvious." Thus, the undersigned concludes that the magistrate judge did not
26 clearly err by referring to plaintiffs' decision not to depose P&G as a tactical decision.

27 In sum, plaintiffs have not persuaded the undersigned that the magistrate judge's March
28 30, 2022 order is clearly erroneous or contrary to law, such that the undersigned would have "a

7

definite and firm conviction that a mistake has been committed." *See Concrete Pipe & Prod. of Cal., Inc.*, 508 U.S. at 623. Accordingly, plaintiffs' request for reconsideration (Doc. No. 580) of the magistrate judge's March 30, 2022 order will be denied.

**B.     Motion for Reconsideration of November 8, 2022 Order**

On November 8, 2022, the court issued an order granting in part the motions for partial summary judgment filed by defendant Walmart, Inc. ("Walmart") (Doc. No. 457) and defendant American International Industries, Inc. (Doc. No. 473). (Doc. No. 588.) Therein, the court granted summary judgment in favor of defendants on several of plaintiffs' claims and dismissed certain claims pursuant to plaintiffs' withdrawal of those claims. (*Id.* at 37–38.) In the November 8, 2022 order, the court also denied as moot defendants' motion for reconsideration of the court's order denying their motion to dismiss plaintiffs' antitrust claims. (*Id.* at 38.)

Seven weeks later, on December 29, 2022, plaintiffs filed the pending motion for reconsideration of that order. (Doc. No. 590.)

1.     Legal Standard

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Fed. R. Civ. P. 54. In contrast, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a *final* judgment, order, or proceeding," for certain reasons. Fed. R. Civ. P. 60(b) (emphasis added).[4] Because the court's November 8, 2022 order

/////

/////

/////

/////

/////

---

[4] In their memorandum of points and authorities, plaintiffs do not refer to any particular rule of the Federal Rules of Civil Procedure under which they seek reconsideration, nor do they state the applicable legal standard. In their notice of motion, plaintiffs' state that their motion for reconsideration is made pursuant to Rule 60(b) and Local Rule 230(j). (Doc. No. 592).

granting partial summary judgment is interlocutory and not final,[5] Rule 54(b) provides the basis for possible reconsideration of that order. *See Doutherd v. Montesdeoca*, No. 2:17-cv-02225, 2021 WL 1784917, at *2 (E.D. Cal. May 5, 2021) (applying Rule 54(b) as the "proper vehicle for requesting reconsideration of the prior order" granting summary judgment to defendant because that order was interlocutory in nature, not a final judgment); *Frontier Fed. Sav. & Loan v. United States*, No. 2:89-cv-251-AAM, 1992 WL 155444, at *1 (E.D. Wash. Apr. 6, 1992) (noting that Rule 54(b) is "the analytical starting point for the reconsideration (or possible reconsideration) of an order granting or denying a motion for summary judgment (or partial summary judgment)"). The Ninth Circuit has "long recognized 'the well-established rule that a district judge always has power to modify or to overturn an interlocutory order or decision while it remains interlocutory.'" *Credit Suisse First Bos. Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963)); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.") (citation omitted).

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration does not, however, give the moving party a "second bite at the apple." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (citation omitted).

In addition, Local Rule 230(j) requires, in relevant part, that in moving for reconsideration of an order denying or granting a prior motion, a party must show "what new or different facts or

---

[5] "Orders granting partial summary judgment are, absent special circumstances, not appealable final orders under § 1291 because partial summary judgment orders do not dispose of all claims and do not end the litigation on the merits." *Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998); *see also Persistence Software, Inc. v. Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) ("Unlike an order granting judgment, however, an order granting partial summary judgment is interlocutory in nature and does not terminate the action as to all of the claims and parties.").

circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered. L.R. 230(j).

### 2. Analysis

In the pending motion for reconsideration of the November 8, 2022 order, plaintiffs argue that reconsideration is warranted because the court "overlooked and/or misapprehended" the "law of the case" as set forth in the court's order denying defendants' motion to dismiss plaintiffs' antitrust claims, and the court "overlooked and/or misapprehended" certain evidence (i.e., a December 2008 agreement between Walmart and P&G to reduce plaintiffs' product output, and an opinion by plaintiffs' patent expert that defendants' "accused razors both substantially and entirely infringe on plaintiffs' patent"). (Doc. No. 590 at 4–5.) Plaintiffs also argue that reconsideration is appropriate in that "summary judgment is premature in this case because plaintiffs did not have the opportunity to take the deposition of P&G." (*Id.* at 4.)

Notably, as defendants emphasize in their opposition to plaintiffs' motion (Doc. No. 595 at 9–11), the arguments advanced by plaintiffs simply do not address the applicable legal standard or satisfy the Local Rule's requirements with regard to motions for reconsideration. Plaintiffs do not point to any new facts or circumstances, intervening change in the law, or manifest injustice. Despite the fact that defendants highlighted this deficiency in their opposition brief, plaintiffs do not address this in their reply brief. Rather, plaintiffs' reply brief focuses on their argument that summary judgment was premature. (Doc. No. 596 at 2–3.) Plaintiffs do not rebut or otherwise respond to any of defendants' counterarguments with regard to plaintiffs' assertions that this court "overlooked and/or misapprehended" the law of the case and certain evidence. Nevertheless, the court will briefly address plaintiffs' arguments.

First, plaintiffs' law-of-the-case argument is essentially that their complaint survived dismissal because they alleged facts sufficient to state each element of their antitrust claims, and partial summary judgment should not have been granted because they produced evidence of a genuine dispute of material fact as to *one* of those elements. (Doc. No. 590 at 5–8.) Plaintiffs' argument fails. As noted by defendants, the court's order granting partial summary judgment was

based on plaintiffs' failure to produce evidence of a genuine dispute of material fact as to three other necessary elements of their antitrust claims. (Doc. No. 595 at 12.)

Second, plaintiffs' argument that the court "overlooked and/or misapprehended" certain evidence regarding plaintiffs' patent infringement claims fails because that evidence is not new; that evidence was already considered by the court in ruling on the motions for partial summary judgment. That plaintiffs may disagree with the court's evaluation of that evidence and the findings reached thereon is not a sufficient basis for reconsideration.

Third, plaintiffs' argument that partial summary judgment was premature is not well taken. Plaintiffs purport to invoke Rule 56(d) as support for their argument that because they did not have the opportunity to depose P&G, summary judgment was premature. (Doc. No. 590 at 9.) Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). However, such a "motion must be brought before the summary judgment hearing." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002); *see also Mason v. United States*, 120 F. App'x 40, 43 (9th Cir. 2005) (affirming the district court's granting of summary judgment and denying Rule 56(d) motion, which was not filed "until *after* the district court had already issued its order granting summary judgment"). Plaintiffs waited until after the court issued the order granting partial summary judgment on November 8, 2022 to raise this argument.

Even if plaintiffs' current counsel were given the benefit of the doubt with respect to their explanation that they did not learn of the Ohio order until October 2021, that still does not explain why plaintiffs did not request, at any point, that the court hold in abeyance the then-pending motions for partial summary judgment to allow time for the P&G deposition and to supplement the record. Moreover, it is odd for plaintiffs to now contend that the P&G deposition somehow plays a crucial role in their ability to oppose to the motions for partial summary judgment. When plaintiffs moved to reopen discovery to take the P&G deposition, plaintiffs had downplayed the impact of the then-pending motions, contending that because the court had not yet ruled on those

motions, there was no prejudice to defendants in reopening discovery for the P&G deposition to be taken. (Doc. No. 560 at 9.) Plaintiffs likewise downplayed the impact of those then-pending motions in their request for reconsideration, again focusing on the purported lack of prejudice to defendants, not the importance of the P&G deposition to plaintiffs' ability to meaningfully oppose those motions. At neither point had plaintiffs argued that the P&G deposition was so critical that a ruling on the then-pending motions would be premature. Thus, plaintiffs' "premature" argument fails.

In sum, none of plaintiffs' arguments provide a sufficient basis for the court to reconsider the November 8, 2022 order.[6] Accordingly, plaintiff's motion for reconsideration (Doc. No. 590) will be denied.

**CONCLUSION**

For the reasons set forth above,

1. Plaintiffs' request for reconsideration of the magistrate judge's March 30, 2022 ruling (Doc. No. 580) is denied; and

2. Plaintiffs' motion for reconsideration of the court's November 8, 2022 order (Doc. No. 590) is denied.

IT IS SO ORDERED.

Dated:  **January 27, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

---

[6] In their reply brief, plaintiffs add a new and bizarre argument that this court must order a rehearing of the motions for partial summary judgment because they have been deprived of their opportunity to be heard. (Doc. No. 596 at 3–5). Plaintiffs contend that the Federal Rules of Civil Procedure require courts to hold hearings on dispositive motions (as opposed to take motions under submissions on the papers), and that absent a hearing with oral argument by the parties, the parties are not afforded an opportunity to be "heard." (*Id.*) Plaintiffs cite no authority for this proposition, and indeed the Local Rules explicitly provide that a "motion may be submitted upon the record and briefs on file if . . . the Court so orders." L.R. 230(g). In any event, the court heard oral argument on the motions for partial summary judgment at a hearing on March 30, 2021, at which plaintiffs' current counsel appeared and argued. (Doc. No. 541.) Indeed, the official transcript from that hearing is filed on the docket in this case and is available for review, including by the undersigned. (Doc. No. 558.) Thus, plaintiffs' argument that they were not afforded an opportunity to be "heard" in opposition to the motions for partial summary judgment wholly lacks any merit.