UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WALMART, INC., et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-02234-DAD-DMC<br><br>ORDER DENYING MOTION TO CONSLIDATE CASES AND *EX PARTE* APPLICATION FILED BY DEFENDANT AMERICAN INTERNATIONAL INDUSTRIES, INC.<br><br>(Doc. Nos. 599, 600) |

　　　　This matter is before the court on the motion to consolidate cases and *ex parte* application to shorten time and modify the case schedule filed by defendant American International Industries, Inc. ("American") on March 10, 2023 and March 14, 2023, respectively. (Doc. Nos. 599, 600.) Defendant Walmart Inc. ("Walmart") informed defendant American's counsel during their meet and confer that defendant Walmart does not oppose the pending motion to consolidate cases. (*See* Doc. No. 599 at 2.) On March 17, 2023, plaintiffs Sharidan Stiles and Stiles 7 U, Inc. ("plaintiffs") filed an opposition to the pending application. (Doc. No. 602.) For the reasons explained below, the court will deny defendant American's motion and application.

　　　　In the pending motion, defendant American requests that the court consolidate this action with the related case that defendant American filed against plaintiff Sharidan Stiles on July 1, 2019, bringing a single claim for declaratory relief: *American International Industries v. Stiles*,

2:19-cv-01218-DAD-DMC ("the American Action"). (Doc. No. 599 at 2.) On October 15, 2019, the court issued on order relating the American Action and this action. (Doc. No. 276.) On April 27, 2020, the court issued an order in the American Action granting the parties' request to stay that action pending the court's decision on the then-pending dispositive motions in this action. (American Action, Doc. No. 38.) In the court's order staying the American Action, the parties were ordered to "file an updated joint status report with the court within 30 days of any decision on the dispositive motions" that were then-pending in this case. (*Id.* at 3.) The referenced dispositive motions were decided by the court in this action on November 8, 2022.[1] (Doc. No. 588.) Notably, the parties in the American Action did not file an updated joint status report as ordered by the court in its April 27, 2020 order staying that case.

Nevertheless, defendant American now seeks a court order consolidating the American Action with this action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure because the patent infringement issues in the American Action significantly overlap with the infringement issues that the court decided in its order granting partial summary judgment in this action. (Doc. No. 599 at 3–4.) Defendant American requests that the cases be consolidated and that it be permitted to file a motion for summary judgment addressing the issues in the American Action, similar to the motion for partial summary judgment that the court granted in this action. (*Id.*) In their opposition to the pending motion, plaintiffs assert that defendant American's requests come "too little, too late." (Doc. No. 602 at 2.) The court agrees.

This case is scheduled for a final pretrial conference on April 4, 2023 and a jury trial on June 5, 2023. (*See* Doc. No. 588.) Pursuant to this court's Standing Order, the parties' joint pretrial statement is therefore due to be filed no later than March 28, 2023. (Doc. No. 585.) Defendant American acknowledges these upcoming dates in its pending motion and application but requests that "the current trial date and related dates be continued and that a new case schedule be set to accommodate [American's] contemplated dispositive motion." (Doc. No. 599 at 4, 12.) Defendant American's request essentially comes at the eleventh hour, on the eve of

---

[1] On August 25, 2022, this case was reassigned to the undersigned. (Doc. No. 584.)

2

1  these key pretrial dates and deadlines, and the court's granting of such request would necessarily
2  cause substantial delay in the trial of this nearly-decade-old case.  Defendant American has not
3  offered any explanation for why it waited until now to seek consolidation of the two related cases,
4  nor has it demonstrated good cause to modify the scheduling order in this action, as required by
5  Rule 16 of the Federal Rules of Civil Procedure.

6  Under these circumstances, the court will not exercise its authority under Rule 42(a) to
7  consolidate the American Action with this action.  Pursuant to Rule 42(a), "[i]f actions before the
8  court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or
9  all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to
10 avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  However, in exercising its discretion,
11 the court "weighs the saving of time and effort consolidation would produce against any
12 inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704
13 (9th Cir. 1984).  There is no doubt that consolidating the two related cases and modifying the case
14 schedule to allow for the filing of dispositive motions would necessarily cause an even more
15 significant delay in proceeding to trial in this case.  This is particularly true given the Eastern
16 District of California's overwhelming caseload, which has been well publicized, and the long-
17 standing lack of adequate judicial resources in this district, which long ago reached crisis
18 proportions.  This crisis continues to have serious implications for this court and litigants
19 appearing before it; notably, the undersigned is working through a substantial backlog of over 100
20 fully briefed, submitted motions.  In short, the court would not be able to ensure the prompt
21 resolution of any newly filed dispositive motions.

22 Accordingly, defendant American's motion to consolidate cases (Doc. No. 599) and *ex*
23 *parte* application to shorten time and modify the case schedule (Doc. No. 600) are both denied.

24 IT IS SO ORDERED.

25 Dated:   **March 20, 2023**
26                                                                       UNITED STATES DISTRICT JUDGE

27

28