Joseph M. Alioto (SBN 42680)
Tatiana V. Wallace (SBN 233939)
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA  94104
Telephone:  415-434-8900
Facsimile:  415-434-9200
Email:  jmalioto@aliotolaw.com
Email:  twallace@aliotolaw.com

Josephine L. Alioto (SBN 282989)
THE VEEN FIRM, PC
20 Haight Street
San Francisco, CA 94102
Telephone:  415-673-4800
Facsimile:  415-771-5845
Email:  j.alioto@veenfirm.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHARIDAN STILES, an individual, and STILES 4 U, INC., a California Corporation,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WALMART INC.; AMERICAN INTERNATIONAL INDUSTRIES,<br><br>　　　　　　　Defendants. | Case No.:  2:23-cv-00474-DAD-DMC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**<br><br>Date:　　　July 5, 2023<br>Time:　　　10:00am<br>Courtroom: 304, 3rd Floor<br>Judge:　　　Hon. Dennis M. Cota |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' Counsel of Record, Joseph M. Alioto and Tatiana V. Wallace of the Alioto Law Firm and Josephine Alioto of the Veen Firm (collectively, "Plaintiffs' Counsel") respectfully submit this brief in support of their Motion to Withdraw as follows:

## RELEVANT BACKGROUND

Plaintiffs Sharidan Stiles and Stiles 4U, Inc. ("Plaintiffs" or "Stiles") filed this action on September 25, 2014. ECF No. 1.  Plaintiffs retained the Alioto Firm on June 17, 2017. Following the parties' disputes over the pleadings, Plaintiffs filed the operative Fourth Amended Complaint on July 11, 2018. ECF No. 142.  In May 2019, counsel from the Dhillon Law Group Inc. and Pierce Bainbridge Beck Price & Hecht LLP replaced the Alioto Law Firm as counsel for the Plaintiffs. ECF Nos. 217, 219, 220.

On May 25 and 26, 2020, the Dhillon Law Group and Pierce Bainbridge sought leave to withdraw as counsel of record. See ECF Nos. 452, 453.  Defendants filed their respective Motions for Summary Judgment on May 29 and June 8, 2020. ECF Nos. 457, 473.  On October 14, 2020, Plaintiffs re-engaged the Alioto Law Firm as counsel for the Plaintiffs. ECF No. 503.

The Alioto Law Firm, on behalf of the Plaintiffs, filed a Motion for Leave to File Oppositions to Defendants' Motions for Summary Judgment on November 5, 2020. ECF No. 506.  The Court heard argument on the MSJs on March 30, 2021. ECF No. 541.  On November 8, 2022, the Court granted Defendants' Motions for Summary Judgment and entered judgment against the Plaintiffs on all claims on March 30, 2023. ECF Nos. 588, 608, 610.  On June 8, 2023, the Court ordered that Case No. 2:23-cv-00474-DJC-DMC related to the present action (Case No. 2:14-cv-02234-DAD-DMC) and reassigned to the Honorable

Magistrate Judge Dennis M. Cota under the new Case No. 2:23-cv-00474-DAD-DMC. ECF No. 623.

Contrary to the advice, Stiles instructed Plaintiffs' Counsel not to appeal the Court's judgment, notifying the Court and the Defendants directly of her request, and subsequently made repeated demands for Plaintiffs' Counsel to withdraw from representation. See Declaration of Joseph M. Alioto in Support of Motion to Withdraw ("Alioto Decl.") ¶¶ 5-8.

## LEGAL STANDARD

The local rules of this district require an attorney who would withdraw to obtain leave of the court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id*. California Rule of Professional Conduct 3-700 provides several grounds upon which an attorney may seek to withdraw, including where "[t]he client knowingly and freely assents to termination of the employment," Cal. R. Prof. Conduct 3-700(C)(5), and where client's conduct has "render[ed] it unreasonably difficult for the member to carry out the employment effectively," Cal. R. Prof. Conduct 3-700(C)(1)(d).

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted). District courts in this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. 11 Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL

3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

## **ARGUMENT**

Plaintiffs' Counsel respectfully submit that good cause exists to grant the Motion. Plaintiffs' Counsel and Plaintiffs have reached irreconcilable differences, causing Plaintiffs' Counsel to experience difficulty in carrying out their representation, including handling aspects of case strategy and procedure. ("Alioto Decl.") ¶¶ 5-8. Specifically, against counsel's recommendation and without providing any notice, Stiles directly communicated with counsel for the Defendants and filed numerous declarations with the Court. Moreover, contrary to counsel's advice, Stiles instructed Plaintiffs' Counsel not to appeal the Court's judgment, causing counsel and Plaintiffs to reach an impasse and maintain differing opinions and positions regarding the handling of Plaintiffs' case to the point that they have irreconcilable differences in prosecuting this case further. *Id*. In addition, Stiles has made repeated demands to be relieved of the Counsel's representation, including filing independent declarations with the Court indicating the same. *Id*. The attorney-client relationship cannot be maintained whereas here there is an irremediable breakdown in communication between plaintiff and counsel such that counsel can no longer effectively represent plaintiff. *McNally*, 2010 WL 1687657, at *1–2 (withdrawal by counsel allowed where irreconcilable differences arose between counsel and client).

As required, Plaintiffs' Counsel has provided complete contact information for Plaintiffs and served advance written and verbal notice to Plaintiffs. Alioto Decl. ¶¶ 11-12.

Furthermore, no litigant can contend that prejudice will result from the withdrawal of Plaintiffs' Counsel, nor that the withdrawal would severely harm the administration of justice or cause undue delay in this case. Judgement was already entered against Plaintiffs on all

Plaintiffs' claims.  Stiles has demonstrated her ability to retain counsel.  A short extension may be needed to allow Plaintiffs to find new representation to address the remaining case matters, but will not cause undue delay.

## CONCLUSION

In light of the foregoing reasons for withdrawal, the absence of prejudice to the Plaintiffs and other litigants, the absence of harm to the administration of justice, and the absence of undue delay, Plaintiffs' Counsel have demonstrated that withdrawal is warranted and respectfully request that this Court grant Plaintiffs' Motion.

Dated: June 9, 2023                              Respectfully submitted,

**ALIOTO LAW FIRM**

/s/ Joseph M. Alioto
Joseph M. Alioto
Tatiana V. Wallace

**THE VEEN LAW FIRM**
Josephine Alioto

*Attorneys for Plaintiffs*