UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIDAN STILES, et al., | No. 2:14-cv-02234-DAD-DMC |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFFS |
| WALMART, INC., et al., | |
| Defendants. | (Doc. No. 625) |

The matter came before the court on July 18, 2023 for a hearing on the motion to withdraw as counsel of record for plaintiffs filed on June 9, 2023. (Doc. No. 625.) Attorneys Joseph M. Alioto and Josephine Alioto appeared by video on behalf of plaintiffs, and plaintiff Sharidan Stiles appeared by video as well. Attorneys Roy Anderson and Eric S. Engel appeared by video on behalf of defendant American International Industries, Inc. ("American"), and attorney Jeremy Ostrander appeared by video on behalf of defendant Walmart, Inc. ("Walmart"). For the reasons explained below, the motion to withdraw as counsel of record for plaintiffs will be granted.

In this district, an attorney's withdrawal is governed by Local Rule 182 and the Rules of Professional Conduct of the State Bar of California ("Rules of Professional Conduct"). In this regard, Local Rule 182(d) provides:

1

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules.

L.R. 182(d). Rule 1.16 of the California Rules of Professional Conduct provides that an attorney shall withdraw from the representation of a client if the client discharges the lawyer. Cal. R. Prof. Conduct 1.16(a)(4). Rule 1.16 also provides several grounds upon which an attorney *may* seek to withdraw, including when: (i) the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively"; or (ii) "the client knowingly and freely assents to termination of the representation." Cal. R. Prof. Conduct 1.16(b)(4), (6) (emphasis added). However, representation shall not be terminated until the attorney "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

The decision to grant or deny an attorney's motion to withdraw pursuant to Rule 1.16(b) is ultimately committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 1:07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

Relevant here, with regard to plaintiff Stiles 4 U, Inc., Local Rule 183 further provides that "[a] corporation or other entity may appear only by an attorney." L.R. 183(a). "While individuals may appear *in propria persona*, corporations and other entities may appear only through an attorney; an unrepresented entity cannot file any pleadings, make or oppose any

1   motions, or present any evidence to contest liability.  *Caveman Foods, LLC v. Payne's Caveman
2   Foods, LLC*, No. 2:12-cv-01112-WBS-CKD, 2015 WL 6736801, at *2 (E.D. Cal. Nov. 4, 2015)
3   (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993)).

4         In the pending motion, plaintiffs' counsel states that plaintiff "Stiles made repeated
5   demands for plaintiffs' counsel to withdraw from representation." (Doc. No. 625 at 3.)  In
6   addition, plaintiffs' counsel states that good cause exists to permit them to withdraw from
7   representing plaintiffs because plaintiff Stiles' conduct has made continuing representation
8   difficult, causing their attorney-client relationship to break down.  (*Id.* at 4.)  For example,
9   plaintiff Stiles acted against counsel's recommendation by communicating directly with defense
10  counsel and attempting to communicate directly with the court through improper *ex parte*
11  communications sent by email to the courtroom deputy—communications which the court
12  disregarded.  (*Id.*)  Moreover, as counsel explains in the pending motion, "contrary to counsel's
13  advice, Stiles instructed Plaintiffs' Counsel not to appeal the Court's judgment, causing counsel
14  and Plaintiffs to reach an impasse and maintain differing opinions and positions regarding the
15  handling of Plaintiffs' case to the point that they have irreconcilable differences in prosecuting
16  this case further." (*Id.*)  Further, plaintiffs' counsel asserts that their withdrawal will not
17  prejudice either party nor cause undue delay in this case because judgment was already entered
18  against plaintiffs on all of plaintiffs' claims. (*Id.* at 4–5.)  Notably, the only remaining issue in
19  this case is defendant American's pending motion for an award of attorneys' fees.[1]  Attorney
20  Joseph Alioto submitted a declaration in support of the pending motion in which he states that he
21  provided written and verbal notice to plaintiffs regarding the pending motion to withdraw, and he
22  includes the contact information for plaintiff Sharidan Stiles:  2570 Harlan Drive, Redding,
23  California, 96003; Sharidan@stiles4u.com, stilesrazor@icloud.com.  (Doc. No. 625-1 at 3.)

24        At the July 18, 2023 hearing on the pending motion to withdraw, plaintiffs' counsel
25  reiterated that plaintiff Stiles had discharged them from representing her and her company, Stiles

---

[1] At the status conference held on May 23, 2023 and at the July 18, 2023 hearing, defendants American and Walmart represented to the court that they intend to voluntarily dismiss their counterclaims in this action.  (*See* Doc. Nos. 624, 628.)

4 U, Inc., in this action and in the related actions pending before the undersigned.[2]  However, at that hearing, plaintiff Stiles stated that she had not discharged her counsel and that she wished for them to continue representing her in this action and the related actions because she has no ability to represent herself or to obtain new counsel.  Attorneys Joseph Alioto and Josephine Alioto expressed surprise at plaintiff Stiles' stated position, emphasizing that there are irreconcilable differences between them on the one hand, and plaintiffs on the other, such that they could not continue to represent plaintiffs under the circumstances.  In particular, plaintiffs' counsel highlighted plaintiffs' lack of cooperation and her insistence that they not file a notice of appeal of this court's summary judgment order—despite counsel's advice and guidance regarding the importance of filing such an appeal and the consequences that would flow from failing to timely do so.  Nevertheless, in light of plaintiff Stiles' stated position at the hearing, and due to an apparent belief on attorney Joseph Alioto's part that defendants would be liable for plaintiffs' attorneys' fees if defendants followed through with their intention to dismiss their counterclaims—a belief that this court does not share—attorney Joseph Alioto suggested that counsel for all parties might be able to reach a resolution of the outstanding issues in this case without necessitating further involvement by the court.  Though skeptical, the court nonetheless stated that it would not rule on the pending motion to withdraw for ten days, i.e., no sooner than July 28, 2023.  The court invited the parties to file any further submissions for the court's consideration by that date, including specifically directing defendant American to file a supplemental brief in support of its pending motion for attorneys' fees.  (Doc. No. 628.)  Other than defendant American's supplement brief in support of its motion for attorneys' fees (Doc. No. 629), no party has filed anything else for the court's consideration.  Notably, plaintiffs have not filed any further briefing or requests, nor a substitution of counsel to replace attorneys Joseph Alioto and Josephine Alioto with new counsel.

---

[2]  Plaintiffs' counsel filed motions to withdraw as counsel of record for plaintiff Stiles in each of the related cases: *American Int'l Industries v. Stiles*, 2:19-cv-01218-DAD-DMC (Doc. No. 57); *Stiles v. Target Corporation*, 2:19-cv-02144-DAD-DMC (Doc. No. 50); *Stiles v. CVS Pharmacy Inc.*, 2:19-cv-02145-DAD-DMC (Doc. No. 44); *Stiles v. Wal-Mart Stores Inc.*, 2:19-cv-02146-DAD-DMC (Doc. No. 58).  The court will resolve those motions by issuing separate orders in each of those cases.

Having considered plaintiffs' counsel's motion, attorney Joseph Alioto's declaration, and plaintiff Stiles' position as stated at the July 18, 2023 hearing, the court finds that counsel has described sufficient grounds for withdrawal consistent with the California Rules of Professional Conduct and has complied with the Local Rules' procedural requirements for withdrawal. While the court is not unsympathetic to the challenges that plaintiffs have faced in obtaining new counsel to represent them in this action, plaintiffs have known for several months that their counsel would be seeking to withdraw as counsel in this action. Indeed, according to counsel's declaration, plaintiff Stiles had made repeated demands that they withdraw from representing her in this case and in the related cases pending in this court. Given the procedural posture of this case, the court is not willing to let this case linger on any further. Accordingly, the court will grant the pending motion to withdraw as plaintiffs' counsel (Doc. No. 617) and will set a deadline for plaintiff Stiles[3] to file an opposition to defendant American's pending motion for attorneys' fees.

For the reasons explained above,

1. Plaintiffs' counsel Joseph M. Alioto's and Josephine Alioto's motion to withdraw as counsel of record for plaintiffs (Doc. No. 625) is granted;

2. Attorneys Joseph M. Alioto and Josephine Alioto shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of any unearned fees;

3. Plaintiff Sharidan Stiles is substituted in *pro se* and is directed to comply with the court's orders and the Local Rules of this district;

4. The Clerk of the Court is directed to terminate attorney Joseph M. Alioto and Josephine Alioto as the counsel of record for plaintiffs;

/////

---

[3] As noted above, plaintiff Stiles 4 U, Inc. cannot proceed in this action without counsel. Given that the court has already entered judgment in favor of defendants on all of plaintiffs' claims (Doc. Nos. 588, 608, 610), and plaintiffs have elected not to pursue an appeal of that decision, coupled with the fact that defendants have expressed their intent to dismiss their counterclaims against plaintiffs, the procedural posture of this case suggests that no further action needs to be taken with regard to plaintiff Stiles 4 U, Inc. at this time.

5. The Clerk of the Court is directed to enter the following contact information as the address of record for plaintiff Sharidan Stiles:

>   Sharidan Stiles
>   2570 Harlan Drive
>   Redding, California, 96003
>   Sharidan@stiles4u.com, stilesrazor@icloud.com

6. Within two (2) days from the date of entry of this order, defendant American shall serve a copy of its pending motion for attorneys' fees (Doc. No. 617) and supplemental statement (Doc. No. 629) on plaintiff Stiles directly by mail and by e-mail;

7. Within twenty-one (21) days from the date of entry of this order, plaintiff Stiles shall file either an opposition to defendant American's motion for an award of attorneys' fees, or a statement of non-opposition to that motion;

8. Plaintiff Stiles is warned that her failure to timely file an opposition will be construed by the court as a non-opposition to defendant American's motion for an award of attorneys' fees and costs;

9. If plaintiff Stiles files an opposition to defendant American's motion for an award of attorneys' fees, defendant American's reply, if any, shall be filed no later than ten (10) days after service of the opposition; and

10. The Clerk of the Court is directed to serve this order on plaintiff Stiles by mail.

IT IS SO ORDERED.

Dated:   **August 2, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE