**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
*Office of the Clerk*
Robert T. Matsui United States Courthouse
501 "I" Street, Suite 4-200
Sacramento, California 95814-7300
Phone: 916-930-4000
Website: www.caed.uscourts.gov

Keith Holland
*Clerk*

Jenna Nelson
*Chief Deputy*

Divisional Office:
Angela Alvarez
*Deputy In Charge*
Robert E. Coyle
United States Courthouse
2500 Tulare Street, Room 1501
Fresno, California 93721
Phone: 559-499-5600

December 6, 2023

In re: *Sharidan Stiles v. Walmart Inc. et al., (2:14-cv-02234-DAD-DMC)*

Dear Ms. Stiles and Defense Counsel (VIA US MAIL and CM/ECF),

    I have been contacted by Magistrate Judge Dennis M. Cota, who presided over various hearings and issued rulings during the pendency of the above-mentioned case.

    Judge Cota informed me that during the pendency of this case his wife owned stock in Walmart, which stock she previously received via inheritance. The ownership of such stock neither affected nor impacted Judge Cota's decisions in this case. However, to the extent that such stock ownership by a family member has prompted recusal by Judge Cota in the other pending actions involving Ms. Stiles and Walmart, Judge Cota directed that I notify the parties of the issue as to this previously closed matter.

    Advisory Opinion No. 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

    Although Advisory Opinion No. 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

      With Advisory Opinion No. 71 in mind, you are invited to respond to Judge Cota's disclosure in this case. Should you wish to respond, please submit your response on or before January 6, 2024. Any response will be considered by another judge of this court without the participation of Judge Cota.

Sincerely,

*/s/ Keith Holland/*

Clerk of Court